**ORIGINAL**

EPARAMA MAU
A97-890-332
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143

FILED
07 OCT 19 PM 3: 22
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPRAMA MAU,<br>[A97-890-332]<br>       Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, PETER KEISLER, ACTING ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>       Respondents. | Civil Action No. 07 CV 2037 IEG (LSP)<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITIONER'S MOTION |

I.

**STATEMENT OF FACTS**

The petitioner has been ordered removed from the United States by the respondents. However, his order of removal is subject to substantive, ongoing challenge on appeal, and the Ninth Circuit has issued a stay of removal. Consequently, petitioner has endured prolonged detention lasting ~~nearly~~ three years while he awaits the outcome of his case. He is therefore seeking an order for his release from respondents' custody, authorized by recent Ninth Circuit case law.

Petitioner is a native and citizen of Fiji. He fled to the United States in March 2001, when he was twenty-one years old, following abuse and torture at the hands of the Fijian police. He was lawfully admitted on a tourist visa, but continued to reside in the United States beyond the termination of his visa. While in the

United States, petitioner worked as a security guard for two years, in Fremont, California.

Petitioner was convicted of driving under the influence and sentenced to prison. After completion of the term of imprisonment prescribed by law, he was transferred to custody of the respondents on October 5, 2004, which is the beginning of his present period of detention. On December 15, 2004, a removal hearing was held. The government proceeded solely on a charge of overstaying his visa. The immigration judge found petitioner removable and denied petitioner's applications for asylum and CAT relief based on his fear of physical harm and torture from Fijian officials if returned to his country.

Petitioner timely appealed the decision of the immigration judge to the Board of Immigration Appeals. Petitioner argued that the immigration judge had erred in denying asylum. Petitioner argued he should have been granted asylum and the order of removal must be vacated. The BIA affirmed on April 28, 2005.

Petitioner then filed a timely petition for review pro se with the Ninth Circuit Court of Appeals on May 12, 2005, in Case No. 05-72765. The same day, petitioner moved for a stay of deportation pending appeal; the government filed a notice of non-opposition to the stay on July 8, 2005. Following two extensions of time, petitioner's opening brief was filed late on November 17, 2005, but was accepted by the Court. Respondents were ordered to file their brief by January 26, 2006.

On January 20, 2006, the Government sought a two-week extension of time to file its brief. Petitioner filed an opposition to the extension on February 7, 2006. The response brief was filed on February 9, 2006. The case is now awaiting argument and submission.

Meanwhile, respondents continue to hold petitioner in custody, and his substantive due process right to liberty is improperly denied. Since petitioner's appeal raises substantive arguments challenging his order of deportation which could result in complete relief from removal, continued indefinite detention while the review process takes its course is not warranted under the recent decisions in Tijani v. Willis, 430 F.3d 1241

(9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), which held due process requires that civil detainees in petitioner's situation are entitled to release from immigration custody during the pendency of their appeals. Accordingly, petitioner has a meritorious claim for relief under § 2241 for release from detention by respondents.

Currently, petitioner has **a zero balance** in his custody trust account with zero average monthly deposits. See Prison Certificate, Form CIV-67, attached to Motion to Proceed *In Forma Pauperis*. Since he is in custody, he does not have a source of income or employment. As a result, he cannot afford to retain counsel.

Additionally, though petitioner has had some higher education in Fiji, he has had no education in this country and no legal training. See Declaration of James Fife in Support of the Petitioner's Motion, ¶¶ 15-16. Accordingly, the petitioner requests that this Court appoint the Federal Defenders of San Diego, Inc., to represent him in the instant habeas action. That office stands ready and able to assist the petitioner in this petition. See id. ¶¶ 3-6.

