ORIGINAL

EPARAMA MAU
A97-890-332
San Diego Detention Center (CCA)
P.O. Box 439049
San Ysidro, CA 92143

FILED
07 OCT 19 PM 3:23
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPARAMA MAU, [A97-890-332]<br><br>Petitioner,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, PETER KEISLER, ACTING ATTORNEY GENERAL, ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>Respondents. | Civil Action No. 07 CV 2037 IEG (LSP)<br><br>DECLARATION OF JAMES FIFE IN SUPPORT OF THE PETITIONER'S MOTIONS |

I, James Fife, declare:

1. I am an attorney duly licensed to practice law in the State of California, in the United States District Court for the Southern District of California, and in the United States Court of Appeals for the Ninth Circuit.

2. I am an employee of Federal Defenders of San Diego, Inc. Federal Defenders is ready and able to assist this petitioner in his petition for writ of habeas corpus.

3. In my capacity as an employee of Federal Defenders, I am assisting the petitioner, Eparama Mau, in securing his release from the custody of federal immigration officials, and in filing a petition for a writ of habeas corpus in the United States District Court for the Southern District of California.

///

///

4. As an employee of Federal Defenders, I monitor indefinite detainee litigation in other Ninth Circuit districts, and maintain contact with other federal defender offices and other organizations interested in immigrant rights involved with such litigation.

5. Federal Defenders of San Diego, Inc. currently assists, represents, or is preparing to initiate habeas proceedings on behalf of individuals in the Southern District of California who are non-removable aliens and continue to be detained by the Department of Homeland Security despite the expiration of the 180-day post-order removal period set forth under Zadvydas v. Davis, 533 U.S. 678, 701 (2001). In addition, Federal Defenders also represents indefinite detainees seeking release from custody pending resolution of their legal challenges to removal.

6. As of the filing of this declaration, our office represents several other detainees that have been ordered deported but remain in the detention of the respondents in violation of Zadvydas or seek release pending their appeals under Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006). By way of example, our office represents Luis Felipe Casas-Castrillon, who has been in immigration custody since August 2001, awaiting removal to Colombia and is seeking release pending the outcome of his legal challenges.

7. In light of the respondents' continued indefinite detention of deportable aliens in violation of the principles of Zadvydas, Tijani, and Nadarajah, the United States District Court for the Southern District of California has consistently appointed Federal Defenders of San Diego, Inc. to assist petitioners in their efforts to challenge their continued detention in immigration custody in violation of federal law. See Order Granting Motion for Appointment of Counsel, Casas-Castrillon v. Dept. of Homeland Security, Case No. 05CV1552-BEN (NLS) (S.D. Cal. Jan. 31, 2006) (attached hereto as Appendix A); see also Mustafa v. Chertoff et al., Case No. 07CV0480-WQH (POR) (S.D. Cal. May 1, 2007) (attached hereto as Appendix B); Order, Macalma v. Chertoff, Case No. 06CV2623-WQH (AJB) (S.D. Cal. May 22, 2007) (attached hereto as Appendix C).

8. Mr. Mau is one of several deportable aliens currently in respondents' custody in the Southern District of California whom Federal Defenders of San Diego, Inc. is assisting in challenging the lawfulness of detention under Zadvydas or Tijani/Nadarajah.

9. I have spoken and corresponded with Mr. Mau in an effort to assist him in securing his release from custody of the respondents. After conferring with Mr. Mau, I concluded that a petition for a writ of habeas corpus should be filed on his behalf, pursuant to 28 U.S.C. § 2241.

10. Based on my discussions with Mr. Mau, I am informed and believe that a federal immigration judge ordered him removed to Fiji in 2004. He appealed his case to the Board of Immigration Appeals and to the Ninth Circuit Court of Appeals. His petition for review is now pending before the Ninth Circuit in Case No. 05-72765. Briefing in that case are complete, and the case is awaiting the calendaring of oral argument. Consequently, no final decision on his petition for review has been issued.

11. I am informed and believe that Mr. Mau entered respondents' custody in October 2004. He has, therefore, been in continuous civil custody over 36 months, as of the date of this declaration.

12. Mr. Mau is currently detained by the respondents at ICE's facility at the San Diego Detention Center (CCA), in the Southern District of California.

