KAREN P. HEWITT
United States Attorney
RAVEN NORRIS
Assistant U.S. Attorney
California State Bar No. 232868
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-7157
E-mail: Raven.Norris@usdoj.gov

Attorneys for Respondents[1/]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPARAMA MAU,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL B. MUKASEY, U.S. Attorney General; et al.,<br><br>Respondents. | Case No. 07cv 2037-IEG (LSP)<br><br>GOVERNMENT'S RETURN IN OPPOSITION TO PETITION FOR WRIT OF HABEAS CORPUS |

[1/] Pursuant to Federal R. Civ. P. 25(d), Michael B. Mukasey, United States Attorney General, is substituted for Alberto R. Gonzales.

TOPICAL INDEX

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| I. INTRODUCTION | 2 |
| II. STATEMENT OF FACTS | 2 |
| III. ARGUMENT | 3 |
| A. DETENTION PENDING JUDICIAL REVIEW IS VOLUNTARY | 3 |
| B. PETITIONER IS NOT ENTITLED TO RELEASE BECAUSE HIS REMOVAL IS REASONABLY FORESEEABLE | 5 |
| C. TIJANI AND NADARAJAH DO NOT ENTITLE PETITIONER TO RELEASE | 8 |
| 1. Tijani and Nadarajah Do Not Apply Where Detention is Not Indefinite | 8 |
| 2. Tijani and Nadarajah Do Not Apply Where Administrative Hearings are Complete, Their length was Reasonable, and Detention Pending Judicial Review is not Attributable to the Government | 10 |
| D. FED. R. APP. PROC. 23(b) IS INAPPLICABLE | 13 |
| IV. CONCLUSION | 13 |

# TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Abimbola v. Ridge, 2005 WL 588769 (Mar. 7, 2005 D. Conn.) | 7 |
| Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001) | 7, 10 |
| Arteaga v. Chertoff, No. 07cv1626-BEN (S.D. Cal. Nov. 1, 2007) | 4, 10 |
| Bernal v. Chertoff, No. 06cv2184-JAH (S.D. Cal. Aug. 29, 2007) | 4 |
| Clark v. Martinez, 125 S. Ct. 716 (2005) | 6 |
| Cruz-Ortiz v. Gonzales, No.06-55654, 2007 WL 580670 (9th Cir. Feb. 22, 2007) | 2, 3, 4, 11 |
| Demore v. Kim, 538 U.S. 510 (2003) | 4, 11 |
| Dickinson v. Zurko, 527 U.S. 150 (1999) | 12 |
| Elian v. Ashcroft, 370 F.3d 897 (9th Cir. 2004) | 4 |
| I.N.S. v. Elias-Zacarias, 502 U.S. 478 (1992) | 5 |
| Guang v. I.N.S., 2005 WL 465436 (E.D.N.Y. Feb. 28, 2005) | 7 |
| In re Kotliar, 24 I & N Dec. 125, 2007 WL 858345 (BIA Mar. 21, 2007) | 12 |
| Lawrence v. Gonzales, 446 F.3d 221 (1st Cir. 2006) | 7 |
| Lema v. INS, 341 F.3d 853 (9th Cir. 2003) | 8 |
| Middleton v. Clark, No. C06-1324R S. & M., 2007 WL 1031725 (W.D. Wash. Apr. 2, 2007) | 10, 12 |
| Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006) | 2, 4, 8, 9, 10, 11, 13 |
| Oyedeji v. Ashcroft, 332 F. Supp. 2d 747 (M.D. Pa. 2004) | 4 |