## II.

## ARGUMENT

### THIS COURT SHOULD APPOINT COUNSEL FOR THE PETITIONER.

Habeas corpus proceedings "are of 'fundamental importance . . . in our constitutional scheme because they directly protect our most valued rights.'" Brown v. Vasquez, 952 F.2d 1164, 1169 (9th Cir. 1991) (quoting Bounds v. Smith, 430 U.S. 817, 827 (1977)) (citations and internal quotations omitted). Consequently, federal law permits a district court to appoint counsel in a habeas proceeding under 28 U.S.C. § 2241 when the "interests of justice so require," if a petitioner has shown that he is unable to afford an attorney. 18 U.S.C. §3006A(a)(2)(B). To make this decision, this Court must "evaluate [1] the likelihood of success on the merits as well as [2] the ability of the petitioner to articulate his claims pro se in light of the

complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); accord Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997).

As is indicated below, the petitioner is highly likely to succeed on the merits of his claim, but will be unable to effectively articulate his claims through a pro se action, in light of his limited educational background. See Declaration of James Fife, ¶¶ 15-16. The petitioner cannot otherwise afford to retain counsel for the litigation of his petition for a writ of habeas corpus under 28 U.S.C. § 2241. Thus, the appointment of counsel is appropriate.

A.      **The Petitioner is Highly Likely to Succeed on the Merits of his Claim.**

The Ninth Circuit's decisions in Tijani and Nadarajah extend the Supreme Court's due process restrictions on indefinite detention laid down in Zadvydas v. Davis, 533 U.S. 678, 689 (2001), and apply them to detainees subjected to prolonged detention and whose orders of removal are on review. These cases hold that it is "constitutionally doubtful" that the detention statutes permit lengthy periods of custody pending outcome of legal challenges. Under the authority of Tijani and Nadarajah, petitioner is entitled to release on order of supervision pending resolution of his appeals.

In Tijani, the Court of Appeals reviewed a § 2241 habeas petition by a deportee who had been held in custody for 32 months awaiting the outcome of his appeals. Tijani held it was "constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." 430 F.3d at 1242. Distinguishing Demore v. Kim, 538 U.S. 510 (2003), because Tijani did not concede he was deportable, the Court ordered his release, unless he was provided with a bail hearing and found unsuitable for release under the usual factors of risk of flight or danger to the community. See id.; see Kim, 538 U.S. at 522-23. Moreover, Kim was grounded on the Supreme Court's assumption that the period of detention would be "brief," only that "necessary for his removal proceedings," which the Supreme Court estimated as roughly six weeks in duration on average, or five months if further review is sought. See

1  id.; see Kim, 538 U.S. at 522-23, 530. As Tijani's detention while awaiting outcome of his appeals far
2  exceeded these estimates of the constitutionally permitted "brief period" of detention, he was entitled to
3  release proceedings under the Zadvydas principles. See id. Thus, Tijani was entitled to release on habeas
4
5  corpus unless the government proved at a hearing before an immigration judge that the petitioner was a flight
6  risk or danger to the community. See id.
7       In Nadarajah, the Ninth Circuit considered an indefinite detainee held under suspicion of terrorist
8  affiliation. Nadarajah challenged his detention and was pursuing a claim for asylum, but the government
9
10 relied on the silence of the asylum detention statute to detain Nadarajah while this litigation proceeded. See
11 443 F.3d at 1076-78. However, the Court held that the asylum detention statute was equally subject to the
12 strictures of Zadvydas. See id. at 1082. Moreover, the Court held the principles of Fed. R. App. Proc. 23(b),
13 allowing release on bail pending appeal, apply to such immigration detentions. Id. at 1083. The usual
14
15 standards operate in such cases: (1) probability of success on merits and irreparable harm; or (2) serious legal
16 question and a balance of the hardships. Id. Moreover, the showing of probable success correspondingly
17 lessens as the length of detention increases. Id. at 1083-84. In Nadarajah, the Court found the 52 months of
18 detention were a great hardship that accordingly reduced the required showing of likelihood of success. Id.
19      Petitioner's case compares favorably with the fact situations in Tijani and Nadarajah, and therefore
20
21 he is equally entitled to consideration for release. He has been detained in the custody of respondents since
22 October 2004. He has been in custody longer than the petitioner in Tijani and nearly as long as Nadarajah.
23 Like Tijani, petitioner can point to substantial arguments regarding his deportation proceeding. His petition
24 for review in the Ninth Circuit argues that the immigration judge at his removal hearing erred in holding
25
26 petitioner was eligible for removal for sustaining a conviction for an aggravated felony. Petitioner argues that
27 his conviction for drunk driving (Cal. Veh. Code § 23153(b)), and for which he served four months in county
28 jail, is not an aggravated felony subjecting him to deportation. This renders the basis for his removal order