13. I am informed and believe Mr. Mau is a national and citizen of Fiji. He was born in that country on September 23, 1979.

14. I am informed and believe Mr. Mau fled to the United States in 2001, following detention and torture by Fijian police on the incorrect suspicion of involvement in the recent coup d'etat in Fiji.

15. I am informed and believe Mr. Mau graduated from high school in Fiji. He was attending the University of the South Pacific at the time of his detention and torture by Fijian authorities.

16. I am informed and believe Mr. Mau has no formal legal education, training, or background. He worked for two years as a security guard prior to his detention by ICE.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1  17. I am informed and believe that Mr. Mau has limited financial resources and is unable to pay the filing fee or afford to hire an attorney to represent him in this matter. He currently has a zero balance in his custody trust account, with zero average monthly deposits. See Prison Certificate attached to accompanying Motion to Proceed *In Forma Pauperis*.

I declare under penalty of perjury that the foregoing is true and correct, except for those matters which are stated to be on information and belief, and as to those matters, I believe them to be true.

Executed on October 19, 2007, in San Diego, California.

JAMES FIFE
Declarant

# Appendix A



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS FELIPE CASAS CASTRILLON, <br><br> Petitioner, <br> vs. <br><br> DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Respondents. | CASE NO. 05CV1552-BEN (NLS) <br><br> **ORDER APPOINTING COUNSEL** <br> **(Docket No. 2)** |

Petitioner, LUIS FELIPE CASAS CASTRILLON ("Petitioner"), a citizen of Colombia, has filed a petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2241.[1] He claims the Department of Homeland Security has custody of his person in violation of 8 U.S.C. § 1231(a)(6). Petitioner now requests appointment of counsel pursuant to 18 U.S.C. § 3006A. For the reasons that follow, the Court **GRANTS** Petitioner's request and appoints Ms. Lori B. Schoenberg from the Federal Defenders of San Diego as counsel.

"Section 3006A(g) provides that counsel may be appointed for an impoverished habeas

---

[1] "The relevant statute, 28 U.S.C. § 2241, provides that a writ of habeas corpus shall only be granted if 'a prisoner' is in custody under the authority of the United States 'in violation of the Constitution or laws or treaties of the United States.' Although the statute is commonly used by federal prisoners detained on criminal charges, it has also been employed, both historically and in its current form, by aliens detained for immigration law enforcement purposes." Armentero v. I.N.S., 340 F.3d 1058, 1061 (9th Cir. 2003); see also, Zadvydas v. Davis, 533 U.S. 688 (2001) ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention.").

petitioner whenever 'the court determines that the interests of justice so require'...." Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984), quoting, 18 U.S.C. § 3006A(g); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986) ("The district court has discretion to appoint counsel for indigents when it determines that the interests of justice so require.") The Court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (Citations omitted); see also, Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994) ( The Court "should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors.").

It is likely that Petitioner will prevail on his claim. See, Rand v. Rowland, 113 F.3d at 1525. Petitioner claims that he is detained in violation of 8 U.S.C. § 1231(a)(6). The Supreme Court has held that a post-removal detention exceeding six months is presumptively unreasonable. See, Zadvydas v. Davis, 533 U.S. at 701 ("[O]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing."); see also, Arango Marquez v. I.N.S., 346 F.3d 892, 898 -899 (9th Cir. 2003) ("Section 1231(a)(6) does not authorize indefinite post-removal period detention, but instead imposes an implied six-month limit on such detention, provided that removal is not reasonably foreseeable."). According to the Petitioner, he was ordered removed in January 2002 and his removal became final in July 2002. Zadvydas's six months limitation period in Petitioner's case expired in or about January 2003. There is no indication that since Petitioner has been in custody Respondents has attempted to remove him back to Colombia. Petitioner thus has shown that there "is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas v. Davis, 533 U.S. at 701.

In addition, Petitioner is incapable of articulating his claims pro se. The case involves complex Constitutional and statutory analysis, and interpretation of Supreme Court precedent. Also, Petitioner's potential release would require, among other things, complex negotiations regarding release terms and bond amounts. See, Bonin v. Vasquez, 999 F.2d 425, 429 (9th Cir. 1993) ("[A]ppointment of counsel is necessary to prevent due process violations from occurring.").