TABLE OF AUTHORITIES

| Cases | Page |
|---|---|
| Pelich v. INS, 329 F.3d 1057 (9th Cir. 2003) | 6, 7, 8 |
| Soberanes v. Comfort, 388 F.3d 1305 (10th Cir. 2004) | 6, 10 |
| Supnet v. Gonzales, No. 06cv2189-JAH (S.D. Cal. Aug. 29, 2007) | 10 |
| Texas v. U.S., 523 U.S. 296 (1998) | 13 |
| Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568 (1985) | 13 |
| Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) | 2, 4, 8, 9, 10, 11, 13 |
| Zadvydas v. Davis, 533 U.S. 678 (2001) | 2, 5, 6, 7, 8, 9, 10 |
| Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166 (9th Cir. 2003) | 3, 4, 7, 10 |
| Statutes | |
| 8 U.S.C. § 1226(a)(1) | 12 |
| 8 U.S.C. § 1226(a)(2)(A) | 12 |
| 8 U.S.C. § 1226(c) | 3, 4, 11, 12 |
| 8 U.S.C. § 1226(e) | 12 |
| 8 U.S.C. § 1227(a)(1)(B) | 2 |
| 8 U.S.C. § 1229(b)(5) | 4 |
| 8 U.S.C. § 1231(a)(1)(B) | 6, 8, 12 |
| 8 U.S.C. § 1252(b)(3)(B) & (b)(8)(C) | 4 |
| 8 U.S.C. § 1253(a)(1)(B) | 3 |
| Rules and Regulations | |
| 8 C.F.R. § 1003.19(a) | 12 |
| 8 C.F.R. § 1236.1(c)(1)(I) | 11, 12 |
| Fed. R. App. P. 23(b) | 13 |

I

INTRODUCTION

Petitioner, an alien subject to a final order of removal, seeks release from Department of Homeland Security custody ("DHS"). Petitioner argues that his detention is unlawful, and the Court should order his release. Petitioner has completed his administrative removal proceedings and obtained a stay of removal from the Ninth Circuit pending judicial review of his removal order. Accordingly, Petitioner's request for release should be denied because detention is voluntary when an alien requests a stay of removal pending a judicial appeal. Cruz-Ortiz v. Gonzales, No.06-55654, 2007 WL 580670 (9th Cir. Feb. 22, 2007) (unpublished) (copy attached as Ex. O). Moreover, Petitioner is not entitled to release pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001) or Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), because his removal is reasonably foreseeable, his detention is not indefinite, and he is detained pursuant to DHS's discretionary authority.

II

STATEMENT OF FACTS

Petitioner Eparama Mau, a native and citizen of Fiji, was admitted to the United States on March 15, 2001 as a non-immigrant B-2 visitor for pleasure with authorization to remain in the United States until September 14, 2001. [Ex. A-B.] He subsequently remained in the United States beyond this date without authorization. [Id.] On February 14, 2002, he was convicted of violating Section 23152(b) of the California Vehicle Code for Driving Under the Influence and was sentenced to thirty-six months of probation and thirty days of jail. [Ex. E-F, I.] On March 28, 2002, while still on probation, he was once again convicted for violating Section 23152(b) of the California Vehicle Code for Driving Under the Influence and was sentenced to thirty-six months probation and two days in jail. [Id.] On March 16, 2004, while on probation, Petitioner was convicted of violating Section 23152(b) of the California Vehicle Code for Driving Under the Influence with Bodily Injury and was sentenced to sixteen months of incarceration. [Ex. E-F.]

On September 16, 2004, Immigration and Customs Enforcement ("ICE"), an investigative branch of DHS, initiated removal proceedings against Petitioner by charging him with deportability pursuant to 8 U.S.C. § 1227(a)(1)(B), which provides for the deportation of an alien who violates their

non-immigrant status. [Ex. C.] Due to his criminal convictions, ICE held Petitioner in mandatory custody pursuant to 8 U.S.C. § 1226(c) pending removal proceedings before the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"). [Ex. D.] On December 15, 2004 the IJ denied Petitioner's request for asylum, withholding of removal, and withholding and/or deferral of removal under Article III of the Convention Against Torture. Accordingly, the IJ issued a final decision ordering Petitioner removed to Fiji. [Ex. G.] Petitioner appealed the IJ's decision to the BIA which, on April 28, 2005, affirmed the IJ's decision. [Ex H.] Therefore, as of April 28, 2005, Petitioner's removal order became administratively final, and ICE continued his detention pursuant to its statutory discretionary authority for the purpose of executing the removal order.