1 and the order itself invalid.

Balancing the factors identified in case law for release of detainees while legal challenges are pending, petitioner is entitled to release at least as much as the petitioners in <u>Tijani</u> and <u>Nadarajah</u>. He is therefore highly likely to succeed on the merits of his claims, which supports appointment of counsel.

B. **<u>The Petitioner Cannot Adequately Articulate His Claims in the Absence of Counsel, in Light of the Complexity of the Legal Issues Involved in His Petition for Habeas Relief.</u>**

To weigh the petitioner's ability to articulate his claims in the absence of counsel, a court must measure "the [petitioner]'s ability to articulate his claims against the relative complexity of the matter." <u>Rand</u>, 113 F.3d at 1525. In addition, counsel may be appointed during federal habeas proceedings if the appointment of an attorney is "necessary for the effective utilization of discovery procedures,...[or] if an evidentiary hearing is required." <u>Weygandt</u>, 718 F.2d at 954 (other internal citations omitted).[2]

As is indicated above, the instant case involves complex legal issues grounded in constitutional law, statutory interpretation, principles of jurisdiction, and administrative procedure. The relief established by <u>Tijani</u> and <u>Nadarajah</u> stem from substantive due process principles articulated in <u>Zadvydas</u> and subsequent Supreme Court cases. Although the trend in these cases is clear, the Ninth Circuit's application of <u>Zadvydas</u> and progeny to the case of detainees with substantive appeals is a recent development in this Circuit's case law. Precise articulation of the issues involved and the proper contours of relief in individual cases requires a thorough understanding of the cases and the historical development of this area of law. In short, it requires the knowledge and advocacy skills of a legal professional for proper presentation to this Court.[3]

---

[2] The Federal Defenders of San Diego, Inc. drafted the instant pleading, as well as the petition for a writ of habeas corpus. Thus, this Court cannot conclude, based upon these pleadings, that the petitioner has a firm grasp of the legal and factual issues involved in federal habeas proceedings.

[3] <u>See, e.g.</u>, Judge Hayes's Order in <u>Malcalma v. Chertoff</u>, attached to the Petition for Writ of Habeas Corpus, appointing counsel in a case raising arguments for release under <u>Tijani</u> and <u>Nadarajah</u> attached to the Declaration of James Fife.

Since the petitioner is in the custody of federal immigration officials, moreover, an analysis of immigration law is required. The Ninth Circuit has declared that "'[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the Internal Revenue Code in complexity.'" United States v. Ahumada-Aguilar, 295 F.3d 943, 950 (9th Cir. 2002) (citations and internal quotations omitted). In most cases involving immigration law, "[a] lawyer is often the only person who could thread the labyrinth.'" Id. The absence of counsel during immigration proceedings will be prejudicial when an attorney could have assisted a litigant in seeking relief under applicable immigration laws, statutes, and cases. Id. at 951-52 (prohibiting the use of a deportation order during a subsequent prosecution for illegal re-entry because the absence of counsel affected the alien's ability to ascertain his eligibility for a waiver of deportation, the viability of a claim of United States citizenship, and his ability to obtain "special permission" to return to the United States after his deportation).