1 | Finally, Petitioner cannot afford to retain counsel as he has no income or assets. (Motion at 1.)
2 | This, coupled with complexity of the issues presented, also renders appointment of counsel
3 | appropriate.
4 |     For reasons set forth above, Petitioner's request for appointment of counsel is **GRANTED**.
5 | The Court appoints Federal Defenders, Inc. (Ms. Lori B. Schoenberg) as counsel.
6 |
7 | DATED: 1/30/06
8 | ROGER T. BENITEZ
United States District Judge
9 |
10 | cc: All parties and respective counsel
11 |     Federal Defenders of San Diego, Inc. (Ms. Lori B. Schoenberg)

# Appendix B

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED EL-BASHIR MUSTAFA,<br><br>                  Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>                  Respondents. | CASE NO. 07CV480 WQH (POR)<br><br>ORDER TO SHOW CAUSE AS TO WHY THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED AND ORDER GRANTING MOTION FOR APPOINTMENT OF COUNSEL |

HAYES, Judge:

    Pending before the Court are Petitioner Ahmed El-Bashir Mustafa's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) and motion for appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B). (Docs. # 3, 1-2). Petitioner, who has been subject to a final order of removal since July 22, 2006, alleges that his continued and indefinite detention is unlawful because he has been detained beyond the presumptively reasonable period of six months and there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas v. Davis*, 533 U.S. 678 (2001); *Nadarajah v. Gonzalez*, 443 F.3d 1069 (9th Cir. 2006).

## ORDER TO SHOW CAUSE

    Having reviewed Petitioner's claims, the Court finds that summary dismissal of the petition is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001)

("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Accordingly, Respondents are **ORDERED TO SHOW CAUSE** why the petition should not be granted by:

(1) filing a written return no later than **Tuesday, May 29, 2007.**

(2) filing copies of all documents, orders and transcripts relevant to the petition; and

(3) filing a memorandum of law and fact fully stating Respondents' position and making a recommendation regarding the need for an evidentiary hearing on the petition.

If Petitioner wishes to reply to the return, he may do so by way of a traverse filed no later than **Friday, June 15, 2007.**

## MOTION FOR APPOINTMENT OF COUNSEL

18 U.S.C. § 3006A(a)(2)(B) provides that "[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241 . . . ." "The purpose of section 3006A is to provide for appointed counsel whenever required if failure to do so amounts to a denial of due process." *Gray v. Kernan*, No. C-92-3379-DLJ, 1993 U.S. Dist. LEXIS 2113, *10-12 (N.D. Cal. Feb. 16, 1993); *citing Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). Unless an evidentiary hearing is required, appointment of counsel pursuant to 18 U.S.C. § 3006A(a)(2)(B) is in the discretion of the district court. *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181-82 (9th Cir. 1990). In deciding whether to appoint counsel, the district court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Gutierrez v. Flannican*, No. CIV 05-2981 PHX DGC (DKD), 2005 U.S. Dist. LEXIS 31984, *1-2 (D. Ariz. Dec. 7, 2005); *citing Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

### A. Likelihood of Success on the Merits

Petitioner has been subject to a final order of removal since July 22, 2006, yet has been held beyond the six month presumptively reasonable time period articulated in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). As of yet, the United States has not received travel documents that would permit Petitioner to return to Sudan, and it appears that regional conflict in Sudan could make impossible the

1 | receipt by the United States of the necessary travel documents in the reasonably foreseeable future.
2 | *See Ma v. Ashcroft*, 257 F.3d 1095, 1005 (9th Cir. 2001) (when there is no reasonable likelihood that
3 | a foreign government will accept a removable alien's return in the reasonably foreseeable future, the
4 | removable alien may not be held by the United States for more than a reasonable period beyond the
5 | removal period). In addition, the United States cannot effectuate Petitioner's removal to a country
6 | other than Sudan under 8 U.S.C. § 1231(b)(2)(E)(iii) because Petitioner did not reside in a country
7 | other than Sudan before entering the United States. Under the facts as alleged in the Petition for Writ
8 | of Habeas Corpus, the Court concludes that Petitioner has demonstrated a likelihood of success on the
9 | merits.