However, on May 12, 2005, Petitioner petitioned for review by the United States Court of Appeals for the Ninth Circuit and obtained a stay of removal with the Ninth Circuit. [Ex N.]; See Ninth Circuit General Order 6.4(c). On March 9, 2006, the last appropriate brief was filed and it has been under submission with the Court. [Id.] Pending Petitioner's judicial appeal, ICE has conducted several custody reviews and determined that Petitioner should remain in detention because he is a flight risk and a danger to the community. [Ex. K-M.] Additionally, while in detention, Petitioner has refused to complete travel documents applications necessary to effectuate his removal in violation of 8 U.S.C. § 1253(a)(1)(B). [Ex. I-J.]

## III

## ARGUMENT

### A. DETENTION PENDING JUDICIAL REVIEW IS VOLUNTARY

The Ninth Circuit recently stated that a petitioner is being "voluntarily detained" pending judicial review of a final removal order when he requests and obtains a stay of removal. Cruz-Ortiz v. Gonzales, 2007 WL 580670 at *1 ("appellant is being voluntarily detained--upon his requested stay of removal--pending appeal of his final removal order"). Detention is voluntary because the petitioner may choose to prosecute the petition for review from his home country. Removal or other departure from the United States does not constitute abandonment of the appeal or otherwise render the appeal moot. See Zazueta-Carrillo v. Ashcroft, 322 F.3d 1166, 1171 (9th Cir. 2003) ("Even if a petition for review is filed, IIRIRA permits the INS to remove aliens without delay after an unfavorable BIA decision, and it allows aliens

to continue their cases from abroad.").

The Ninth Circuit's view is consistent with its decisions in Tijani and Nadarajah because an alien may not pursue a defense from outside the United States during administrative proceedings. See 8 U.S.C. § 1229(b)(5). Thus, the Ninth Circuit ruled in those cases that it is unreasonable to continue to detain an alien pursuant to mandatory detention provisions during extraordinary delays in administrative proceedings. However, the Ninth Circuit recognized in Cruz-Ortiz that a petitioner is statutorily permitted to pursue his petition for review of a removal order from outside the United States and therefore, the detention is attributable to the petitioner, not to DHS. See 8 U.S.C. § 1252(b)(3)(B) & (b)(8)(C); see also Elian v. Ashcroft, 370 F.3d 897, 900 (9th Cir. 2004) ("We may entertain a petition after the alien has departed"); Zazueta-Carrillo, 322 F.3d at 1171.

Cruz-Ortiz is also consistent with the Supreme Court's decision in Demore v. Kim, 538 U.S. 510 (2003), which limited its decision to the length of mandatory detention pending administrative removal proceedings. The Court noted that proceedings before the IJ and the BIA last, on average, about five and one-half months. Id. at 529. As the district court pointed out in Oyedeji v. Ashcroft, 332 F. Supp. 2d 747, 752 (M.D. Pa. 2004):

> The Supreme Court [in Kim], in sustaining the authority of Congress to mandate detention of criminal aliens during *administrative* removal proceedings, stressed that such detention would be only "for the brief period necessary for their removal proceedings."

Id. In Kim, the Supreme Court made no mention of the length of judicial review proceedings, implicitly because the mandatory detention provisions of 8 U.S.C. § 1226(c) do not apply during judicial review and because the alien may pursue the appeal from outside the United States.

Decisions from this district have also recognized that detention is voluntary pending a judicial review. In Bernal v. Chertoff, No. 06cv2184-JAH (S.D. Cal. Aug. 29, 2007) (order denying Petition for Writ of Habeas Corpus)(copy attached as Ex. P), the Court found that a petitioner's detention is voluntary pending judicial review where the continued detention is a direct result of petitioner's own choice to remain in custody rather than pursue an appeal from abroad. Id.; see also Arteaga v. Chertoff, No. 07cv1626-BEN (S.D. Cal. Nov. 1, 2007) (order denying Writ of Habeas Corpus) (copy attached as

Ex. Q)[2] (holding that petitioner's detention is voluntary pending resolution of his or her petition of review at the Ninth Circuit). Similarly here, Petitioner's decision to remain in detention pending resolution of his petition for review is voluntary and any prolonged delay in detention is not attributable to the Government.