The petitioner's lack of expertise in legal issues warrants the appointment of counsel. The petitioner arrived in the United States when he was 21 years old. He graduated from high school in Fiji and attended some higher education classes there. See Declaration of James Fife, ¶¶ 15-16. However, the absence of any formal legal background or training poses an obstacle to the petitioner's understanding of the issues involved in the instant proceedings, and warrants the appointment of counsel to help him obtain the relief requested in his habeas petition. See id. ¶ 16.

Additionally, the appointment of counsel may be appropriate during federal habeas proceedings if it is "necessary for the effective utilization of discovery procedures, . . . [or] if an evidentiary hearing is required." Weygandt, 718 F.2d at 954. The respondents have information and documents relevant to the petitioner's habeas petition, including information relating to his criminal history, his bail or parole history, his institutional history, the content of communications between federal immigration officials and the embassy of the petitioner's native country, and other documents relating to his detention by respondents.

The petitioner cannot effectively pursue and obtain discovery from respondents that he will need to adequately present his claims and suitability for relief without the assistance of counsel, in light of his limited education and lack of familiarity with the legal procedures involved in requesting and obtaining discovery. Moreover, the petitioner cannot adequately review and evaluate his alien registration file (hereinafter "A-file") or evaluate relevant discovery regarding the likelihood of his removal from the United States without the aid of counsel. The need for discovery, too, suggests the need for the appointment in the instant matter.

C.  **The Potential Need for an Evidentiary Hearing Warrants the Appointment of Counsel.**

Both parties may be required to present argument and evidence regarding suitability for release, and the appropriateness of specific conditions of release may be disputed. A presentation of evidence before this Court, or subsequently to an immigration judge, may be needed should the Court grant the petition conditioned on additional showings. Therefore, assistance of counsel may be necessary to litigate disputed issues of fact. See Lawson v. Borg, 60 F.3d 608, 611 (9th Cir. 1995) (requiring an evidentiary hearing to litigate contested issues of fact during federal habeas proceedings); see also Weygandt, 718 F.2d at 954 (noting that the appointment of counsel may be appropriate during federal habeas proceedings "if an evidentiary hearing is required"). The petitioner lacks a sufficient legal background to advocate for himself during a contested release hearing. See Declaration of James Fife, ¶¶ 15-16. The appointment of counsel is necessary to ensure that the petitioner's rights are adequately protected in contested habeas proceedings.

D.  **The Prison Litigation Reform Act, 28 U.S.C. § 1915, Does Not Require the Petitioner to Pay Filing Fees to Proceed with His Request for Federal Habeas Relief.**

The Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915, ordinarily requires a prisoner who "brings a civil action or files an appeal in forma pauperis" to "pay the full amount of a filing fee" and to cover subsequent court fees incurred during the litigation of the inmate's claim. 28 U.S.C. § 1915(b). In Naddi v. Hill, however, the Ninth Circuit concluded that "[a] review of the language and intent of the PLRA reveals that Congress was focused on prisoner civil rights and conditions cases, and did not intend to include habeas

proceedings in the scope of the Act." 106 F.3d 275, 277 (9th Cir. 1997). Consequently, the Ninth Circuit declined to apply the *in forma pauperis* provisions of the PLRA to habeas petitioners, and to thereby require habeas petitioners to pay full filing fees and court costs.

The petitioner in the instant case is filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with the instant motion. Since the petitioner is not filing another civil action for relief from the conditions of confinement, such as a civil suit under 42 U.S.C. § 1983, he is not required to pay the full amount and filing fees and court costs to pursue habeas relief. Therefore, this Court cannot dismiss his petition for relief, or otherwise penalize the petitioner, for his failure to pay the full amount of filing fees specified in 28 U.S.C. § 1915.

## CONCLUSION

For the foregoing reasons, the petitioner respectfully requests that this Court grant the motion for appointment of counsel in this habeas corpus action.

Respectfully submitted,

Dated: 10-17-07

EPARAMA MAU
Petitioner