### B. Complexity of Legal Issues

The complexity of immigration and habeas law highlights the potential benefits of appointed counsel in these proceedings. Indeed, the Court of Appeal for the Ninth Circuit has declared that "[w]ith only a small degree of hyperbole, the immigration laws have been deemed second only to the Internal Revenue Code in complexity." *United States v. Ahumada-Aguilar*, 295 F.3d 943, 950 (9th Cir. 2002). Furthermore, assuming the Court grants the Petition for Writ of Habeas Corpus, there will be a period of supervised release which involves 8 U.S.C. § 1231's complex statutory scheme. *See Ma*, 257 F.3d at 1104-05. The Court concludes that the issues presented are sufficiently complex to warrant appointment of counsel, particularly in light of the fact that Petitioner has had no formal education or training in the United States.

After reviewing the Petition for Writ of Habeas Corpus and the accompanying declaration, and in recognition of the potential need for an evidentiary hearing, the Court concludes that appointment of counsel is warranted at this time. The motion for appointment of counsel (Docs. # 3, 1-2) is GRANTED. The Court appoints Federal Defenders, Inc. as Petitioner's counsel in this case.

**IT IS SO ORDERED.**

DATED: May 1, 2007

_William Q. Hayes_
WILLIAM Q. HAYES
United States District Judge

# Appendix C

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUEVARRA MACALMA,<br><br>Petitioner,<br>vs.<br>MICHAEL CHERTOFF, Secretary of Homeland Security, et.al. ,<br><br>Respondents. | CASE NO. 06CV2623 WQH (AJB)<br><br>ORDER |

Hayes, Judge:

The matter before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Paul Guevarra Macalma. (Doc. # 1.)

## BACKGROUND

Petitioner Paul Guevarra Macalma is a native and citizen of the Philippines. Petitioner was born in Manila on April 24, 1981. Petitioner's father Benjamin Macalma left the Philippines and was admitted to the United States as a lawful permanent resident on December 31, 1981. Benjamin Macalma became a United States citizen by naturalization on June 18, 1993.

On November 16, 1996, Petitioner entered the United States as a lawful permanent resident.

On September 20, 2000, Petitioner was convicted in California state court of receiving stolen property in violation of California Penal Code §496(a) and "sentenced to three years of probation which was formally revoked on September 16, 2003." (Government's Return, Doc. # 6 at 3.)

1   On November 20, 2003, the Department of Homeland Security took custody of
2  Petitioner and placed him in removal proceedings. Based upon his September 20, 2000
3  conviction for receiving stolen property, Petitioner was charged with deportability under
4  Section 237(a)(2)(A)(i) for having been convicted of a crime involving moral turpitude
5  committed within five years after admission for which a sentence of one year or longer may
6  be imposed. In the hearing before the Immigration Judge, Petitioner claimed United States
7  citizenship by acquisition through his naturalized father.
8   On March 10, 2004, the Immigration Judge found that Petitioner was not a citizen and
9  ordered him removed to the Philippines. Petitioner filed an appeal to the Board of Immigration
10 Appeals.
11  On October 22, 2004, the Board of Immigration Appeals upheld the decision of the
12 Immigration Judge that Petitioner had not derived citizenship through his father under former
13 section 321 of the Immigration and Naturalization Act, 8 U.S.C. § 1432(a).
14  On November 16, 2004, Petitioner filed a Petition for Review in the Court of Appeals
15 for the Ninth Circuit along with a motion to stay deportation pending resolution of the appeal.
16 *Macalma v. Gonzales*, No. 04-75821.
17  On June 14, 2005, Respondents filed a statement of non-opposition to the motion for
18 stay of removal.
19  On August 5, 2005, the Court of Appeals filed an order which appears in the docket in
20 part as follows: "respondent has filed a statement of non-opp to mtn for stay of removal;
21 temporary stay of removal continues in effect until the issuance of the mdt or further order of
22 the ct." (Docket # 6, Exhibit 12 at 5.)
23  On February 27, 2006, Petitioner filed his opening brief in the Court of Appeals along
24 with a motion for appointment of counsel.
25  On March 21, 2006, the Court of Appeals denied the motion for appointment of counsel
26 and ordered Respondents to file an answering brief within 30 days.
27  On June 5, 2006, Respondents filed a motion to remand to the Board of Immigration
28 Appeals for reconsideration of the February 28, 2005 determination that Petitioner had not

1 derived citizenship through his father under former section 321 of the Immigration and
2 Naturalization Act, 8 U.S.C. § 1432(a). Respondents requested that the Court of Appeals
3 remand the case to the Board "so that it can review this case in light of the Court's decision
4 in *Minaysan [v. Gonzales*, 401 F.3d 1069 (9th Cir. 2005)]." (Doc. #6, Exhibit 16 at 2.)