Moreover, Petitioner has not alleged that he cannot pursue his petition for review from outside the United States. It is anticipated that Petitioner may argue that his detention is not voluntary given his fear of persecution and torture in Fiji. Before the IJ, Petitioner applied for asylum, withholding of removal, and for relief under the Convention against Torture. Petitioner argued that his previous abuse at the hands of the police in the midst of a coup proved that he will be persecuted and tortured if returned to Fiji. However, Petitioner lost his argument before both the IJ and the BIA. [Ex. G-H.] As the IJ explained, although Petitioner presented evidence that his treatment by the police likely constitutes torture, Petitioner could not demonstrate that he would be tortured by law enforcement or otherwise if returned to Fiji. [Ex. G at 14-16.] Significantly, the IJ noted that the incident arose out of the coup attempt, which has been resolved and the situation stabilized. Id. Moreover, Petitioner's family continues to reside in Fiji without incident and in fact Petitioner was able to live for six or seven months on the western side of the island without incident immediately after his release by the police. Id. Accordingly, Petitioner has presented no compelling argument to this Court that the Ninth Circuit is likely to reverse the well-reasoned opinions of the IJ and the BIA. See I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (to reverse the administrative factual determination under the "reasonable adjudicator" standard, the Court "must find that the evidence not only supports [a contrary] conclusion, but compels it. . . .") (emphasis in original). Therefore, Petitioner's detention pending judicial review of his petition for review is voluntary and he is not entitled to habeas relief.

B. PETITIONER IS NOT ENTITLED TO RELEASE BECAUSE HIS REMOVAL IS REASONABLY FORESEEABLE

Even if the Court finds that Petitioner's detention is not voluntary, Petitioner is not entitled to release because his removal is reasonably foreseeable in the near future. Petitioner contends that he should be released pursuant to Zadvydas v. Davis, 533 U.S. 678 (2001). [Pet. at 4-6.] However,

[2] Petitioner's counsel filed a notice of appeal in Arteaga on December 10, 2007.

because Petitioner's own actions have prevented removal and his removal is reasonably foreseeable, Zadvydas does not apply to the case at hand.

In Zadvydas, the Supreme Court held that an alien who had been in custody for more than six months after his removal order had become final could seek release, but only upon a showing that "there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 U.S. at 701."[F]or the sake of uniform administration in the federal courts," the Court held that a six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." Id.; see also Clark v. Martinez, 125 S. Ct. 716, 722 (2005) ("[T]he presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months . . . ."). Procedurally, after the six-month period has expired, the Court held that the ICE can continue to detain an alien beyond six months, unless the "alien provides good reason to conclude there is no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701 (emphasis added). As the Ninth Circuit has recently emphasized, "Zadvydas places the burden on the alien to show, after a detention period of six months, that there is 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" Pelich v. INS, 329 F.3d 1057, 1059 (9th Cir. 2003) (quoting Zadvydas, 533 U.S. at 701).

Here, Zadvydas does not apply because Petitioner's removal period specified by § 1231(a)(1) cannot commence until the completion of his pending judicial review or a vacatur of his stay of removal.[3/] However, apart from the fact that this is not a post-removal-period case, Petitioner's judicial review has a finite duration and thus his removal is reasonably foreseeable. See Soberanes v. Comfort, 388 F.3d 1305, 1311 (10th Cir. 2004) (explaining that "detention is clearly neither indefinite nor potentially permanent . . . it is, rather, directly associated with a judicial review process that has a

---

[3/] The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (emphasis added.).

definite and evidently impending termination point"). The only factors preventing Petitioner's removal is a stay of removal issued by the Ninth Circuit pending the outcome of his petition for review and his refusal to complete travel documents.