5  On August 23, 2006, the Court of Appeals entered an order which appears on the docket
6 in part as follows: "unless an opp to the mtn [to remand] is filed within 14 days of this order,
7 the mtn will be granted." (Doc. # 6, Exhibit 14 at 7.)

8  On September 22, 2006, the Court of Appeals granted Respondents' "unopposed"
9 motion to remand and stated "the parties are deemed to have agreed that the court's remand
10 order shall stay petitioner's removal." (Doc. # 6, Exhibit 14 at 7.)

11  On November 28, 2006, Petitioner filed the Petition for Writ of Habeas Corpus now
12 pending before this Court. (Doc. # 1.)

13  On December 7, 2006, this Court filed an Order to Show Cause why the Petition should
14 not be granted ordering the Respondents to file a written return no later than December 29,
15 2006. (Doc. # 2.)

16  On January 23, 2007, this Court filed a Second Order to Show Cause upon
17 Respondents' failure to comply with the Court's order filed on December 7, 2006. This Court
18 ordered Respondents to file a written return no later than January 31, 2007. (Doc. # 3.)

19  On January 30, 2007, Respondents filed a Response to the Second Order to Show Cause
20 stating that the Petition had not been served upon Respondents; that the Order to Show Cause
21 filed on December 7, 2006 had not been received by Counsel for Respondents; and that the
22 Second Order to Cause was received on January 29, 2007. Respondents requested and the
23 Court allowed additional time to file a return. (Docs. # 4 and 5.)

24  On March 5, 2006, Respondents filed a Return in Opposition to the Petition for Writ
25 of Habeas Corpus. (Doc. # 6.)

26  On March 9, 2007, the Board of Immigration Appeals issued a ruling "once again
27 dismiss[ing] the appeal. (Doc. # 13, Exhibit 25 at 2.) The Board of Immigration Appeals
28 considered "*Minasyan* to be materially distinguishable from the present case for a number of

reasons." (*Id.*) The Board concluded that Petitioner had not met his burden of proving that he derived United States citizenship through either of his parents. (*Id.* at 3.)

On March 12, 2007, the American Civil Liberties Union filed a motion for leave to file a brief as *Amicus Curiae* which was granted by this Court. (Docs. # 7 and 10.)

On March 19, 2007, Petitioner filed a motion to reopen before the Board of Immigration Appeals.

On April 18, 2007, Respondents filed the Government's Opposition to *Amicus Curiae* Brief. (Doc. # 13).

On May 11, 2007, the American Civil Liberties Union filed a Reply to the Government's Opposition Brief. (Doc. # 16).

On May 3, 2007, Petitioner filed a Traverse. (Doc # 15.)

## CONTENTIONS OF THE PARTIES

Petitioner contends that he is entitled to release from the custody of Respondents under appropriate conditions of supervision. Petitioner contends the case law supports the exercise of discretion in releasing deportees during the pendency of colorable challenges to the proceedings underlying their removal. Petitioner requests that the Court order Respondents to release him from custody under appropriate conditions of supervision.