Courts have frequently recognized that litigation efforts that stymie removal efforts toll the permissible detention periods set forth under Zadvydas. See, e.g., Guang v. I.N.S., 2005 WL 465436 (E.D.N.Y. Feb. 28, 2005) (rejecting application of Zadvydas where petitioner pursued litigation and stays with the administrative courts, Second Circuit, and district court and holding that his own actions of pursuing the stays resulted in his prolonged detention); see also Lawrence v. Gonzales, 446 F.3d 221, 227 (1st Cir. 2006) (rejecting Zadvydas claim because alien's "continued detention here occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order ...."); Abimbola v. Ridge, 2005 WL 588769 *2-3 (Mar. 7, 2005 D. Conn.) motion for reconsideration denied, 2005 WL 2663075 (October 15, 2005), aff'd, 2006 WL 1408375 (2d Cir. May 18, 2006) (noting that "but for...[alien's] seeking and/or receiving numerous judicial stays and filing his numerous petitions for reconsideration and appeals,...[alien] could have been speedily deported...."). Here, Petitioner's continued pursuit of his petition for review is merely an effort to stall his inevitable removal. As discussed above, Petitioner has not presented compelling evidence that the Ninth Circuit is likely to reverse the well-reasoned opinions of the IJ and BIA. See discussion supra Part. III.A. Moreover, Petitioner may acquiesce to removal and pursue his appeal from his homeland. See Zazueta-Carrillo, 322 F.3d at 1171. Petitioner has not alleged or presented sufficient evidence that he will suffer harm or hardship by pursuing his appeal from his homeland. See Andreiu v. Ashcroft, 253 F.3d 477 (9th Cir. 2001).

Petitioner's continued refusal to complete travel documents also tolls the permissible detention period under Zadvydas. DHS has attempted on several occasions to obtain the necessary travel documents from Petitioner in order to effectuate his removal to Fiji. [Ex. I-J.] The Ninth Circuit repeatedly recognized that Zadvydas does not apply where an alien who does not cooperate in good faith with government efforts of removal and who himself causes delay in removal proceedings cannot complain of the indefiniteness of his detention. See Pelich, 329 F.3d at 1060("The risk of indefinite detention that motivated the Supreme Court's statutory interpretation in Zadvydas does not exist when

an alien is the cause of his own detention." ); Lema v. INS, 341 F.3d 853 (9th Cir. 2003) . In Pelich, the Ninth Circuit distinguished Zadvydas by noting:

> Unlike the aliens in Zadvydas, Pelich has the 'keys [to his freedom] in his pocket' and could likely effectuate his removal by providing the information requested by the INS...The reason is self-evident: the detainee cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future if the detainee controls the clock.

Pelich, 329 F.3d at 1060. Thus, an alien may only properly petition for habeas relief if and when he fully and honestly cooperates with the government, because it is only after such cooperation may a court make an adequate assessment of the likelihood of the alien's removal in the reasonable foreseeable future. See Lema, 341 F.3d at 857-58 ("when an alien refuses to cooperate fully and honestly with officials to secure travel documents from a foreign government, the alien cannot meet his or her burden to show there is no significant likelihood of removal in the reasonably foreseeable future."). Here, Petitioner steadfastly refused to complete the travel documents necessary to effectuate his removal to Fiji. [Ex. O.] Therefore, where his own actions have prevented removal, Petitioner cannot fairly argue that removal is unlikely reasonably foreseeable in the near future.

## C. TIJANI AND NADARAJAH DO NOT ENTITLE PETITIONER TO RELEASE

### 1. Tijani and Nadarajah Do Not Apply Where Detention is Not Indefinite

Petitioner also alleges that he is entitled to release under the Ninth Circuit's decisions Tijani and Nadarajah. However, these decisions do not apply to the case at hand because unlike Tijani and Nadarajah, Petitioner's detention pending resolution of his petition for review cannot be construed as indefinite. In Nadarajah, the Ninth Circuit applied the Zadvydas standard and decided the alien was entitled to release based on circumstances very different than those present here. The Ninth Circuit observed that in the post-order removal decision in Zadvydas, the Supreme Court had "construed the statute [§1231] to permit detention only while removal remained reasonably foreseeable." 443 F.3d at 1076-77. Extending this ruling, the Ninth Circuit applied the same test to an alien who had sought admission at the border on grounds of an asylum application and held that the general immigration statutes do not authorize indefinite detention and any detention pursuant to these statutes must be analyzed under the Zadvydas standard. Id. at 1078.

///

The Ninth Circuit's decision in Tijani predates Nadarajah and did not undertake, as did Nadarajah, to apply the specific Zadvydas test to the circumstance of an alien seeking release while pursuing an appeal. Tijani, who had been in custody for two years and eight months, was pursuing a circuit court appeal of a BIA affirmed removal order. Tijani, 430 F.3d at 1250 (Callahan, J., dissenting). The full import of Tijani is not readily discerned because it consists of a three paragraph opinion plus a concurring opinion and a dissenting opinion. The main opinion simply stated, without significant analysis, that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." Id. at 1242.

In Tijani, it took the IJ seven months to reach his decision and the BIA another thirteen months to affirm and there were no delays attributed to the petitioner. Tijani, 430 F.3d at 1246 (Tashima, J., concurring). Similarly, the alien in Nadarajah had been detained for five years, had never been ordered removed, and had indeed "won relief at every administrative level . . . ." 443 F.3d at 1081. The appellate court held that it was unlikely that Nadarajah would be removed in the reasonably foreseeable future because he had "won at every administrative level . . . " and in so doing had "won relief denied 98% of applicants [for asylum] . . . a powerful indicator of the improbability of his foreseeable removal, by any objective measure." Id. Further, the alien had received withholding of removal, which the government did not contest. Id. In these circumstances, "Nadarajah has established that there is no significant likelihood of his removal in the reasonably foreseeable future." Id.

While referencing Zadvydas, the three Tijani opinions did not, as did Nadarajah, distill and apply the basic Zadvydas test to the circumstance of an alien in immigration proceedings. Nadarajah, as set forth above, held that under "the general immigration statutes" detention could continue only "while removal remains reasonably foreseeable" and that after a six month period of detention a court could consider release "'once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." 443 F.3d at 1078 (quoting Zadvydas, 533 U.S. at 701). In short, Nadarajah appears to have refined that court's detention analysis and held that it is not merely the length of time that an alien has been held, but the likelihood of removal in the foreseeable future that must be considered in assessing a release request. "By any analysis, a five-year period of confinement of an alien who has not been charged with any crime, and who has won relief at

every administrative level, is unreasonable under the standard set forth by the Supreme Court." Id. at 1081.

By contrast, the Petitioner in the case at bar did not win relief at any level and is subject to a final removal order. Petitioner was also convicted of a crime on three separate occasions for driving under the influence and received a sentence of sixteen months in confinement for the third conviction of driving under the influence and causing bodily injury to two individuals. Further, unlike Tijani and Nadarajah, ICE has conducted several custody reviews that determined that Petitioner should not be released because he poses a significant flight risk and danger to the community as a result of his criminal history and lack of ties to the community. See Ex. K-M. Moreover, it is Petitioner's decision to remain in detention pending a decision on his petition for review and his continued refusal to complete travel documents that has prolonged Petitioner's current detention. Pendency of a petition for review does not render removal unforeseeable or detention indefinite. See Soberanes, 388 F.3d at 1311; Arteaga, No. 06cv1626-BEN (S.D. Cal. Nov. 13, 2007)(recognizing that once the Ninth Circuit issues a decision on a petition for review, Petitioner will either be released or removed); Middleton v. Clark, No. C06-1324RSM, 2007 WL 1031725 at *6-7 (W.D. Wash., Apr. 2, 2007) (holding that the length of a petitioner's detention is directly attributable to his or her petition for review and related stay of removal rather than any delay by the Attorney General). In Supnet v. Gonzales, No. 06cv2189-JAH (S.D. Cal. Aug. 29, 2007) (order denying Petition for Writ of Habeas Corpus) (copy attached as Ex. R), the Court held that a petitioner failed to meet the threshold for indefinite detention under Zadvydas because the only impediment to removal was his pending petition for review and related stay of removal. Id. Similarly, here, the only factor that prevents the Government from implementing Petitioner's removal is the stay of removal granted by the Ninth Circuit. As discussed above, Petitioner may acquiesce to removal and pursue his appeal from his homeland. See Zazueta-Carrillo, 322 F.3d at 1171; Andreiu, 253 F.3d 477; discussion supra Part. III.A. Accordingly, Petitioner's detention has a definite end point, as this concept has been applied by the courts and Tijani and Nadarajah should not apply where the petitioner's own actions have prolonged the detention and his removal is reasonably foreseeable.

2. Tijani and Nadarajah Do Not Apply Where Administrative Hearings are Complete, Their length was Reasonable, and Detention Pending Judicial Review is not Attributable to the Government

The Ninth Circuit decisions in Tijani and Nadarajah also do not apply to the case at hand because

those decisions apply only to mandatory detention pending prolonged administrative removal proceedings. In contrast, Petitioner's proceedings were completed on April 28, 2005, their length was reasonable, and he is currently detained pursuant to DHS's discretionary detention authority. Both Tijani and Nadarajah, involved petitioners subject to mandatory detention pending the administrative stage of removal proceedings,[4/] and those proceedings were unusually prolonged. There is nothing in the Tijani and Nadarajah decisions which suggests that the Ninth Circuit attributes the amount of time needed to adjudicate a petition for review to DHS , and, as discussed above, the Ninth Circuit has acknowledged in Cruz-Ortiz that detention pending judicial review is voluntary.

Moreover, the length of detention pending administrative removal proceedings in Tijani and Nadarajah were unreasonably prolonged. In Tijani, by the time of oral argument before the Ninth Circuit, Tijani had been detained for 21 months before the IJ and the BIA, and he was subject to mandatory detention under 8 U.S.C. § 1226(c). See Tijani, 430 F.3d at 1241. The petitioner in Nadarajah had been detained for 52 months pending administrative proceedings and had been successful at every level of administrative review. See Nadarajah, 443 F.3d at 1072-73. Moreover, Nadarajah successfully received a grant of asylum and therefore, as discussed below, the Ninth Circuit found that removal was not reasonably foreseeable. Id. at 1081.

By contrast, Petitioner was denied all forms of relief from removal (asylum, withholding of removal, Convention against Torture, and cancellation of removal), he is subject to a final order of removal, his administrative proceedings were completed over two years ago, and he was not successful at any level of review. In fact, the majority of Petitioner's administrative proceedings were completed while serving time for his criminal conviction and before he entered ICE custody. [Ex. E-G.] The IJ entered his removal order four months after the initiation of proceedings, and the BIA affirmed the IJ within five months. [Ex. G-H.]

Also in contrast to Tijani and Nadarajah, Petitioner is currently detained pursuant to DHS's

---

[4/] See 8 C.F.R. § 1236.1(c)(1)(I) (" Section 1226(c) applies only "during removal proceedings"). See also Demore v. Kim, 538 U.S. 510, 513, 517-18, 527-28 (2003) (limiting its examination to the average duration of proceedings before the IJ and the BIA and holding that "Section 1226(c) mandates detention during removal proceedings. . . [T]he statutory provision at issue in this case governs detention of deportable criminal aliens pending their removal proceedings") (emphasis added).

discretionary detention authority until the "removal period" commences,[5/] at which time detention will become mandatory pursuant to 8 U.S.C. § 1231(a)(2). Cf 8 C.F.R. §§ 1236.1((c)(1)(I) (mandatory detention applies only "during removal proceedings"); 1003.19(a) (the IJ's authority to review bond decisions exists only until the removal order becomes final). Pursuant to this discretionary detention authority, ICE continues to conduct periodic custody reviews to determine whether Petitioner should be released pending a decision on his petition for review.[6/] [Ex. K-M.] Regardless of the statutory authority granting discretionary detention, it is clear that Petitioner was no longer subject to mandatory detention under Section 1226(c) once the removal order became administratively final.[7/]

Therefore, apart from whether Petitioner's detention is voluntary and his removal is reasonably foreseeable, the Court should not extend Tijani and Nadarajah to detention pending judicial review

---

[5/] Alternatively, the discretionary detention may be found in 8 U.S.C. § 1226(a)(1). As noted above, the Attorney General loses authority over bond decisions once the order of removal is administratively final. See 8 C.F.R. § 1003.19(a) (the IJ's authority to review bond decisions exists only until the removal order becomes final). However, Section 1226(a)(1) grants general detention authority to DHS "pending a decision on whether the alien is to be removed from the United States." See 8 U.S.C. § 1226(a)(1). The "decision" is not final until all administrative and judicial proceedings have been completed. Section 1226(a)(1) grants DHS discretionary detention authority pending any final decision on the alien's removal, including a decision by the Circuit Court. See Middleton v. Clark, 2007 WL 1031725, at *6-7 (refusing to find petitioner subject to mandatory detention because the petitioner was subject to a final removal order and a stay of removal, and thus petitioner was held pursuant to discretionary detention under Section 1226(a)(1)).

[6/] To the extent Petitioner challenges DHS's periodic bond decisions, these are discretionary and beyond the scope of habeas review. See 8 U.S.C. § 1226(a)(2)(A) (DHS or the Attorney General "may release the alien on . . . bond") (emphasis added); 8 U.S.C. § 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review") (emphasis added). If the Court were to conduct a review of DHS's bond determination that Petitioner presents a poor bail risk, the Government would seek an opportunity, either through supplemental briefing or in an evidentiary hearing, to present evidence that there is substantial evidence to support DHS's determination. See, e.g., Dickinson v. Zurko 527 U.S. 150 (1999) ("A reviewing court reviews an agency's reasoning to determine whether it is "arbitrary or capricious" or, if bound up with a record-based factual conclusion, to determine whether it is supported by "substantial evidence").

[7/] Petitioner alleges that he was not properly subject to the mandatory detention requirements of Section 1226(c). Petitioner's argument that he was not subject to mandatory detention because he was not found deportable on account of a criminal conviction is without merit because the BIA has held that the language "is deportable" in Section 1226(c) does not require that the alien be charged with or found deportable on the particular ground on which detention is based. See In re Kotliar, 24 I & N. Dec. 125, Interim Decision 3558, 2007 WL 858345 (BIA Mar. 21, 2007). Here, Petitioner admitted that he had been convicted of a crime on three occasions and had been sentenced to more than a year for his third conviction. Moreover, the IJ held that Petitioner convictions when considered together amount to a particular serious crime. [Ex. G.] Petitioner's crime was also documented in the Notice to Appear issued to Petitioner. [Ex. C.] Accordingly, Petitioner was properly held pursuant to Section 1226(c) during the pendency of his administrative removal proceedings. Moreover, Petitioner's previous detention under 1226(c) is not at issue here because Petitioner is subject to discretionary detention pending resolution of his petition for review and is not subject to mandatory detention.

because such detention is not attributable to the Attorney General or DHS once the administrative proceedings have been completed.

D. FED. R. APP. PROC. 23(b) IS INAPPLICABLE

Petitioner's contention that this Court should apply Fed. R. App. P. 23(b) is premature, because Rule 23(b) provides that:

> While a decision not to release a petitioner is under review, the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court, may order that the prisoner be:
> (1) detained in the custody from which release is sought;
> (2) detained in other appropriate custody; or
> (3) released on personal recognizance, with or without surety.

Fed. R. App. P. 23(b) (emphasis added). In Nadarajah, the Ninth Circuit was reviewing the district court's decision not to release Nadarajah. See Nadarajah, 443 F.3d at 1083. This Court has not issued a decision whether or not to release Petitioner and thus a decision is not under review. See Texas v. U.S., 523 U.S. 296, 300 (1998) (stating that "a claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all'") (quoting Thomas v. Union Carbide Agricultural Products Co., 473 U.S. 568, 580-581 (1985)). Even if the Court were to apply the equitable standard of review prescribed by Rule 23(b), any hardship or harm to him is self-inflicted because, as discussed above, his detention is voluntary.

IV.

CONCLUSION

For the reasons set forth above, the Petition should be denied.

Dated: December 28, 2007

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Raven M. Norris
RAVEN M. NORRIS
Assistant U.S. Attorney
Attorneys for Respondents