The *Amicus Curiae* Brief in Support of the Petitioner's Writ of Habeas Corpus contends that the Petitioner's prolonged detention is contrary to the immigration laws and the United States Constitution for the following three reasons: 1) there is no statute which authorizes Petitioner's prolonged detention of more than three years, 2) the immigration statutes and due process require that Petitioner be afforded a hearing to determine whether his detention is justified, and 3) the sheer length of Petitioner's detention violates the Due Process Clause of the United States Constitution. The *Amicus Curiae* Brief asserts that Petitioner's detention under 8 U.S.C. §1226(c)(1)(C) was not authorized at any time because he was sentenced to three years of probation and was not sentenced to at least one year imprisonment as required pursuant to Section 1226(c)(1)(C). Even if Section 1226(c) applies, the *Amicus Curiae* Brief asserts that this case is not distinguishable in any meaningful way from the case of *Tijani v.*

1  *Willis*, 430 F.3d 1241 (9th Cir. 2005) in which the Court of Appeals concluded that detention
2  of two years and eight months was not within the authority conferred by Section 1226(c). The
3  *Amicus Curiae* Brief requests that the Court grant the Writ of Habeas Corpus and order
4  Petitioner's immediate release under reasonable conditions of supervision, or, in the
5  alternative, order the Respondents to hold a constitutionally adequate hearing before an
6  immigration judge to determine whether the continued detention is justified.

7  Respondents contend that the Petition should be denied on the grounds that detention
8  pending the completion of removal proceedings is mandatory for certain aliens who have
9  committed specific criminal offenses. Respondents contend that Section 1226(c)(1)(C)
10 mandates detention for Petitioner because he has been convicted of committing a crime
11 involving moral turpitude and sentenced to at least one year of imprisonment. Respondents
12 contend that there have been no inordinate delays in the administrative proceedings before the
13 Immigration Judge and the Board of Immigration Appeals. Respondents contend that the
14 *Tijani* case applies only to cases involving prolonged administrative removal proceedings and
15 is not applicable to judicial delay. Respondents contend that Petitioner has the ability to
16 prosecute his appeal from his home country and that he chose instead to pursue his claim
17 through judicial review from within the United States making his detention voluntary.
18 Respondents do not address the assertion that Section 1226(c) does not apply to Petitioner
19 because he was not sentenced to at least one year imprisonment.

20                                    **DISCUSSION**

21 Petitioner has been in the custody of the Secretary of the Department of Homeland
22 Security and the Attorney General since November 20, 2003 pursuant to the authority
23 conferred under 8 U.S.C. § 1226(c)(1)(C). Petitioner was ordered removed on March 10, 2004
24 and this order of removal has been stayed by order of the Court of Appeals up to the present
25 time. This Court has jurisdiction under 28 U.S.C. § 2241 to determine a challenge to
26 confinement on statutory and constitutional grounds which do not involve final orders of
27 removal. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006). The final order of
28 removal in this case has been stayed by the Court of Appeals and the resolution of the

challenge to confinement does not involve a final order of removal.

Under Section 1226(a), an alien charged with removability may, upon a warrant, be arrested and detained pending removal proceedings. Such an alien may, in the discretion of the Attorney General (now the Secretary of Homeland Security), be released on bond or on conditional parole, pending the completion of the removal proceedings, unless the alien falls within the categories of aliens described in Section 1226(c).

Petitioner is charged with being subject to removal pursuant to 8 U.S.C. §1227(a)(2)(A)(i) which provides for the deportation of a lawfully admitted alien who is convicted of a crime involving moral turpitude committed within five years after the date of admission and "is convicted of a crime for which a sentence of one year or longer may be imposed." Section 1227(a)(2)(A)(i)(II). Petitioner is held under the detention provisions of 8 U.S.C. § 1226(c)(1)(C) which provides that "the Attorney General shall take into custody an alien who - is deportable under section 1227(a)(2)(A)(i) of this title on the basis of an offense for which the alien has been sentenced to a term of imprisonment of at least 1 year." The documents submitted in this case do not establish that Petitioner has been "sentenced to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). Respondent has not established that 8 U.S.C. § 1226(c)(1)(C) authorizes the mandatory detention of the Petitioner. Based upon the record in this case, Petitioner is entitled to a release hearing pursuant to the provisions of 8 U.S.C. § 1226(a).

IT IS HEREBY ORDERED that the Petition for Habeas Corpus is granted as follows: Respondents shall provide a release hearing to Petitioner pursuant to the provisions of 8 U.S.C. § 1226(a) within 10 days of the date of this order. The Court appoints the Federal Defender as counsel for Petitioner for the sole purpose of representation in this habeas action. Respondents shall file a status report in this case within 20 days of the date of this order. This case will remain open pending further order of this Court.

DATED: May 22, 2007

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge