1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10 EPARAMA MAU                          )    Case No. 07cv2037-IEG (LSP)
                                        )
11              Petitioner,             )
                                        )    TABLE OF CONTENTS FOR EXHIBITS IN
12       v.                             )    SUPPORT OF GOVERNMENT'S RETURN IN
                                        )    OPPOSITION TO PETITION FOR WRIT OF
13 MICHAEL B. MUKASEY, U.S. Attorney    )    HABEAS CORPUS
   General; et al.,                     )
14                                      )
                Respondents.            )
15 _____ )

16       Exhibits                                                    Pages

17       Declaration of Raven M. Norris                              16

18       Exhibit A:   Record of Deportable/Inadmissible Alien        17-19

19       Exhibit B:   Notice to Appear, Bond, and Custody Processing Sheet   20-22

20       Exhibit C:   Notice to Appear                               23-25

21       Exhibit D:   Notice of Custody Determination                26-28

22       Exhibit E:   State Court Conviction                         29-33

23       Exhibit F:   Institutional Staff Recommendation Summary     34-38

24       Exhibit G:   Order of Immigration Judge                     39-59

25       Exhibit H:   Board of Immigration Appeals Decision          60-62

26       Exhibit I:   Instructions to Detainee Regarding Requirement  63-67
                      to Assist in Removal
27

28       Exhibit J:   Warning to Alien Ordered Removed or Deported   68-69

<u>TABLE OF CONTENTS FOR EXHIBITS</u> (Continued)

<u>Exhibits</u>                                                                                     <u>Pages</u>

Exhibit K:    Decision to Continue Detention (2005)                          70-82

Exhibit L:    Decision to Continue Detention (2006)                          83-95

Exhibit M:    Decision to Continue Detention (2007)                          96-108

Exhibit N:    General Docket: US Court of Appeals for the Ninth Circuit    109-114

Exhibit O:    Cruiz-Ortiz v. Gonzales, No. 06-55654, (9th Cir. Feb. 22, 2007)  115-117

Exhibit P:    Bernal v. Chertoff, No. 06cv2184-JAH (POR)                  118-123

Exhibit Q:    Arteaga v. Gonzales, No. 07cv1626-BEN (CAB)                124-132

Exhibit R:    Supnet v. Gonzales, No. 06cv2169-JAH (RBB)                 133-137

2

1
2
3                        UNITED STATES DISTRICT COURT

4                      SOUTHERN DISTRICT OF CALIFORNIA

5   EPARAMA MAU,                    )        Civil No. 07 cv 2037 IEG (LSP)
                                    )
6                 Petitioner,       )
                                    )
7        v.                         )        DECLARATION OF RAVEN M. NORRIS
                                    )
8   MICHAEL B. MUKASEY, United States )
    Attorney General, et al.,        )
9                                   )
                  Respondents.      )
10  _____ )

11  I, Raven M. Norris, declare and state as follows:

12        1.      I am employed by the United States Attorney's Office, Southern District of California,

13  as an Assistant United States Attorney.  My current employment address is 880 Front Street, Room

14  6293, San Diego, California, 92101.  I am the attorney assigned to the above-captioned matter.

15        2.      I obtained a copy of the documents, lettered Exhibits A-M, of which a true copy

16  accompanies the Government's Return in Opposition to Petition for Writ of Habeas Corpus in this case,

17  by mail from ICE Officer Reyna in response to my request for Forms I-213, the Notice to Appear, all

18  immigration judge hearings and decisions, all Board of Immigration decisions, and all custody orders

19  and decisions.

20        I declare under penalty of perjury under the laws of the United States that the foregoing is true

21  and correct to the best of my knowledge.

22        Signed this 28th day of December, 2007, in San Diego, California.

23
                                        s/Raven M. Norris____
24                                      RAVEN M. NORRIS

25
26
27
28

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Telephone:  (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6
     Attorneys for Respondents
7

8                          UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF CALIFORNIA
9
10   EPARAMA MAU                        )      Case No. 07cv2037-IEG (LSP)
                                        )
11                    Petitioner,       )
                                        )      RECORD OF DEPORTABLE/INADMISSIBLE
12          v.                          )      ALIEN
                                        )
13   MICHAEL B. MUKASEY, U.S. Attorney  )
     General; et al.,                   )
14                                      )
                      Respondents.      )
15   _____)

16

17

18

19

20

21                                  EXHIBIT A

22

23

24

25

26

27

28

U.S. Department of Justice

Immigration and Naturalization Service

# Record of Deportable/Inadmissible Alien

| Family Name (CAPS) | First | Middle | | Sex | Hair | Eyes | Cmplxn |
|---|---|---|---|---|---|---|---|
| MAU, Eparama Tuitogalevu | | | | M | BLK | BRO | MED |

| Country of Citizenship | Passport Number and Country of Issue | | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| FIJI | 340298 | Case No: SNJ0407000089 A097 890 332 | | 74 | 230 | LABORER |

| U.S. Address | Scars and Marks |
|---|---|
| IN ICE CUSTODY | See Narrative |

| Date, Place, Time, and Manner of Last Entry | Passenger Boarded at | F.B.I. Number | ☒ Single ☐ Divorced ☐ Married ☐ Widower ☐ Separated |
|---|---|---|---|
| 03/15/2001, Unknown Time, LOS, B-2 | | 522754VB8 | |

| Number, Street, City, Province (State) and Country of Permanent Residence | Method of Location/Apprehension |
|---|---|
| | CAP 511.2.3 |

| Date of Birth | Date of Action | Location Code | At/Near | Date/Hour |
|---|---|---|---|---|
| 09/23/1979   Age: 24 | 07/27/2004 | SFR/SNJ | CTF-SOLEDAD | 07/23/2004 0000 |

| City, Province (State) and Country of Birth | AR | Form: (Type and No.) | Lifted | Not Lifted | By |
|---|---|---|---|---|---|
| SUVA, FIJI | ☒ | | ☐ | ☐ | TRONG Q. NGUYEN |

| NIV Issuing Post and NIV Number | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| | | Non-Immigrant | IN INSTITUTION |

| Date Visa Issued | Social Security Number | Length of Time Illegally in U.S. |
|---|---|---|
| | | OVER 1 YEAR |

| Immigration Record | Criminal Record |
|---|---|
| NEGATIVE | See narrative |

| Name, Age, and Nationality of Spouse (Maiden Name, if Appropriate) | Number and Nationality of Minor Children |
|---|---|
| | 1-FIJI |

| Father's Name, Nationality, and Address, if Known  Nationality: FIJI | Mother's Present and Maiden Names, Nationality, and Address, if Known |
|---|---|
| MAU, Tevita | MAU, Elenoa  Nationality: FIJI |

| Monies Due/Property in U.S. Not in Immediate Possession | Fingerprinted? Yes ☒ No ☐ | INS Systems Checks See Narrative | Charge Code Word(s) R1B |
|---|---|---|---|

| Name and Address of (Last)/(Current) U.S. Employer | Type of Employment | Salary Hr. | Employed from/to |
|---|---|---|---|

Narrative (Outline particulars under which alien was located/apprehended. Include details not shown above regarding time, place and manner of last entry, attempted entry, or any other entry, and elements which establish administrative and/or criminal violation. Indicate means and route of travel to interior.)

SCARS, MARKS AND TATTOOS
TATTOO ARM, LEFT, NONSPECIFIC
TATTOO NECK
TATTOO ARM, RIGHT, NONSPECIFIC

INS SYSTEMS CHECKS
Central Index System Negative
Computer Linked Application Information Management System Negative
Non Immigrant Information System Positive

Narrative Title: Record of Deportable/Excludable Alien
Narrative Created by TRINIDAD

STATE ID #CA23231202   CDC# V31352

SUBJECT came to the attention of the Service on July 23, 2004 pursuant to his incarceration at the Correctional Training Facility-Soledad, CA.

SUBJECT claims to be a 24 year-old single male, native and citizen of FIJI, who last entered the United States on March 15, 2001 at/near Los Angeles, CA, as a Non-immigrant B-2 visitor for pleasure with authorization to remain until September 14, 2001.   SUBJECT

| Alien has been advised of communication privileges. 7/23/04  T.N (Date/Initials) | JOHN M. TRINIDAD IMMIGRATION AGENT (E) (Signature and Title of INS Official) |
|---|---|

| Distribution: FILE SSA DETN | Received: (Subject and Documents) (Report of Interview) |
|---|---|
| | Officer: JOHN M. TRINIDAD |
| | on: July 27, 2004 at _____ (time) |
| | Disposition: Warrant of Arrest/Notice to Appear |
| | Examining Officer: RUSSELL MARAMAG JR. |

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation ge for Form  I-213

| Alien's Name | File Number Case No: SNJ0407000089 | Date |
|---|---|---|
| MAU, Eparama Tuitogalevu | A097 890 332 | 07/27/2004 |

remained in the United States beyond September 14, 2001.

On March 16, 2004 SUBJECT was convicted in the Superior Court of California, in and for the County of Sonoma, for the offense of DUI WITH INFLUENCE OF ALCOHOL, a felony in violation of Section 23153(b) of the California Vehicle Code.  For this offense SUBJECT was sentenced to 16 months prison.

SUBJECT claims no ties, equities, or applications pending before the Service on his behalf.

SUBJECT does not have any fears of persecution or torture should he be removed from the United States.

RECOMMEND NO BOND/CRIMINAL ALIEN/R1B Overstay

| Signature | Title |
|---|---|
| JOHN M. TRINIDAD | IMMIGRATION AGENT(E) |

__2__ of __2__ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

1    KAREN P. HEWITT
     United States Attorney
2    RAVEN NORRIS
     Assistant U.S. Attorney
3    California State Bar No. 232868
     Office of the U.S. Attorney
4    880 Front Street, Room 6293
     San Diego, California 92101-8893
5    Telephone: (619) 557-7157
     E-mail: Raven.Norris@usdoj.gov
6

7    Attorneys for Respondents

8                UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10   EPARAMA MAU            )        Case No. 07cv2037-IEG (LSP)
                        )
11           Petitioner,      )
                        )        NOTICE TO APPEAR, BOND, AND
12      v.                   )        CUSTODY PROCESSING SHEET
                        )
13   MICHAEL B. MUKASEY, U.S. Attorney )
     General; et al.,             )
14                        )
          Respondents.     )
15   _____ )

16

17

18

19

20

21                         EXHIBIT B

22

23

24

25

26

27

28

**U.S. Department of Justice**
Immigration and Naturalization Service

# Notice to Appear, Bond, and Custody Processing Sheet

| A. Alien's Name | | | |
|---|---|---|---|
| **Eparama Tuitogalevu MAU** | | | |

| Date of birth | File No. | Case No: SNJ0407000089 | Date of processing |
|---|---|---|---|
| **09/23/1979** | | **A097 890 332** | **07/27/2004** |

| Address |
|---|
| **IN ICE CUSTODY** |

Factual Allegations (attach separate sheet if necessary):  ☐ Charged under section 212 as inadmissible  ☒ Charged under section 237 as deportable

**See I-831**

☐ Attorney of Record?

Supporting Evidence  **CIS PRINTOUTS, CLAIMS PRINTOUTS, NIIS PRINTOUTS**

**B. ADDITIONAL FACTORS TO BE CONSIDERED FOR BOND/CUSTODY DETERMINATION**

1. Is a petition or application pending for this alien or a family member? (Explain)
   **NONE**

2. Total times apprehended
   Bonded before? _____   How many times? _____   Released O/R before? _____
   Bond breached? _____   How many times? _____   Complied with terms of O/R? _____

3. Present health of subject, spouse and children (Explain if other than good)
   **GOOD**

4. Total time in U.S., dates and location; residing with (Family members or others)
   **SINCE ENTRY**

5. Personal property in U.S. (Liquid and non-liquid assets)

6. Family members in U.S. (Spouse, children, immediate relatives) address if different than subject's

7. Employment history:  (Other than current)

8. Other factors (i.e. false claim, attempted flight, unsupervised children at home, etc.)

| C. The undersigned recommends: | ☐ V/D without OSC | ☒ NTA Charges (Code)  **R1B** |
|---|---|---|
| | Signature and title of officer **JOHN M. TRINIDAD    IMMIGRATION AGENT(E)** | |

| D. Approved as to legal sufficiency:   Date: _____   Office: _____ |
|---|
| Signature and title of Service counsel: _____ |

| E. Based on the above information I have set the following bond: $ _____   Date: **07/27/2004**   Office: **SNJ/SFR** |
|---|
| Signature and title of authorizing official: _____   Deputy IHP Director |

**U.S. Department of Justice**
Immigration and Naturalization Service

**Continuation**  ge for Form  I-265

| Alien's Name | File Number | Date |
|---|---|---|
| Eparama Tuitogalevu MAU | Case No: SNJ0407000089<br>A097 890 332 | 07/27/2004 |

**FACTUAL ALLEGATIONS**

1) You are not a citizen or national of the United States;

2) You are a native of FIJI and a citizen of FIJI;

3) You were admitted to the United States at Los Angeles, CA on or about March 15, 2001 as a nonimmigrant B-2 visitor with authorization to remain in the United States for a temporary period not to exceed September 14, 2001;

4) You remained in the United States beyond September 14, 2001 without authorization from the Immigration and Naturalization Service.

| Signature | Title |
|---|---|
| JOHN M. TRINIDAD | IMMIGRATION AGENT(E) |

_2_ of _2_ Pages

Form I-831 Continuation Page (Rev. 6/12/92)

KAREN P. HEWITT
United States Attorney
RAVEN NORRIS
Assistant U.S. Attorney
California State Bar No. 232868
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone:  (619) 557-7157
E-mail: Raven.Norris@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EPARAMA MAU | ) | Case No. 07cv2037-IEG (LSP) |
| | ) | |
| Petitioner, | ) | |
| | ) | NOTICE TO APPEAR |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY, U.S. Attorney General; et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

EXHIBIT C

U.S. Department of Justice
Immigration and Naturalization Service                                                    Notice to Appear

---

**In removal proceedings under section 240 of the Immigration and Nationality Act**

File No: A97 890 332
CDC: V31352
Rel Date: 10/5/2004

In the Matter of:

Respondent:   MAU, Eparama Tuitogalevu
currently residing at  C/O California Department of Corrections
                       (Number, street, city, state and ZIP code)

U.S. IMMIGRATION & NATURALIZATION SERVICE
INSTITUTIONAL HEARING PROGRAM
ED.
CA. 92233
(Area code and phone number)

☐ 1. You are an arriving alien.

☐ 2. You are an alien present in the United States who has not been admitted or paroled.

☒ 3. You have been admitted to the United States, but are deportable for the reasons stated below.

The Service alleges that you:

☐ 4. You are not a citizen or national of the United States.

☐ 5. You are a native of Fiji and a citizen of Fiji.

☐ 6. You were admitted to the United States at Los Angeles, California on or about 3/15/2001 as a nonimmigrant visitor;

☐ 7. You remained in the United States without authorization from the Immigration and Naturalization Service;

☐ 8. You were, on 3/16/2004, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence of Alcohol, in violation of Section 23153 (b) of the California Vehicle Code;

☐ 9. For that offense, you were sentenced to confinement for a period of 1 year, 4 months.

On the basis of the foregoing, it is charged that you are subject to removal from the United States pursuant to the following provision(s) of law:

237(a)(1)(B) of the Immigration and Nationality Act, as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the ACT, you have remained in the United States for a time longer than permitted.

☐ This notice is being issued after an asylum officer has found that the respondent has demonstrated a credible fear of persecution.

☐ Section 235(b)(1) order was vacated pursuant to: ☐ 8 CFR 208.30(f)(2) ☐ 8 CFR 235.3(b)(5)(iv)

YOU ARE ORDERED to appear before an immigration judge of the United States Department of Justice at:

To be set
(Complete Address of Immigration court, Including room Number, if any)

on  9/30/04    at  0830            to show why you should not be removed from the United States based on the charge(s) set forth above.
   (Date)         (Time)

L. TERON Amarillas
Supervisory Detention and Deportation Officer
(Signature and Title of Issuing Officer)
Caliptria, California
(City and State)

Date: 9/16/04            **See reverse for important information**            Form I-862 (Rev. 4-1-97)

Warning: Any statement you make may be used against you in removal proceedings.

Alien Registration: This copy of the Notice to appear served upon you is evidence of your alien registration while you are under removal proceedings. You are required to carry it with you at all times.

Representation: If you so choose, you may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before the Executive Office for Immigration Review, pursuant to 8 CFR 3.16. Unless you so request, no hearing will be scheduled earlier than ten days from the date of this notice, to allow you sufficient time to secure counsel. A list of qualified attorneys and organizations who may be available to represent you at no cost will be provided with this Notice.

Conduct of the hearing: At the time of your hearing, you should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you must bring the original and a certified English translation of the document. If you wish to have the testimony of any witnesses considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all the allegations in the Notice to Appear and that you are inadmissible or deportable on the charges contained in the Notice of Appear. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government.

You will be advised by the immigration judge before whom you appear, of any relief from removal for which you may appear eligible including the privilege of departing voluntarily. You will be given a reasonable opportunity to make any such application to the immigration judge.

Failure to appear: You are required to provide the INS, in writing, with your full mailing address and telephone number. You must notify the Immigration Court immediately by using Form EOIR-33 whenever you change your address or telephone number during the course of this proceeding. You will be provided with a copy of this form. Notices of hearing will be mailed to this address. If you do not submit Form EOIR-33 and do not otherwise provide an address at which you may be reached during proceedings, then the government shall not be required to provide you with written notice of your hearing. If you fail to attend the hearing at the time and place designated on this notice, or any date and time later directed by the Immigration Court, a removal order may be made by the immigration judge in your absence, and you may be arrested and detained by the INS.

Request for Prompt Hearing

To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge.

_____
(Signature of Respondent)

Before:

_____
(Signature and title of INS Officer)

Date: _____ SEP 22 2004 _____

---

Certificate of Service

This Notice to appear was served on the respondent by me on _____ SEP 22 2004 _____, in the following manner and in
                                                                    (Date)

compliance with section 239(1)(1)(F) of the Act:                    Aliens right index print

☒ in person   ☐ by certified mail, return receipt requested   ☐ by regular mail

☒ Attached is a list of organizations and attorneys which provide free legal services.

☒ The alien was provided oral notice in the _____ English _____ language of the time
   and place of his or her hearing and of the consequences of failure to appear as provided in
   section 240(b)(7) of the Act.

_____          _____
(Signature of Respondent if Personally Served)   (Signature and Title of Officer)

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA
9
                              )
10  EPARAMA MAU               )        Case No. 07cv2037-IEG (LSP)
                              )
11              Petitioner,   )
                              )        NOTICE OF CUSTODY DETERMINATION
12       v.                   )
                              )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,          )
14                            )
                Respondents.  )
15  _____ )

16

17

18

19

20

21                      EXHIBIT D

22

23

24

25

26

27

28

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Custody Determination

File No: **A97 890 332**
Date: 8/31/2004

*Pursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations, I have determined that pending a final determination by the immigration judge in your case, and in the event you are ordered removed from the United States, until you are taken into custody for removal, you shall be:*

☒ *detained in the custody of this Service.*

☒ *released under bond in the amount of $NO BOND.*

☐ *released on your own recognizance.*

☐ *You may request a review of this determination by an immigration judge.*

☐ *You may not request a review of this determination by an immigration judge because the Immigration and Nationality Act prohibits your release from custody.*

*(Signature of authorized officer)*

**Supervisory Detention and Deportation Officer**
*(Title of authorized officer)*

**Calipatria, California**
*(INS office location)*

☒ *I do ☐ do not request a redetermination of this custody by an immigration judge.*

☒ *I acknowledge receipt of this notification.*

*(Signature of respondent)*                SEP 22 2004
                                          *Date*

---

## RESULT OF CUSTODY REDETERMINATION

*On _____, custody status/conditions for release were reconsidered by:*

☐ *Immigration Judge*          ☐ *District Director*          ☐ *Board of Immigration Appeals*

*The results of the redetermination/reconsideration are:*

☐ *No change - Original determination upheld.*    ☐ *Release - Order of Recognizance*
☐ *Detain in custody of this Service*              ☐ *Release - Personal Recognizance*
☐ *Bond amount reset to _____*          ☐ *Other: _____*

_____
*(Signature of Officer)*

*Form I-286 (Rev. 4-1-97)N*

U.S. Department of Justice
Immigration and Naturalization Service

Warrant for Arrest of Alien

File No: A 97 890 332
Date: 8/31/2004

To any officer of the Immigration and Naturalization Service delegated authority pursuant

  to section 287 of the Immigration and Nationality Act:

From evidence submitted to me, it appears that:

        MAU, Eparama Tuitogalevu

_____
                          (Full name of alien)

an alien who entered the United States at or near   Los Angeles, California on  3/15/2001
                                        (Port)             (Date)
is within the country in violation of the immigration laws and is

therefore liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act.

By virtue of the authority vested in me by the immigration laws of the United States and the

regulations issued pursuant thereto, I command you to take the above-named alien into custody

for proceedings in accordance with the applicable provisions of the immigration laws and

regulations.

                                      (Signature of authorized INS official)

    L. Tanori-Amarillas
    (Print name of official)
    **Supervisory Detention and Deportation Officer**
    (Title)

---

### Certificate of Service

Served by me at  Calipatria State Prison, 7018 Blair Road, Calipatria, CA on  <u>10/5/2004</u> at <u>0800</u> :
I certify that following such service, the alien was advised concerning his or her right to counsel and was
furnished a copy of this warrant.

                            (Signature of officer serving warrant)

    Immigration Enforcement Agent
    (Title of officer serving warrant)

Form I-200 (Rev. 4-1-97)N

KAREN P. HEWITT
United States Attorney
RAVEN NORRIS
Assistant U.S. Attorney
California State Bar No. 232868
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone:  (619) 557-7157
E-mail: Raven.Norris@usdoj.gov

Attorneys for Respondents

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EPARAMA MAU | ) | Case No. 07cv2037-IEG (LSP) |
| | ) | |
| Petitioner, | ) | |
| | ) | STATE COURT CONVICTION |
| v. | ) | |
| | ) | |
| MICHAEL B. MUKASEY, U.S. Attorney | ) | |
| General; et al., | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

EXHIBIT E

V 3i3

## ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
## SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM
[Not to be used for multiple count convictions or for 1/3 consecutive sentences]

CR-290.1

SUPERIOR COURT OF CALIFORNIA, COUNTY OF: **SONOMA**

PEOPLE OF THE STATE OF CALIFORNIA vs.
DEFENDANT: **EPARAMA TUITOGALEVU MAU**     DOB: **09-23-79**

AKA:
CII#:
BOOKING #:     ☐ NOT PRESENT

COMMITMENT TO STATE PRISON     ☐ AMENDED
ABSTRACT OF JUDGMENT     ABSTRACT

CASE NUMBER
**SCR-33700**

ENDORSED
FILED
APR 21 2004
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

| DATE OF HEARING **04-14-04** | DEPT. NO. **3** | JUDGE **L. ANTOLINI** |
|---|---|---|
| CLERK **T. HUDSON** | REPORTER **S. HARDGROVE** | PROBATION NO. OR PROBATION OFFICER **117648** |
| COUNSEL FOR PEOPLE **A. MCMAHON** | COUNSEL FOR DEFENDANT **J. MITCHELL** | ☐ APPTD. |

1. Defendant was convicted of the commission of the following felony:

| CNT. | CODE | SECTION NUMBER | CRIME | YEAR CRIME COMMITTED | DATE OF CONVICTION (MO./DATE/YEAR) | CONVICTED BY JURY | COURT | PLEA | TERM (L,M,U) | TIME IMPOSED YRS. | MOS. |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 2 | VC | 23153(b) | DUI WITH INFLUENCE OF ALCOHOL | 2004 | 03-16-04 | | | X | L | | 16 |

2. ENHANCEMENTS charged and found to be true TIED TO SPECIFIC COUNTS (mainly in the PC 12022 series). List each count enhancement horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| CNT. | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

3. ENHANCEMENTS charged and found to be true FOR PRIOR CONVICTIONS OR PRISON TERMS (mainly in the PC 667 series). List all enhancements horizontally. Enter time imposed for each or "S" for stayed. DO NOT LIST ANY STRICKEN ENHANCEMENT(S).

| ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | ENHANCEMENT | Y/S | TOTAL |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

4. ☐ Defendant was sentenced pursuant to PC 667 (b)-(i) or PC 1170.12 (two-strikes).

5. FINANCIAL OBLIGATIONS (including any applicable penalty assessments):

Restitution Fine(s): $**200** per PC 1202.4(b) forthwith per PC 2085.5;  $**200** per PC 1202.45 suspended unless parole is revoked.

Restitution per PC 1202.4(f): ☐ $_____ / ☒ Amount to be determined   to ☒ victim(s)*   ☐ Restitution Fund
(*List victim name(s) if known and amount breakdown in item 7 below.)

Fine(s): $_____ per PC 1202.5. $_____ per VC 23550 or _____ days ☐ county jail ☐ prison in lieu of fine ☐ CC ☐ CS

Lab Fee: $_____ per HS 11372.5(a) for counts _____ .  ☐ Drug Program Fee of $150 per HS 11372.7(a).

6. TESTING:  a. ☐ AIDS pursuant to PC 1202.1     b. ☐ DNA pursuant to PC 296     c. ☐ other (specify):

7. Other orders (specify): **Not to own, possess, control of firearms or ammo. *to be paid as directed by CDC.**

| 8. | TOTAL TIME IMPOSED EXCLUDING COUNTY JAIL TERM: | 16 |
|---|---|---|

9. ☐ This sentence is to run concurrent with (specify):

10. Execution of sentence imposed
   a. ☒ at initial sentencing hearing.
   b. ☐ at resentencing per decision on appeal.
   c. ☐ after revocation of probation.
   d. ☐ at resentencing per recall of commitment (PC 1170(d)).
   e. ☐ other (specify):

I certify that this is a true and correct copy of court certified document(s) on file with the California Department of Corrections

| 11. | DATE SENTENCE PRONOUNCED **04-14-04** | CREDIT FOR TIME SPENT IN CUSTODY | TOTAL DAYS: **145** INCLUDING: | ACTUAL LOCAL TIME **97** | LOCAL CONDUCT CREDITS **48** | ☐ 4019 ☐ 2933.1 | 4019 2933.1 | TIME SERVED IN STATE INSTITUTION | ☐ PC ☐ CDC ☐ CRC |
|---|---|---|---|---|---|---|---|---|---|

12. The defendant is remanded to the custody of the sheriff ☒ forthwith   ☐ after 48 hours excluding Saturdays, Sundays, and holidays.
   To be delivered to ☒ the reception center designated by the director of the California Department of Corrections.
   ☐ other (specify):

**CLERK OF THE COURT:** I hereby certify the foregoing to be a correct abstract of the judgment made in this action.

| DEPUTY'S SIGNATURE | DATE **04-21-04** |
|---|---|

This form is prescribed under PC 1213.5 to satisfy the requirements of PC 1213 for determinate sentences. Attachments may be used but must be referred to in this document.

Form Adopted for Mandatory Use
Judicial Council of California
CR -290.1 (Rev. January 1, 2003)

ABSTRACT OF JUDGMENT – PRISON COMMITMENT – DETERMINATE
SINGLE, CONCURRENT, OR FULL-TERM CONSECUTIVE COUNT FORM

Penal Code,
§§ 1170,1213, 1213.5



1   STEPHAN R. PASSALACQUA, #138293
    District Attorney, County of Sonoma

2   BRIDGET A. HANNIGAN, #180920
    Deputy District Attorney

3   Hall of Justice, Room 212-J
    600 Administration Drive

4   Santa Rosa, CA 95403
    (707) 565-2311

5

6   Attorney for The People

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF SONOMA

8   THE PEOPLE OF THE STATE OF CALIFORNIA,    )    COURT NO.      33700
                                Plaintiff,    )    D.A. NO.    DAR-477058

9              vs.                            )

10                                           )
    EPARAMA TUITOGALEVU MAU                   )    INFORMATION

11                                           )    23153(a) VC
                                             )    with 2 priors

12                                           )    23153(b) VC
                                             )    with 2 priors

13                                           )    14601.2(a) VC (M)
                                             )    14601.5(a) VC (M)

14                                           )    16028(a) VC (I)
                                             )

15                              Defendant    )

16                          COUNT I

17          The said defendant, **EPARAMA TUITOGALEVU MAU**, is accused by the District

18  Attorney of and for the County of Sonoma, State of California, by this Information, of a **felony**, in

19  that on or about the **9th day of January, 2004**, in the County of Sonoma, State of California, the

20  said defendant, **EPARAMA TUITOGALEVU MAU**, did violate Section **23153(a)** of the

21  VEHICLE CODE, in that he did unlawfully, while under the influence of an alcoholic beverage and

22  a drug and under their combined influence, drive a vehicle and in so driving, concurrently did an act

23  forbidden by law, to wit: 22107(a)VC-UNSAFE TURNING MOVEMENT, and neglected a duty

24  imposed by law which proximately caused bodily injury to KAVENI LEVU,

25          It is further alleged that the defendant proximately caused bodily injury to more than one

26  victim, to wit: JANELL FRONTEIRA, within the meaning of Vehicle Code section 23558.

                                1

I certify that this is a true and correct copy of court certified document(s) on file with the California Department of Corrections

U.S. Immigration Officer

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SONOMA

FEB 17 2004

BY _____ Deputy Clerk

I HEREBY CERTIFY THAT THE WITHIN INSTRUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN THIS OFFICE

ATTEST:  APR 21 2004

Clerk of the Superior Court of California
County of Sonoma
By _____ Deputy Clerk

COUNT II

As and for a further and separate cause of action, being a different offense from but connected in its commission with crimes set forth hereinabove, the said defendant, **EPARAMA TUITOGALEVU MAU,** is accused by the District Attorney of and for the County of Sonoma, State of California, by this Information, of a **felony**, in that on or about the **9th day of January, 2004,** in the County of Sonoma, State of California, the said defendant did violate Section **23153(b)** of the VEHICLE CODE, in that the said defendant did unlawfully while having .08 percent and more, by weight, of alcohol in his blood, drive a vehicle and in so driving did an act forbidden by law to wit: 22107 VC-UNSAFE TURNING MOVEMENT, and neglected a duty imposed by law which proximately caused bodily injury to KAVENI LUVU.

It is further alleged that the defendant proximately caused bodily injury to more than one victim, to wit: JANELL FRONTEIRA, within the meaning of Vehicle Code section 23558.

COUNT III

As and for a further and separate cause of action, being a different offense from but connected in its commission with crimes set forth hereinabove, the said defendant, **EPARAMA TUITOGALEVU MAU,** is accused by the District Attorney of and for the County of Sonoma, State of California, by this Information, of a **misdemeanor,** in that on or about the **9th day of January, 2004,** in the County of Sonoma, State of California, the said defendant did violate Section **14601.2(a)** of the VEHICLE CODE, in that the said defendant did unlawfully drive a motor vehicle upon a highway at a time when his driving privilege was suspended and revoked for driving under the influence of an alcoholic beverage and a drug, and their combined influence, and when he had knowledge of said suspension and revocation.

COUNT IV

As and for a further and separate cause of action, being a different offense from but connected in its commission with crimes set forth hereinabove, the said defendant, **EPARAMA TUITOGALEVU MAU,** is accused by the District Attorney of and for the County of Sonoma, State

2

of California, by this Information, of a **misdemeanor**, in that on or about the **9th day of January,**

**2004**, in the County of Sonoma, State of California, the said defendant did violate Section

3   **14601.5(a)** of the VEHICLE CODE, in that the said defendant did unlawfully drive a motor vehicle

4   with knowledge that his or her driver's license was suspended and revoked pursuant to Vehicle Code

5   sections 13353 and 13353.2.

6                                    COUNT V

7          As and for a further and separate cause of action, being a different offense from but

8   connected in its commission with crimes set forth hereinabove, the said defendant, **EPARAMA**

9   **TUITOGALEVU MAU,** is accused by the District Attorney of and for the County of Sonoma, State

10  of California, by this Information, of a **n infraction**, in that on or about the **9th day of January,**

11  **2004**, in the County of Sonoma, State of California, the said defendant did violate Section **16028(a)**

12  of the VEHICLE CODE, in that the said defendant did, without evidence of financial responsibility,

13  drive upon a highway a motor vehicle required to be registered in this state.

14                             **PRIOR CONVICTIONS**

15  That prior to the commission of the offense set forth in Count I & II hereof, the said defendant was

16  convicted in the State of California of violation of the Vehicle Code as follows:

| COURT | JUDICIAL DISTRICT | COUNTY/ DOCKET | DATE OF OFFENSE | DATE OF CONVICTION | SECTION |
|---|---|---|---|---|---|
| Superior | Santa Rosa | 392776 | 1/24/02 | 2/14/02 | 23152(b)VC |
| Superior | Santa Rosa | 395878 | 3/24/02 | 3/28/02 | 23152(b)VC |

20         Contrary to the form, force and effect of the Statute in such case made and provided and

21  against the peace and dignity of the People of the State of California.

22                              STEPHAN R. PASSALACQUA, DISTRICT ATTORNEY
                               County of Sonoma, State of California

23

24  BY:

    BRIDGET A. HANKON
    Deputy District Attorney

25

26  00001449

                                         3

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU                    )     Case No. 07cv2037-IEG (LSP)
                                   )
11              Petitioner,        )
                                   )     INSTITUTIONAL STAFF
12       v.                        )     RECOMMENDATION SUMMARY
                                   )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                )
14                                 )
                Respondents.       )
15  _____ )

16

17

18

19

20

21                            EXHIBIT F

22

23

24

25

26

27

28

## SQ/RC
## INSTITUTIONAL STAFF RECOMMENDATION SUMMARY

**SOURCES OF REPORT**:

The sources of information for this ISRS report are the Legal Status Summary dated May 17, 2004, Abstract of Judgment dated April 21, 2004, Probation Officer's Report dated April 26, 2004, CLETS Printout dated April 23, 2004, and the Inmate interview dated May 24, 2004.

**ENEMY/GANG/CONFIDENTIAL**:

No enemy, gang, or confidential information was noted during Reception Center processing.

**HOLDS/DETAINERS**:

There is a possible USINS hold on Inmate MAU who is a native of Fiji: CDC850 initiated.  There is a possible misdemeanor hold from Marin County for Possession of Marijuana noted on the CLETS Printout.

**MEDICAL/DENTAL**:

Inmate MAU is Full Duty/Camp/CCF qualified, cleared for food handling, Dental Code # 3 routine follow-up is needed; per CDC 128C1 dated April 26, 2004.  TB Alert Code: 22.  The current medical assessment on this inmate by institutional staff doesn't necessitate placement in the Disability Placement Program (DPP).

**PSYCHIATRIC/PSYCHOLOGICAL**:

Inmate MAU is cleared for general population (no restrictions); per CDC 128C dated April 26, 2004.  This inmate has been screened for placement in the Developmental Disabilities Program and has cognitive test scores that do not require adaptive functioning evaluation (NCF).  This file was screened for MDO commitment offense criteria and the case factors do not meet the basic criteria.

**WORK SKILLS**:

Inmate MAU claims work experience and/or employable skills as a Security Worker.

**NARCOTICS/DRUGS/ALCOHOL**:

Inmate MAU reports that his drug of choice is marijuana.  Inmate MAU describes himself as an alcoholic.

**ESCAPE HISTORY**:

No escape history was noted during Reception Center processing.

**ARSON HISTORY**:

No arson history was noted during Reception Center processing.

**SEX-RELATED OFFENSES**:

No sex offense history was noted during Reception Center processing.

**ACADEMIC/VOCATIONAL**:

Inmate MAU reports that he completed 12 years of formal schooling in Fiji and Australia.

**CASEWORK FOLLOW-UP**:

Receiving institution should obtain and evaluate CII/FBI, and follow-up on possible USINS hold.

| Number: V31352 | Name: MAU, EPARAMA | Date: 5/24/2004 |

**\(\)MINAL HISTORY**:

te MAU's adult criminal history includes arrests/convictions for DUI Conviction, Possession Marijuana, \(\)riving with a Suspended License.  Inmate MAU has no (PC) 502 computer related conviction(s).

mitment Offense Statement: MAU admits culpability for this offense.

**\(\)LUATION**:

ate MAU is a 24 year old, Fijian male 1st termer received in CDC from Sonoma County on April 22, 2004 the Controlling Case of DUI Over legal BAC W/Injury (VC 23153B).  This inmate is serving a 1 year(s) 4 nths term, who was convicted by a guilty plea.   It is anticipated that this inmate will have no adjustment blems while incarcerated.

mmitment Offense:  The Subject caused a collision during which his passenger and the driver of another nicle were injured.  The Subject's blood alcohol content was .16/.16%.

AU's criminal record consists primarily of alcohol related driving offenses.  Prior rehabilitative efforts have iled to correct his behavior.  The Subject should be allowed to participate in a substance abuse program during is term.

estitution/fine of $200 was ordered by Sonoma County.

**:OUNTY OF LAST LEGAL RESIDENCE**

\(\)his inmate confirms that Sonoma is the County of his last legal residence.  This statement is verified through he C-File, therefore this County will be utilized for CCRC screening and parole purposes.

**REENTRY**:

~~Inmate MAU is within 9 months of parole, therefore a CDC611 (Release Program Study/Parole Assessment)~~ was completed.  Inmate MAU identified his place of residence as:

1103 Santa Catalina
Santa Rosa
Sammy
(Friend)

**SINGLE CELL**:

No single cell concerns were noted on Inmate MAU during Reception Center processing.

**SPECIAL PROGRAMS ELIGIBILITY**:

| | |
|---|---|
| **MSF**: | Eligible for MSF.  This inmate desires to participate in the MSF program. |
| **Camp**: | Ineligible for Camp due to time to serve. |
| **CCF**: | Eligible for CCF/MCCF.  This inmate desires to participate in the CCF program. |
| **CCRC**: | Ineligible for CCRC due to CLLR. |
| **SAP**: | Ineligible for SAP due to a possible USINS hold. |
| **REST**: | Ineligible for the Restitution Center program due to an unreasonable risk to society. |

**PLACEMENT SCORE**:  | 16 |          **SECURITY LEVEL**:  | I |

---

**Number:**  V31352          **Name:**  MAU, EPARAMA          **Date:**  5/24/2004

)N RECOMMENDATION:

IF I (Inmate Request)

rRATIVE PLACEMENT:

:able

:TIONAL COUNSELOR:        _____        5/24/04
                          **M. FARMER, CC I**        **DATE**

VISOR'S RECOMMENDATION:   _____        _____
                          **P. JOHNSTON, CC II**        **DATE**

:UR/DOES NOT CONCUR

he ISRS 7 Automated Template

---

**Number:   V31352          Name:   MAU, EPARAMA          Date:   5/24/2004**

## SOCIAL FACTORS

| NT'S NAME | AGE | OCCUPATION | ADDRESS & PHONE | |
|---|---|---|---|---|
| r   Elenda Ulunisaravi Mau | 51 | Housewife | Fiji | |
| Tevita Peni Mau | 58 | Manager - Post Office | Fiji | |

| NG'S NAME | AGE | OCCUPATION | ADDRESS & PHONE | |
|---|---|---|---|---|
| ., Peni, Mareca | 33, 37, 18 | | Fiji | |

### .RIAGE HISTORY

| RRIAGES | DATE | STATUS | ADDRESS & PHONE |
|---|---|---|---|
| e | | | |

| T LEGALIZED | DATE | STATUS | ADDRESS & PHONE |
|---|---|---|---|
| ne | | | |

### IILDREN

| IILDREN: NAME | AGE | SUPPORTED BY | LIVING WITH | ADDRESS & PHONE |
|---|---|---|---|---|
| ne | | | | |

### NY FAMILY ARREST HISTORY

| AME | RELATIONSHIP | OFFENSE(S) | DISPOSITION |
|---|---|---|---|
| one | | | |

| RELIGION | DRIVER'S LICENSE # | STATUS | SOCIAL SECURITY # |
|---|---|---|---|
| Christian | None Issued | No Status | None Issued |

| USUAL OCCUPATION | LAST EMPLOYER | ADDRESS & PHONE |
|---|---|---|
| Security | Global Management | San Jose |

| HOME ADDRESS | CITY | PHONE | NAME | RELATION |
|---|---|---|---|---|
| 1103 Santa Catalina | Santa Rosa | | Sammy | Friend |

Number: V31352                Name: MAU, EPARAMA

Do not edit below this line

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                        UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU                      )        Case No. 07cv2037-IEG (LSP)
                                     )
11              Petitioner,          )
                                     )        ORDER OF IMMIGRATION JUDGE
12        v.                         )
                                     )
13  MICHAEL B. MUKASEY, U.S. Attorney)
    General; et al.,                 )
14                                   )
                Respondents.         )
15  _____)

16

17

18

19

20

21                              EXHIBIT G

22

23

24

25

26

27

28

IMMIGRATION COURT
2409 LA BRUCHERIE ROAD
IMPERIAL, CA  92251

In the Matter of

Case No.: A97-890-332

*S-MAU, EPARAMA TUITOGALEVU                    IN REMOVAL PROCEEDINGS
       Respondent
                    ORDER OF THE IMMIGRATION JUDGE
This is a summary of the oral decision entered on Dec 15, 2004.
This memorandum is solely for the convenience of the parties.  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.
[X] The respondent was ordered removed from the United States to Fiji.
    or in the alternative to
[ ] Respondent's application for voluntary departure was denied and
    respondent was ordered removed to
    or in the alternative to
[ ] Respondent's application for voluntary departure was granted until
        upon posting a bond in the amount of $ _____
    with an alternate order of removal to
Respondent's application for:
[X] Asylum was ( ) granted ( X ) denied ( ) withdrawn ( X ) TIME BARRED
[X] Withholding of removal was ( )granted ( X ) denied ( ) withdrawn
[ ] A Waiver under Section ____ was ( ) granted ( ) denied ( ) withdrawn
[ ] Cancellation under Section 240A(a) was ( )granted ( )denied ( )withdrawn
Respondent's application for:
[ ] Cancellation under Section 240A(b)(1) was ( ) granted ( ) denied
    ( ) withdrawn.  If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Cancellation under Section 240A(b)(2) was ( ) granted ( ) denied
    ( ) withdrawn.  If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[ ] Adjustment of Status under Section ____ was ( ) granted ( ) denied
    ( ) withdrawn.  If granted it is ordered that the respondent be issued
    all appropriated documents necessary to give effect to this order.
[X] Respondent's application of ( X ) withholding of removal ( X ) deferral of
    removal under Article III of the Convention Against Torture was
    ( ) granted ( X ) denied ( ) withdrawn.
[ ] Respondent's status was rescinded under section 246.
[ ] Respondent is admitted to the United States as a _____ until _____
[ ] As a condition of admission, respondent is to post a $ _____ bond.
[ ] Respondent knowingly filed a frivolous asylum application after proper
    notice.
[ ] Respondent was advised of the limitation on discretionary relief for
    failure to appear as ordered in the Immigration Judge's oral decision.
[ ] Proceedings were terminated.
[X] Other: Interview Screens (Dennis Snod\___
Date: Dec 15, 2004

                                        Dennis N James
                                        DENNIS R. JAMES
                                        Immigration Judge

IRS


IJ Order

**UNITED STATES DEPARTMENT OF JUSTICE**
**Executive Office of Immigration Review**
**Immigration Court**
**EL CENTRO, California**

*File NO. A#97 890 332*            )        *Nov. 16, 2004*
                                  )
*In the Matter of*                )        **IN REMOVAL PROCEEDINGS**
                                  )
**MAU, Eparama Tuitogalevu**      )        *Judge: James*
                                  )        *Detained*
*Respondent*_____ )

### CERTIFICATE OF SERVICE

*I certify that on the above date I served a copy of the attached document(s),*
**PREHEARING STATEMENT**_____ *upon*
*each of the following by Personal Service:*

*MAU, Eparama Tuitogalevu  A#97 890 332*
*Barracks    N-49*
*Department of Homeland Security*
*Bureau of Immigration & Customs Enforcement*
*1115 Nth Imperial Ave.*
*El Centro, CA,  92243*

*Gloria Gonzalez,*
*Legal Assistant, DHS/ICE*
*El Centro, California*

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION COURT
El Central, California


File A 97 890 332                          December 15, 2004

In the Matter of


EPARAMA TUITOGALEVU MAU,        )          IN REMOVAL PROCEEDINGS
                                )
          Respondent            )


CHARGE:        Section 237(a)(1)(B) of the Immigration and
               Nationality Act, as amended, in that after
               admission as a non-immigrant under Section
               101(a)(15) of the Act, you have remained in the
               United States for a time longer than permitted.


APPLICATIONS:  Form I-589 to be considered for Asylum;
               Withholding under the Immigration Act;
               Withholding under Article 3 of the Convention
               Against Torture; and in the alternative,
               deferral under Article 3 of the Convention
               Against Torture.


ON BEHALF OF RESPONDENT:        ON BEHALF OF THE DEPARTMENT
                                OF HOMELAND SECURITY:

Pro Se                          Jeffrey Linblatt, Esquire
                                Assistant Chief Counsel
                                1115 North Imperial Avenue
                                El Central, California 92243


ORAL DECISION OF THE IMMIGRATION JUDGE

        The Department of Homeland Security issued the Notice

to Appear, September 16, 2004, alleging the above-ground of

deportability as the basis for the respondent's removal from

the United States.  A Notice to Appear was personally served on

the respondent, September 22, 2004, and subsequently filed with

SOT

the Immigration Court, September 28, 2004.

The respondent was directed to appear before the Immigration Court, September 30, 2004, at 8:30 in the morning, at Calipatria State Prison in Calipatria, California, in an institutional hearing program.

The respondent did appear, the Court would note that his first appearance was by Tele-Video Conference. The Court was sitting in Imperial, California, and the respondent was at Calipatria State Prison in Calipatria, California.

Both of those locations are under the jurisdiction of the Ninth Circuit Court of Appeals.

The respondent was placed under oath to tell the truth in the proceedings.

The respondent was advised as to why he was in Court, the purpose of the proceedings, the rights to which he's entitled, each of the allegations was read to the respondent and the charge of deportability explained to him. The respondent stated that he understood each of these items.

The respondent confirmed that his true name is as set forth on the Notice to Appear, and that he had in fact received a copy of the Notice to Appear.

The respondent confirmed that he had received the list of legal services and the forms setting forth his appeal rights.

The respondent was asked if he had retained counsel,

07cv2037_00043

SOT

he indicated that he had not and wished some time to do so, and the matter was continued to give him an opportunity to try and obtain counsel.

The respondent appeared before the Court after several continuances, and the respondent was required to proceed without counsel since he had been unable to retain counsel.

The respondent admitted each of the allegations filed against his.  He admitted that he is not a citizen or national of the United States, that he is a native and citizen of Fiji. He admitted that he was lawfully admitted to the United States at Los Angeles, California, on or about March 15, 2001, as a non-immigrant visitor.  He admitted that he remained in the United States without authorization from the Immigration and Naturalization Service.

The respondent admitted he was convicted March 16, 2004, in the Superior Court of California, County of Sonoma, for the offense of driving under the influence of alcohol, in violation of Section 23153, Subparagraph (b) of the California Vehicle Code, and that for that offense he was sentenced to confinement for a period of one year and four months.  He testified that no appeal was taken on that conviction.  He, likewise, testified that neither one of his parents are United States citizens.

The Court found that based upon his admissions to

A 97 890 332                    3              December 15, 2004

SOT

each of the key allegations, that the charge of deportability had been sustained by the proper standard that the clear and convincing evidence based upon his testimony.

The respondent declined to designate a country for removal, should that become necessary, and the Court, therefore, indicated that it would direct Fiji if required to issue such an order.

The Court inquired of the respondent if he had any fear of being returned to Fiji, and he said yes, he did. In the 2002 coup, when the rebels took over the government, that he was harmed. Two guys that were part of that rebel organization were individuals that he had known and studied with, and hung-out with at college, and the police thought because of this that he was part of the rebel organization.

The Court advised the respondent about the requirements for withholding under the Immigration Act and withholding under Article 3 of the Convention Against Torture.

The Court also inquired as to whether the respondent had filed an application within one-year of his arrival with the Immigration and Naturalization Service applying for asylum.

The respondent stated that he had not filed the I-589 application, he simply did not know that he had the ability to be able to do so.

The Court would find at least preliminarily at that time, that he was statutorily ineligible for him to be

A 97 890 332                        4                December 15, 2004

07cv2037_00045

SOT

considered for asylum.

The respondent was advised of the eligibility requirements for withholding under the Immigration Act and withholding under Article 3 of the Convention Against Torture.

The respondent stated that he understood those requirements.

The respondent stated that he had never held any other immigration documents, other than his tourist visa.

The respondent testified that no petitions had been filed on his behalf to immigrate him to the United States.

The respondent does not have a parent, spouse, or child, that's a citizen of the United States or a lawful resident of the United States.

The respondent testified that he has been in custody eight months on this conviction.

The respondent did indicate to the Court that he wished to file an application to be considered for withholding under the Immigration Act and Article 3 of the Convention Against Torture.

He was provided with the application, a date was set for him to return to Court to file the application, and he did.

The matter came before the Court for a merits hearing. The respondent's application was marked and admitted into evidence as Exhibit 2. Admitted into evidence as Exhibit 3 was the Government's prehearing submission. Also admitted

A 97 890 332                5                December 15, 2004

SOT

into evidence was an Amnesty International Report submitted by the respondent, admitted as Exhibit 4. And three other documents provided to the Court by the respondent at the merits hearing, which were marked and admitted as Exhibit 5. So, the Court has 5 Exhibits of record that have been admitted, and it has taken those documents into consideration in deciding this case today.

The respondent was reminded that he was under oath to tell the truth in these proceedings, stated that he understood that, and testimony was taken from the respondent.

In substance, the basis of the respondent's claim is consistent with his application. The Court would state at the beginning of the summation of his testimony, that the respondent's testimony is credible. There is no reason to believe that it is other than credible.

Basically, the respondent stated on the day of the coup in May of 2000 in Fiji, that he was stopped by the police, thrown to the ground, subsequently detained, taken to the police station, at the police station for a short period of time where he was questioned about being a rebel, and in particular, regarding two of his friends that he studied in college with and knew, and he hung around with at college, who were apparently identified as being rebels.

The respondent testified that he did not provide any information to the police that he was a rebel, and no

A 97 890 332                          6                   December 15, 2004

SOT

information that he had any idea that the two individuals were rebels.

As a result of the answers to his questions, he testified that the police in Suva burned him with a hot rod three times on his left leg.

The respondent showed the Court the scars at the Court's request, the scars were on his lower leg on the inside left leg, half-way between the ankle and the knee. A second scar was just below the bottom of the kneecap on the inside of the knee. And a third scar on his upper outside left thigh. The Court would note that these were approximately a half an inch to three-quarters to an inch in circular diameter. And they were dark spots on his skin.

The respondent testified that the police burned him with the rod on those three occasions, and after that, he did provide them with the names of the two individuals. He was then released.

He stated that he sought medical treatment to deal with his injuries, went from Suva to Nadi, approximately five hours away on the western side of the island, and sought refuge with a friend, living on part-time carpentry work and his savings from his prior employment, as he attempted to make his way out of the country to the United States.

The respondent testified that he received his visa through the American Embassy about three months before he

A 97 890 332                    7                    December 15, 2004

SOT

departed, and that he flew directly to the United States.

The respondent testified that if returned to Fiji, he fears that he will be persecuted there, that his life or freedom will be in danger if he's returned to Fiji, or that he will be tortured there by a government official, and that's all based on his testimony relating to the manner of return. But it's a small island that the news media is always at the airport, and when people arrive and he's found out to be deported from the United States, that the next day that will be on the front page, or at least in the newspaper, setting forth why he's being returned and back in the country. And as a result therefore, the government, the police, and the individuals or their families that he gave the police the names of, will know that he is back in the country. Hence, his problems will flow from that.

To establish a claim for asylum, a respondent is required to file that claim within one-year of arrival in the United States, unless there is an exception that applies.

If the alien demonstrates to the satisfaction of the Attorney General, either the existence of changed circumstances which materially affect the applicant's eligibility for asylum, or extraordinary circumstances relating to the delay in filing an application within the period specified in the Act, then he will be allowed to file his application for asylum, and for that application to be considered.

A 97 890 332                    8                    December 15, 2004

SOT

The Court questioned the respondent in this area, and he testified that he simply did not know that he had the opportunity to apply for asylum in the United States until he was placed into Immigration Court proceedings.

The Court would find that that does not constitute a changed circumstance or an extraordinary circumstances to fit him within the exception to the filing application deadline period.

Therefore, the respondent's application for asylum is barred from being filed and not considered filed, nor considered by the Court.

He simply did not meet the filing deadline.

To establish a claim for withholding under the Immigration Act, a respondent has the obligation to establish that it's more likely than not that his life or freedom will be in danger on account of one of the five protected grounds if he is returned to his native country. Those protected grounds are race, religion, nationality, membership in a particular social group, or political opinion.

If a respondent has suffered past persecution, that is a factor to be taken into consideration and given substantial weight by the Court in analyzing the claim for withholding of removal under the Immigration Act.

The respondent's testimony alone can be sufficient tot establish such a claim if it is credible and relates to

A 97 890 332                    9                    December 15, 2004

SOT

specific facts and circumstances to support that claim.

To establish a claim for withholding of removal under Article 3 of the Convention Against Torture, the respondent has the obligation to establish that it is more likely than not that he would be tortured if returned to his native country, by a public official, someone acting on behalf of the government, or with the government's acquiescence in his known torture.

Once again, this testimony alone can be sufficient to establish such a claim if it is credible.

In this particular case, a particularly serious crime issue was raised.

A mandatory denial occurs for asylum, withholding, and withholding under Article 3, if it is determined that the respondent has been convicted by final judgment of a particularly serious crime, as a danger to the community of the United States.

The matter of <u>Fontescu</u> is the controlling case from the Board of Immigration Appeals on this issue.  The Court is required to conduct an independent examination of the facts and circumstances giving rise to the conviction, the crime that the respondent was convicted of, and the sentence that was imposed by the Court for the conviction.

The Court is allowed to take into consideration the testimony of the respondent, and the Court records of the conviction.

A 97 890 332                    10              December 15, 2004

SOT

If it is determined that the respondent has a particularly serious conviction and constitutes a danger to the community of the United States, and it is a final conviction, then the respondent is ineligible to be considered for asylum, withholding under the immigration Act, and withholding under Article 3 of the Convention Against Torture.

The respondent would still be eligible to be considered for deferral under Article 3 of the Convention Against Torture.

The respondent was advised of each of these and stated that he understood each of these eligibility criteria and the particularly serious crime analysis.

The Court would note at this point that the particularly serious crime issue was raised for the first time at the merits hearing, it was explained to the respondent, the Court preceded on it, but advised the respondent that he would be given a continuance if he wished to have one to be able to research the issue, and if he wished to develop any other evidence to be presented on that issue. The Court would note for the record that the respondent did not wish to have the matter continued to give him an opportunity to research the issue or develop additional evidence on the particular serious crime issue.

The Court would note that the evidence of record on the particularly serious crime issue establishes that the

A 97 890 332                 11                 December 15, 2004

07cv2037_00052

SOT

respondent, based upon the Government's conviction record submitted as part of Exhibit 3, that the respondent was convicted of Count 2.

That it was a felony and it occurred on the 9th day of January, 2004, where the respondent violated the Vehicle Code, and that the defendant didn't unlawfully while having a .08 percent and more by weight of alcohol in his blood, drive a vehicle and in so doing did an act forbidden by law to wit, 22107-BC, unsafe turning movement, and neglected the duty opposed by law which approximately caused bodily injury to Kaveni Luvu.  It was further alleged that the defendant approximately caused bodily injury to more than one victim, to wit, Janell Fronteira.  And that was within the meaning of Vehicle Code Section 23558.

The respondent acknowledged that he pled to that count.  He indicated that one of the victims, Janell Fronteira, claimed that she had suffered an injury, and that Kaveni Luvu told the respondent that he suffered a cut to his forehead.

The Court would note that the lower term of 16 months in State Prison was imposed for that conviction.

The Court would also note that the respondent testified that out of Santa Rosa County Superior Court, he had his first conviction for driving under the influence of alcohol on February 14, 2002; a second conviction on March 28, 2002, which he was ordered to spend time in jail on; and then a third

A 97 890 332              12              December 15, 2004

SOT

conviction which arose in January 2004, for which he was
ordered 16 months in prison.

The respondent testified about his conduct leading up
to the detention on the third conviction.

Basically, the Court is evaluated this issue, applied
the Fontescu standard.  The respondent testified that he had
been drinking that day with friends, starting at about 5:00 or
6:00 in the evening, and then in the early hours of the morning
was given the keys to someone else's car.  That he was not a
licensed driver, that his license had been suspended because of
his previous convictions, and he was on his way to purchase
more alcohol when he had the accident.  He testified that the
lady got out of the car, claimed to be injured, but appeared to
be all right, and then told the respondent not to have any
contact with her, as she apparently contacted the law
enforcement.

The respondent was unable of whether the owner of the
vehicle had liability insurance on the car or not, but he was
clear that he had no independent insurance that would have
provided liability coverage for the victim.

In evaluating whether this is a particularly serious
crime or not, the Court has taken into consideration the
conviction record, the charging document, the fact there are
two victims, the fact that the respondent was twice convicted
in very short period of time, spent a substantial time in jail

A 97 890 332              13              December 15, 2004

07cv2037_00054

SOT

on the second offense, injured two people in the third offense, albeit apparently in a minor fashion, but when taken into consideration the totality of the circumstances, the Court finds that his conviction or convictions when considered cumulatively, rise to the level of being considered a particularly serious crime or crimes.

Having made that finding, the Court then will likewise deny the respondent's application for asylum on that ground as well.

The Court will deny the respondent's application for withholding under the Immigration Act and withholding under Article 3 of the Convention Against Torture, based upon the particularly serious crime finding.

That leave the Court looking at deferral of removal under Article 3 of the Convention Against Torture.

The Court is satisfied and has taken into consideration and given substantial weight to the respondent's testimony and the fact that the Court considers what happened to him at the hands of the police rises to the level of torture in this Court's eyes. The Court will note that it was on three occasions, but if that's not considered torture, it certainly has to be the highest level of government conduct that can be considered without being torture.

The Court would note that the respondent was released after this occurred and he gave the police the names of the two

A 97 890 332              14              December 15, 2004

SOT

individuals, and apparently he was able to live for six or seven months on the western side of the island in Nadi without coming to the attention of law enforcement not being sought out in that city.

The Court has taken into consideration the incident reports. The Court has likewise taken into consideration, not as evidence, but the argument of the Government.

The Court, like it stated previously, finds that the treatment suffered by the respondent would constitute torture. The issue is whether he had met his burden of proof of establishing that if returned to his nature country, that it is more likely than not that you would be tortured by a public official, someone acting on behalf of the Government, or with the Government's acquiescence, in this tortured if returned.

Based upon his testimony, the Court is satisfied that he certainly feels and is of the opinion that he would be for the reasons that he set forth. However, the Court has read the information provided by the respondent, the Country Reports, the Background Information Report, and the Amnesty International Report. Granted, there are still cases of police abuse that are reported in the documents. However, this Court is not satisfied that the respondent has met his burden of proof and, therefore, will deny his claim for deferral of removal under Article 3 of the Convention Against Torture.

The Court will note that this incident arose out of

07cv2037_00056

SOT

the coup, that coup has been resolved, the government army took control after approximately two months, negotiated a settlement, elections were held, prosecutions have occurred, appeals are pending and other prosecutions are pending.  It does appear that that situation has been stabilized.  The Court will also note that the conduct that the respondent has testified to specifically grew out of that coup attempt.

It does not appear to be related to any conduct on the part of the respondent before that, nor after that.

There does not seem to be a basis for a government official, or someone acting on behalf of the government, or any reason the government would not provide protection of the respondent in the alternative.

The Court is mindful of the fact that Article 3 of the Convention Against Torture does not protect a respondent from individuals the government is unable to control.

Based upon the above, the respondent's application for asylum is time-barred, and likewise, if it were not time-barred, would be considered barred because he has been convicted by final judgment of a particularly serious crime.

<u>ORDER</u>

IT IS HEREBY ORDERED his application for withholding under the Immigration Act and withholding under Article 3 of the Convention Against Torture are denied because he has been convicted by final judgment of a particularly serious crime.

A 97 890 332                    16                    December 15, 2004

SOT

    IT IS FURTHER ORDERED his application for

consideration for deferral under Article 3 of the Convention

Against Torture is denied.  He simply has not met his burden of

proof.

    IS IT FURTHER ORDERED the respondent is hereby

ordered removed from the United States to Fiji as charged.


December 15, 2004                    _____
                                    DENNIS R. JAMES
                                    Immigration Judge


A 97 890 332                   17          December 15, 2004

<u>CERTIFICATE PAGE</u>

I hereby certify that the attached proceeding before

DENNIS R. JAMES, in the matter of:

EPARAMA TUITOGALEVU MAU

A 97 890 332

Imperial, California

was held as herein appears, and that this is the original

transcript thereof for the file of the Executive Office for

Immigration Review.


_Sema O'Toole_
Sema O'Toole    (Transcriber)

Deposition Services, Inc.
6245 Executive Boulevard
Rockville, Maryland  20852
(301) 881-3344

<u>February 6, 2005</u>
(Completion Date)

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10  EPARAMA MAU                     )      Case No. 07cv2037-IEG (LSP)
                                    )
11               Petitioner,        )
                                    )
12      v.                          )      BOARD OF IMMIGRATION APPEALS
                                    )      DECISION
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                )
14                                  )
                 Respondents.       )
15  _____ )

16

17

18

19

20

21                            EXHIBIT H

22

23

24

25

26

27

28



**U.S. Department of ...ice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*



*5201 Leesburg Pike, Suite 1300*
*Falls Church, Virginia 22041*

**\*S-MAU, EPARAMA TUITOGALEVU**
**C/O ICE, 1115 N. IMPERIAL AVE.**
**EL CENTRO, CA 92243-0000**

**U.S. INS - Trial Attorney Unit/EL**
**1115 N. Imperial Ave.**
**El Centro, CA 92243**

**Name: \*S-MAU, EPARAMA TUITOGALEVU**            **A97-890-332**

Date of this notice: 04/28/2005

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*J. J. Kd*

Frank Krider
Chief Clerk

Enclosure

Panel Members:
    PAULEY, ROGER

*Bi A Decision*

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:     A97-890-332 - El Centro

Date:     APR 2 8 2005

In re:   *S-MAU, EPARAMA TUITOGALEVU

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:  Pro se

ON BEHALF OF DHS:  Jeff Lindblad, Assistant Chief Counsel

ORDER:

PER CURIAM.  The Board affirms, without opinion, the results of the decision below.  The decision below is, therefore, the final agency determination.  *See* 8 C.F.R. § 1003.1(e)(4).

FOR THE BOARD

1   KAREN P. HEWITT
    United States Attorney
2   RAVEN NORRIS
    Assistant U.S. Attorney
3   California State Bar No. 232868
    Office of the U.S. Attorney
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone:  (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
6
    Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU                        )     Case No. 07cv2037-IEG (LSP)
                                       )
11              Petitioner,            )
                                       )     INSTRUCTIONS TO DETAINEE
12      v.                             )     REGARDING REQUIREMENT TO ASSIST IN
                                       )     REMOVAL
13  MICHAEL B. MUKASEY, U.S. Attorney  )
    General; et al.,                   )
14                                     )
                Respondents.           )
15  _____  )

16

17

18

19

20

21                          EXHIBIT I

22

23

24

25

26

27

28

# INSTRUCTION SHEET TO DETAINEE REGARDING REQUIREMENT TO ASSIST IN REMOVAL

The following is a list of things you are required to complete within 30 days of receiving this form, in order comply with your obligation to assist in obtaining a travel document:

*Mandatory requirements will be checked off by the INS officer depending on the facts of each case. Failure to comply or provide sufficient evidence of your inability to comply, may result in the extension of the removal period and subject you to further detention. In addition, you may be subject to criminal prosecution. If you need assistance in complying with any of the requirements, please contact a Deportation Officer.*

Submit passports (current and expired) to the INS. If you have a copy of your passport, you are to submit it.

Apply for a travel document/passport from your embassy or consulate, or directly from your government in your native country, or any other embassy or consulate of your native country in another country.

Comply with all instructions from all embassies or consulates requiring completion of documentation for issuance of a travel document.

Submit to the INS birth certificates, national identification cards, and any other document issued by a foreign government indicating your citizenship, nationality, place of birth, and place of residence prior to entering the United States.

Provide names and addresses of family and friends residing in the United States and request that they contact your embassy or consulate in the United States, in order to facilitate the issuance of a travel document.

Provide names and addresses of family and friends residing in your country of citizenship and request family and friends residing abroad contact your government in reference to issuing a travel document.

You are required to take measures to request reinstatement of your previous nationality, register as required, or take any other action that will ensure the issuance of a travel document and your removal from the United States.

Provide INS with written copies of requests to embassies or consulates requesting issuance of a travel document.

Provide INS with written copies of responses from embassies or consulates regarding your requests.

Solicit permission from another country, which may be able to accept you, to enter that country to effect your removal from the United States.

Other:_____

Alien's Signature x _____    A Num _____

Served by    Richard H. Ortega    on    05/24/2005    at _____
            Officer's Name                        Date

**To be served with I-229 (a) no later than 30 days after the final order**

(Rev. 10/24/02)

07cv2037_00064

U.S. Department of Homeland Security
Immigration & Customs Enforcement

**Warning for Failure to Depart**

| Name: MAU, Eparama Tuitogalevu | District Office:<br>**SND** | File #:<br>**A 97-890-332** |
|---|---|---|

Section 243(a) of the Immigration and Nationality Act of 1952, as amended, provides, in part, that:

Any alien against whom a final order of removal is outstanding by reason of being a member of any of the classes described in section 237(a) who --

(A) Willfully fails or refuses to depart from the United States within a period of 90 days* from the date of the final order or removal under administrative processes, or if judicial review is had, then from the date of the final order of the court,

(B) Willfully fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure,

(C) Connives or conspires, or takes any other action, designed to prevent or hamper or with the purpose of preventing or hampering the alien's departure pursuant to such, or

(D) Willfully fails of refuses to present himself or herself for removal at the time and place required by the Attorney General pursuant to such order,

Shall be fined under title 18, United States Code, or imprisoned not more than four years (or 10 years if alien is a member of any of the classes described in paragraph (1)(E), (2), (3), or (4) of section 237(a), or both.

Nothing in this section shall make it a violation to take proper steps for the purpose of securing cancellation of or exemption from such order of removal or for the purpose of securing the alien's release from incarceration or custody.

Any action the Immigration and Naturalization Service may take to obtain a travel document for your departure or to remove you will *NOT* relieve you of the liability for compliance with the provisions of law referred to in the first paragraph above.

\*        Section 241(a)(1)(C) provides for the extension of that period of time if the alien refuses, during the detention period, to make application in good faith, for a travel or other document necessary for the alien's removal or departure or conspires or acts to prevent the alien's removal subject to an order of removal.

| Date Order Final:<br>December 15, 2004 | Ordered Removed Under Section:<br>In Removal Proceedings Under Section 237(a)(1)(B) of the INA |
|---|---|

**Record of Service**
**(Check method used)**

**Record of Personal Service**

| Served By: (Print Name and Title of Officer)<br>Richard H. Ortega, Deportation Officer | | Date:<br>05/24/2005 |
|---|---|---|
| Officer's Signature: | Location of Service:<br>SND/SPC/ECC | |
| Served On: (Alien's Signature)<br>MAU, Eparama Tuitogalevu | | Date:<br>05/24/2005 |

| Certified Mail Service | Record of Personal Service (Cont) |
|---|---|
| | Fingerprint of Alien (specify finger used) |
| **Attach certified mail receipts here.** |  |

Form I-229 (a)

GOVERNMENT OF FIJI

# APPLICATION FOR A CERTIFICATE OF IDENTITY

It is essential to complete this form accurately
(Please print clearly)

Attach original birth certificate and if applicable marriage certificate, deed poll, adoption papers together with 3 Passport Photographs 3.6 cm x 4.5 cm Black and White or Colour of applicant one of which to be certified by the Witnessing Officer viz :
"I certify that this photograph is a true likeness of

........................................................

Mr .......................................................

1.  Applicant's Surname : Miss .......................................................

Mrs .......................................................

Forenames : .......................................................

Otherwise known as : .......................................................

2.  Full name of Father (surname) ....................................... (forenames) .......................

3.  Honours or Decorations to be included with name in passport (if any) : .......................................................

4.  Applicant's full Residential Address                    Correspondence address (if Different)

....................................................    ....................................................

....................................................    ....................................................

....................................................    ....................................................

Phone : Residence .......................    Phone : Business .......................

5.  Birth Place : ....................................................

| City | Town | Village | Country |

6.  Date of Birth : ............/............/............
    Day         Month        Year

7.  Marital Status :        Single :        Married :        Widowed :        Divorced :

8.  Personal Height : .......................Colour of Eyes : .......................Colour of Hair : .......................

Visible Distinguishing Marks : .......................................................

9.  Work or Occupation : .......................................................

10. I request that my child (ren) under the age of 16 who *does/do not possess a passport in *his/her/their own right, and who are listed below be included in my passport. The consent of the other parent or guardian is indicated below.

| Surname | Forenames | Date of Birth | City/Town Village and Country of Birth | Sex |
|---------|-----------|---------------|----------------------------------------|-----|
|         |           |               |                                        |     |
|         |           |               |                                        |     |
|         |           |               |                                        |     |

If more than three children are to be included in the passport, attach a separate sheet giving details as above.

CONSENT OF OTHER PARENT OR LEGAL GUARDIAN : I (forenames) .......................
(surname) ....................... the Father/Mother/Legal Guardian hereby give my consent to the child (ren) listed above being included in the applicant's passport. (Note if consent of legal guardian, documentary evidence of guardianship must be enclosed).

Signed : .......................................................    Date : .......................

Witness's signature : .......................    Date : .......................

Specimen Signature                    Left Thumb Print

Note : You must complete the Certificate overleaf.

* delete where inapplicable

11. IF PREVIOUS PASSPORT OR TRAVEL DOCUMENT HAS BEEN LOST/MUTILATED ATTACH STATUTORY DECLARATION REGARDING LOSS OR MUTILATION. ALSO ATTACH POLICE REPORT, SIX PHOTOGRAPHS AND NEWSPAPER ADVERTISEMENT REGARDING LOSS.

12. IF THIS APPLICATION IS BY A PERSON UNDER 16 YEARS OF AGE, THE FOLLOWING SECTION MUST BE COMPLETED.

We, the Parent/Legal guardian of the applicant (forenames).. ...............................................

(surname) ............................................... agree to the issue of a passport valid for all countries for the applicant.

Name of father : ..............................    Signature : ..............................

Name of mother : ..............................    Signature : ..............................

Legal Guardian : ..............................    Signature : ..............................

Date of Signature : ..............................    Full Address : ..............................

..............................

..............................

..............................

## CERTIFICATE

13. I certify that the above particulars are correct, that I am a citizen of Fiji and that I am not a citizen or national of any other country. I certify that I possess no passport or travel document (other than that attached to this application or declared lost as in attached Statutory Declaration and that I have made no other application for a Passport or Travel Document (since the passport or travel document No. : ........................... was issued to me).

Applicant's signature : ..............................    WITNESSED : I confirm that I have known the

Date of signature : .........../.........../.......    applicant for .............................. years and that he/she signed the above certificate before me and

City/Town/Village : ..............................    he/she fully understood its contents

Country : ..............................    Full name of witness (forenames)

Method of Collection : *Personal Collection/Post to :    ..............................

..............................    (surname) ..............................

..............................    Position Held ..............................

..............................    Witness's full address: ..............................

..............................

Signature : ..............................

Date : ..............................

## FOR OFFICIAL USE ONLY

The applicant : Fiji born :    Registered :    Naturalised :    CARDING OFFICER : CA/NC/CCBF

Documents submitted :    Signature of Carding Officer

Birth Certificate No. :....................Marriage Cert. No. :............    ..............................

Other Certificates (specify) ..............................    Signature of Passport Officer

..............................    ..............................

CHECKED AND APPROVED    Date : ..............................

Signed : ..........................Date : ..............................    Fees Paid : ..............................

Comments :    Revenue Receipt No. : ..............................

Date : ..............................

Cashier : ..............................

IMM982    Passport No. Allocated

APR-25-2008  11:33

1 | KAREN P. HEWITT
United States Attorney
2 | RAVEN NORRIS
Assistant U.S. Attorney
3 | California State Bar No. 232868
Office of the U.S. Attorney
4 | 880 Front Street, Room 6293
San Diego, California 92101-8893
5 | Telephone:  (619) 557-7157
E-mail: Raven.Norris@usdoj.gov
6 |
7 | Attorneys for Respondents

8 |            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF CALIFORNIA
9 |

10 | EPARAMA MAU                          )        Case No. 07cv2037-IEG (LSP)
                                         )
11 |              Petitioner,            )
                                         )        WARNING TO ALIEN ORDERED REMOVED
12 |      v.                             )        OR DEPORTED
                                         )
13 | MICHAEL B. MUKASEY, U.S. Attorney   )
General; et al.,                         )
14 |                                     )
                  Respondents.           )
15 | _____   )

16 |

17 |

18 |

19 |

20 |

21 |                              EXHIBIT J

22 |

23 |

24 |

25 |

26 |

27 |

28 |

U.S. Department of Justice
Immigration and Naturalization Service

**Warning to Alien Ordered Removed or Deported**

File No.: **A 97 890 332**

Date: **December 17, 2004**

Alien's full name:  **MAU, EPARAMA T.**

In accordance with the provisions of section 212(a)(9) of the Immigration and Nationality Act (Act), you are prohibited from entering, attempting to enter, or being in the United States:

☐  For a period of 5 years from the date of your departure from the United States because you have been found deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated upon your arrival in the United States as a returning lawful permanent resident.

☑  For a period of 10 years from the date of your departure from the United States because you have been found:

  ☐  deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐  inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act initiated as a result of your having been present in the United States without admission or parole.

  ☐  deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐  deportable under section 237 of the Act and ordered removed from the United States in accordance with section 238 of the Act by a judge of a United States District court, or magistrate of a United States magistrate court.

☐  For a period of 20 years from the date of your departure from the United States because, after having been previously excluded, deported, or removed from the United States, you have been found:

  ☐  inadmissible under section 212 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐  deportable under section 237 of the Act and ordered removed from the United States by an immigration judge in proceedings under section 240 of the Act.

  ☐  deportable under section 237 of the Act and ordered removed from the United States in proceedings under section 238 of the Act.

  ☐  deportable under section 241 of the Act and ordered deported from the United States by an immigration judge in proceedings commenced before April 1, 1997 under section 242 of the Act.

  ☐  to have reentered the United States illegally and have had the prior order reinstated under section 241(a)(5) of the Act.

☐  At any time because you have been found inadmissible or excludable under section 212 of the Act, or deportable under section 241 or 237 of the Act, and ordered deported or removed from the United States, and you have been convicted of a crime designated as an aggravated felony.

After your removal has been effected you must request and obtain permission from the Attorney General to reapply for admission to the United States during the period indicated.  You must obtain such permission before commencing your travel to the United States. Application forms for requesting permission to reapply for admission may be obtained by contacting any United States Consulate or office of the United States Immigration and Naturalization Service. Refer to the above file number when requesting forms or information.

---

**WARNING: Title 8 United States Code, Section 1326 provides that it is a crime for an alien who has been removed from the United States to enter, attempt to enter, or be found in the United States without the Attorney General's express consent. Any alien who violates this section of law is subject to prosecution for a felony. Depending on the circumstances of the removal, conviction could result in a sentence of imprisonment for a period of from 2 to 20 years and/or a fine of up to $250,000.**

---

(Signature of officer serving warning)        (Title of officer)        (Location of INS Office)

Right index print of
alien provided a copy
of this form

Form I-294 (Rev. 6-1-97)N

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9
                              )
10  EPARAMA MAU              )       Case No. 07cv2037-IEG (LSP)
                              )
11            Petitioner,     )
                              )
                              )       DECISION TO CONTINUE DETENTION
12       v.                   )       (2005)
                              )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,          )
14                            )
              Respondents.    )
15  _____ )

16

17

18

19

20

21                      EXHIBIT K

22

23

24

25

26

27

28



Office of Detention and Removal Operations
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street, Suite 2242
San Diego, CA 92101

## U.S. Immigration and Customs Enforcement

Esparama Tuitogalevu Mau                                      A97 890 332
C/O Otay Detention Facility
446 Alta Road
San Diego, CA 92173

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You entered the United States on March 15, 2001, as a visitor. You overstayed without authorization. You were convicted of a Driving under the Influence. You were ordered Removed from the United States by an Immigration Judge on December 15, 2004. The Board of Immigration Appeals upheld the Judge's decision on April 28, 2005. You filed a Petition for Review and Stay of Removal with the US Court of Appeals for the Ninth Circuit.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You have failed to comply with completing the travel document application required by the Embassy of Fiji. You were advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

While the Petition for Review and/or Stay of Removal by the US Court of Appeals for the Ninth Circuit is pending case jurisdiction remains within the San Diego Field Office. However, if all cases are concluded and you have not been released or removed from the United States by October 18, 2006, jurisdiction of the custody decision in your case will be transferred to the Headquarters Post Order Unit (HQPDU), 801 I St. NW, Washington, DC 20536. HQPDU will make a final determination regarding your custody.

*Ronald J. Smith*                                             OCT 3 1 2005

_____                    _____
Ronald J. Smith, Field Director, San Diego, CA              Date

Decision of Post-Order Custody Review - Detain
A97 890 332, MAU, ESPARAMA TUITOGALEVU
Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

    (a)   I _Richard Espinoza_ , _Deportation Officer_ ,
                         Name of ICE Officer                            Title

certify that I served _MAU, ESPARAMA TuitoBALEVU_ with a copy of
                              Name of detainee

this document at _EL Centro Senir Processing_ on _11-17-05_ , at _0915 HRS._
                   Institution                Date           Time

    (b)   I certify that I served the custodian _____ ,
                                           Name of Official

_____ , at _____ , on
      Title                         Institution

_____ with a copy of this document.
      Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

    I _____ , _____ , certify
                  Name of ICE Officer                  Title

that I served _____ and the custodian _____ ,
             Name of detainee                  Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                     Institution              Date



( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

## POST ORDER CUSTODY REVIEW WORKSHEET

**Detainee Name:**   **MAU, ESPARAMA TUITOGALEVU**

**AKA(s):**

**Date of Birth:**   **09/23/1979**        **A Number:**   **A97 890 332**

**Place of Birth:**   Suva, Fiji        **Nationality:**   Fiji

**Date of Last Arrival:**  03/15/2001        **Place of Arrival:**   Los Angeles, CA

**Status at Last Entry:** Visitor        **Last Date into ICE Custody:**  10/05/2004

**Entered ICE Custody from:**   ☒  **Local, State, or Federal Institution**
                        **Institution Name/Location:** Calipatria State Prison
                        **BOP/ Institution Numbers:** V31352
                        ☐  **Other:**

**Deportation Case Officer:**   Miguel Villicana        **Review Date:** October 12, 2005
        **Contact Phone #:**   (760) 336-4600

**ICE Location Detained and DCO:**  Otay Detention Facility
                        446 Alta Road
                        San Diego, CA

### Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☒   Section 237 (a) (1)(B)
             ☐   Section 212 (a)
             ☐   Section 241 (a)

☒ Under <u>Final Order</u> dated: By ☒ IJ 12/15/2004 ☒ BIA 04/28/2005 ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed        ☒ No

Stay Issued in Case: ☐ No ☒ Yes = United States Court of Appeals for the Ninth Circuit

### Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes  ☒ No

**Notification of Review Made:**  ☐ No   ☐ Yes  By:

**Name of Representative / Attorney:**

**Mailing Address:**                **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

Mr. Mau entered the United States on March 15, 2001, as a non-immigrant visitor at Los Angeles, CA. Mr. Mau overstayed his authorized period of admission in the United States without Immigration authorization. Mr. Mau was arrested and convicted for Driving under the Influence of Alcohol. He was committed to the California Department of Corrections for a period of sixteen months. On September 16, 2004, Mr. Mau was served a Notice to Appear before an Immigration Judge at the Calipatria State Prison. The Immigration Judge ordered removal to the country of Fiji on December 15, 2004. Mr. Mau appealed the decision before the Board of Immigration Appeals. On April 28, 2005, the Board of Immigration Appeals affirmed the Immigration Judges decision.

On May 12, 2005, Mr. Mau filed to the US Court of Appeals for the Ninth Circuit, Stay of Removal in effect.

Mr. Mau failed to complete required travel document application for the Consulate of Fiji.

**NCIC Checks:**      ☒ Criminal History      ☐ No record Found
                        (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

On March 16, 2004, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence with Death/Bodily Injury, in violation of Section 23153(B) of the California Vehicle Code. For this offense a sentenced of sixteen months in prison were imposed.

On March 28, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentenced of 36 months and 2 days in jail were imposed.

On February 14, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentenced of 36 months probation and 30 days in jail were imposed.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☐ Yes    ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**    ☐ Yes    ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: October 14, 2005

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: Gabriela Pacheco, Deportation Officer

                                 #2:

**Interpreter Used:** (If subject was interviewed)    ☐ Yes    ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

File Review Conducted

07cv2037_00075

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

Mr. Mau refused to comply with completing the required travel document application for the country of Fiji.

Mr. Mau was served I-229(a) on May 24, 2005, to this date he has failed to comply.

Travel Document have not been requested, subject has a 9th Circuit Stay of Removal in effect.

List ICE's attempts to obtain a travel document and status:

Travel Document have not been requested, subject has a 9th Circuit Stay of Removal in effect.

07cv2037_00076

**Does the detainee have a place to live in the United States?**  ☐ Yes  ☒ No
Detainee provided the name of Kaloraini Seru with phone number (707) 542-0816
Upon calling this phone number the lady that answered didn't know Kaloraini nor did she know
anyone with the name of Eparama Mau.  The address was also incorrect.

**Is the detainee subject to any parole or probation requirements?**  ☐ Yes  ☐ No
Unknown

**Does the detainee have close family ties within the United States?**  ☐ Yes  ☒ No
None

**Does the detainee have community ties or non-governmental sponsors?**  ☐ Yes  ☒ No

**Does the detainee have any employment prospects?**  ☐ Yes  ☒ No

**What is the detainee's employment history?**

Has worked in construction and as a security officer

**What is the detainee's educational level?**
Attended the University of the South Pacific in Fiji, no degree

**Does the detainee have any vocational training?**  ☒ Yes  ☐ No
**Obtained his G.E.D while in prison**

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Attended and completed Alcohol Anonymous program

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☒ No

**Description (to include Date and Source):**

07cv2037_00077

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Copy of GED certificate and copy of Alcohol Anonymous Certificate of Completion.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ No          ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

07cv2037_00078

## Officer C___ments/Analysis & Recom___ndation

Mr. Mau entered the United States as a non-immigrant visitor on March 15, 2001, at Los Angeles, California. He remained in the United States without authorization beyond his authorized period of admission. Mr. Mau's criminal activity began within a year of his arrival to this country. He has been arrested and convicted of three separate Driving Under the Influence offenses. Mr. Mau does not have any family in the United States, his family remains in Fiji.

Mr. Mau provided the name of Kaloraini Seru as the person whom he would reside with if released from custody. This officer contacted the phone number provided; the person who answered the phone did not know Mr. Mau or Kaloraini Seru. The address and apartment number didn't correspond to the telephone number I called.

Mr. Mau is required to complete a travel document application request for the Embassy of Fiji, which he has refused to complete. Mr. Mau filed a petition for review to the US Court of Appeals for the Ninth Circuit with a Stay of Removal. A travel document from the Embassy of Fiji can be obtained after his 9th Circuit case is concluded.

This officer believes that due to Mr. Mau's criminal history, lack of family ties in the United States, and failure to cooperate in completing his travel document application he should remain in ICE custody pending his Ninth Circuit case.

| | |
|---|---|
| Gabriela Pacheco<br>Deportation Officer | Date: 10/18/05<br>Signature: |
| Reviewing Officer #2<br>Name/Title: | Date:<br>Signature: |
| Michael Wojticki<br>Supervisory Deportation Officer | Date:<br>Signature: 10/19/05 |

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐ RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑ CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐ CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

Signature of Field Office Director: _Ronald J. Smith_     Date: OCT 3 1 2005

Deciding Official Name:     Ronald J. Smith, Field Director, San Diego, CA

07cv2037_00079

## ICE Staff Routing Sheet

| TO:<br>**Nora S. Antunez**<br>**(A) Field Office Director** | THRU:<br>**Official Channels** | SUSPENSE DATE: |
| --- | --- | --- |

Subject: **Post Order Custody Review**

EXECUTIVE SUMMARY:

1. <u>Purpose</u>.  CONTINUE DETENTION

2. <u>Discussion</u>.

3. <u>Recommendation</u>.  DETAIN: MAU, ESPARAMA TUITOGALEVU A97 890 332 FIJI

| CONCURRENCES | | | | |
| --- | --- | --- | --- | --- |
| **NAME** | **OFFICE** | **SIGNATURE** | **DATE** | **COMMENTS** |
| Michael Wojticki,<br>(A) SDDO | ECC | | | |
| Johnny Williams Jr.<br>(SDDO) | ECC | | 10/21/05 | Detain |
| Michael R. Magee,<br>(AFOD) | ECC | Magee | 10/25 | Detain |
| Robert Culley, (A) DFOD | SND | | 10/27 | Detain |
| NORA ANTUNEZ | SND | WGutunez | OCT 31 2005 | " |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| ACTION OFFICER/OFFICE/EXTENSION: | | G. Pacheco | DATE: | **October 17, 2005** |

## ICE Staff Routing Sheet

| TO:<br>Ronald J. Smith, FOD | THRU:<br>Official Channels | SUSPENSE DATE: |
|---|---|---|

**SUBJECT:**
**Post Order Custody Review**

**EXECUTIVE SUMMARY:**

1. **Purpose.** CONTINUE DETENTION

2. **Discussion.**
3.
**Recommendation.** DETAIN: MAU, ESPARAMA TUITOGALEVU   A97 890 332   FIJI

| CONCURRENCES | | | | |
|---|---|---|---|---|
| NAME | OFFICE | SIGNATURE | DATE | COMMENTS |
| Michael Wojticki | IMP | *[signature]* | 10/19/05 | Detain |
| Acting SDDO | | | | |
| Johnny Williams Jr. | ECC | *[signature]* | 10/24/05 | Detain |
| Acting AOIC | | | | |
| Michael Magee | ECC | *[signature]* | 10/5/05 | Detain |
| Acting Office-in-Charge | | | | |
| Nora Antunez | SND | | | |
| Acting Deputy FOD | | | | |
| | | | | |
| | | | | |
| ACTION OFFICER/OFFICE/EXTENSION: G. Pacheco *[signature]* | | | DATE:  10/17/2005 | |

A #97 890 332                                          MAU, Eparama Tuitogalevu

Does the detainee have a place to live in the United States?     YES ☒    NO ☐

ADDRESS: 145 LINCOLN ST #2
PHONE #: SANTA ROSA, CA 95401
IN CARE OF: (707) 542-0816
           KALORAINI SERU

*wrong # phone*

Is the detainee subject to any parole or probation requirements?     YES ☐    NO ☒

DATE:

Does the detainee have close family ties within the United States?     Y ☒

NAME: KALORAINI SERU
ADDRESS: 145 LINCOLN ST #2    SANTA ROSA,
PHONE #: CA 95401
        #: (707) 542-0816

*false wife*

Does the detainee have any community ties or non-governmental sponsors?     YES ☒    ☐

NAME: KALORAINI SERU
ADDRESS: 145 LINCOLN ST #2    SANTA ROSA, CA 95401
PHONE #: (707) 542-0816

Does the detainee have any employment history?     YES ☒    NO ☐

*construction, Security*

What is the detainee's educational level?

*University of the South Pacific*

Does the detainee have any vocational training?

*construction, computers, accountant*

CERTIFICATES OR LETTERS:

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA
9
10  EPARAMA MAU                    )        Case No. 07cv2037-IEG (LSP)
                                   )
11            Petitioner,          )
                                   )        DECISION TO CONTINUE DETENTION
12       v.                        )        (2006)
                                   )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,               )
14                                 )
              Respondents.         )
15  _____ )

16

17

18

19

20

21                    EXHIBIT L

22

23

24

25

26

27

28

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

MAU, Esparama Tuitogalevu                                    A97 890 332
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined
that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE)
at this time. This decision has been made based on a review of your file and/or your personal
interview and consideration of any information you submitted to ICE's reviewing officials.

You have failed to demonstrate that you will not pose a flight risk. Therefore, it is not in the best
interest of Immigration and Customs Enforcement to release you at this time.

Based on the above, you are to remain in ICE custody pending your removal from the United States.
You are advised that you must demonstrate that you are making reasonable efforts to comply with
the order of removal, and that you are cooperating with ICE's efforts to remove you by taking
whatever actions ICE requests to effect your removal. You are also advised that any willful failure
or refusal on your part to make timely application in good faith for travel or other documents
necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the
issuance of a travel document, may subject you to criminal prosecution under 8 USC Section
1253(a).

_____                    __10/30/06__
Robert Culley, Deputy Field Office Director, San Diego, CA         Date



*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101

**U.S. Immigration
and Customs
Enforcement**

MAU, Esparama Tuitogalevu                                    A97 890 332
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have failed to demonstrate that you will not pose a flight risk. Therefore, it is not in the best interest of Immigration and Customs Enforcement to release you at this time.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____          10/30/06
Robert Culley, Deputy Field Office Director, San Diego, CA          Date

**Decision of Post Order Custody Review – Detain**
A97 890 332  MAU, Esparama Tuitogalevu
Page 2

---

### PROOF OF SERVICE

**(1)** **Personal Service (Officer to complete both (a) and (b) below.)**

(a)  I _Ricardo Cumplido_ , _IEA_ ,
              Name of ICE Officer                  Title

certify that I served _Mau, Esparama Tuitogalevu_ with a copy of
                          Name of detainee

this document at _ODF / CCA_ on _NOV 28 2006_, at _1900_ .
                 Institution              Date           Time

(b)  I certify that I served the custodian _Ricardo Cumplido_ ,
                                      Name of Official

_IEA_ , at _ODF — CCA_ , on
                                 Institution

_NOV 28 2006_ with a copy of this document.
    Date

### OR

**(2)** **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , _____ , certify
                 Name of ICE Officer              Title

that I served _____ and the custodian _____ ,
               Name of detainee              Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                    Institution              Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A-File

# YEARLY CUSTODY REVIEW PENDING 9TH CIR. CASE

**Detainee Name:**   **MAU, ESPARAMA TUITOGALEVU**

**AKA(s):**

**Date of Birth:**   **09/23/1979**          **A Number:**   **A97 890 332**

**Place of Birth:**   Suva, Fiji          **Nationality**:   Fiji

**Date of Last Arrival:**  03/15/2001          **Place of Arrival**:    Los Angeles, CA

**Status at Last Entry:** Visitor          **Last Date into ICE Custody:**  10/05/2004

**Entered ICE Custody from:**   ☒ **Local, State, or Federal Institution**
                 **Institution Name/Location:** Calipatria State Prison
                 **BOP/ Institution Numbers:** V31352
                 ☐ **Other:**

**Deportation Case Officer:**  Miguel Villicana          **Review Date:** October 16, 2006
    **Contact Phone #:**   (760) 336-4600

**ICE Location Detained and DCO:**  Otay Detention Facility
                 446 Alta Road
                 San Diego, CA

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☒   Section 237 (a) (1)(B)
           ☐   Section 212 (a)
           ☐   Section 241 (a)

☒ Under <u>Final Order</u> dated: By ☒ IJ 12/15/2004 ☒ BIA 04/28/2005 ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed          ☒ No

Stay Issued in Case: ☐ No ☒ Yes = United States Court of Appeals for the Ninth Circuit

## Legal Representative / Attorney

**G-28 Filed:**   ☐ Yes   ☒ No

**Notification of Review Made:**  ☐ No   ☐ Yes  **By:**

**Name of Representative / Attorney:**

**Mailing Address:**          **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

07cv2037_00087

**Immigration History:** (ꞁ ꞁꞁor ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

Mr. Mau entered the United States on March 15, 2001, as a non-immigrant visitor at Los Angeles, CA. Mr. Mau overstayed his authorized period of admission in the United States without Immigration authorization. Mr. Mau was arrested and convicted for Driving Under the Influence of Alcohol. He was committed to the California Department of Corrections for a period of sixteen months. On September 16, 2004, Mr. Mau was served a Notice to Appear before an Immigration Judge at the Calipatria State Prison. The Immigration Judge ordered removal to the country of Fiji on December 15, 2004. Mr. Mau appealed the decision before the Board of Immigration Appeals. On April 28, 2005, the Board of Immigration Appeals affirmed the Immigration Judges decision.

On May 12, 2005, Mr. Mau filed to the US Court of Appeals for the Ninth Circuit, Stay of Removal in effect.

Mr. Mau failed to complete required travel document application for the Consulate of Fiji.

**NCIC Checks:**     ☒ Criminal History     ☐ No record Found
(State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

On March 16, 2004, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence with Death/Bodily Injury, in violation of Section 23153(B) of the California Vehicle Code. For this offense a sentence of sixteen months in prison was imposed.

On March 28, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentence of 36 months and 2 days in jail was imposed.

On February 14, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentence of 36 months probation and 30 days in jail was imposed.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

07cv2037_00088

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**  ☐ Yes   ☒ No

    If Yes, List & Describe:

    Source:

**Disciplinary reports and incidents while in ICE Custody?**  ☐ Yes   ☒ No

    If Yes, List & Describe:

    Source:

## Specifics of Review

**Date of File Review**: October 16, 2006

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer**: #1: Jesus Reyna, Deportation Officer

                              #2:

**Interpreter Used:** (If subject was interviewed)   ☐ Yes   ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

File Review Conducted

07cv2037_00089

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to ***prevent*** removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

Mr. Mau refused to comply with completing the required travel document application for the country of Fiji.

Mr. Mau was served I-229(a) on May 24, 2005, to this date he has failed to comply.

Travel Document has not been requested, subject has a 9th Circuit Stay of Removal in effect.

List ICE's attempts to obtain a travel document and status:

Travel Document has not been requested, subject has a 9th Circuit Stay of Removal in effect.

**Does the detainee have a place to live in the United States?** ☐ Yes ☒ No
Mr. Mau provided an address and telephone number of a person who he says
is willing to render assistance.  However, when I made an attempt to call
to verify the information provided by Mr. Mau, the person who answered the
telephone denied knowing Mr. Mau.

**Is the detainee subject to any parole or probation requirements?** ☒ Yes ☐ No
Mr. Mau is to report to the parole office in Sonoma County.

**Does the detainee have close family ties within the United States?** ☐ Yes ☒ No
    None

**Does the detainee have community ties or non-governmental sponsors?** ☐ Yes ☒ No
    None

**Does the detainee have any employment prospects?** ☐ Yes ☒ No
    None

**What is the detainee's employment history?**

Has worked in construction and as a security officer

**What is the detainee's educational level?**
Attended the University of the South Pacific in Fiji, no degree

**Does the detainee have any vocational training?** ☒ **Yes** ☐ **No**
Obtained his G.E.D while in prison.

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Attended and completed Alcohol Anonymous program

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:** ☐ **Yes** ☒ **No**

**Description (to include Date and Source):**

07cv2037_00091

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Copy of GED certificate and copy of Alcoholics Anonymous Certificate of Completion.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ **No**        ☐ **Yes (indicate below):**

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

07cv2037_00092

## Officer    Comments/Analysis & Recommendation

Mr. Mau entered the United States as a non-immigrant visitor on March 15, 2001, at Los Angeles, California. He remained in the United States without authorization beyond his authorized period of admission. Mr. Mau's criminal activity began within a year of his arrival to this country. He has been arrested and convicted of three separate Driving Under the Influence offenses. Mr. Mau does not have any family in the United States, his family remains in Fiji.

Mr. Mau provided the name of Kaloraini Seru as the person whom he would reside with if released from custody. This officer contacted the phone number provided; the person who answered the phone did not know Mr. Mau or Kaloraini Seru. The address and apartment number didn't correspond to the telephone number I called.

Mr. Mau is required to complete a travel document application request for the Embassy of Fiji, which he has refused to complete. Mr. Mau filed a petition for review to the US Court of Appeals for the Ninth Circuit with a Stay of Removal. A travel document from the Embassy of Fiji can be obtained after his 9th Circuit case is concluded.

This officer believes that due to Mr. Mau's criminal history, lack of family ties in the United States, and failure to cooperate in completing his travel document application he should remain in ICE custody pending his Ninth Circuit case.

| | |
|---|---|
| Jesus Reyna<br>Deportation Officer | Date: 10/16/2006<br>Signature: |
| Johnny N. Williams, SDDO<br>IMP/WCF | Date: 10/??<br>Signature: |
| Miguel Munoz, AOIC<br>ECC/SPC | Date: 10/25/2006<br>Signature: |
| Robert G. Rillamas, OIC<br>ECC/SPC | Date: 10/26/06<br>Signature: R+ G. Rillamas<br>DETAIN, NOT CREDIBLE & FAILURE TO COMPLY. |

07cv2037_00093

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑    CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐    CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

Signature of Field Office Director: _____    Date: 10/30/06

Deciding Official Name:    Robert Culley, Deputy Field Office Director, San Diego, CA.

(Rev. 1/19/05)                                Page 8

Division of Immigration Health Services    **MEDICAL / PSYCHIATRIC ALERT**

| IMPRINT OF DETAINEE ID PLATE, COMPUTER LABEL OR COMPLETE BELOW: | |
|---|---|
| 1. Name:       (Last)              MAU | (First)        EPARAMA TUITOGALEVU |
| 2. DOB:        09/23/1979 | 3. A #        097890332 |
| 4. Nationality:        FIJI | 5. Facility:        El Centro DIHS |

The detainee whose name appears above has been examined and presents the following problem(s):

**Remarks:    Call Medical prior to removal.**

_C. Been PAC_        6/15/06        _C. Been, PAC_____
Clinical Director        Date        Provider's Signature Stamp

Form DIHS-834 (7/99)

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF CALIFORNIA
9
                                )
10  EPARAMA MAU                  )    Case No. 07cv2037-IEG (LSP)
                                 )
11              Petitioner,      )
                                 )    DECISION TO CONTINUE DETENTION
12       v.                      )    (2007)
                                 )
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,             )
14                               )
                Respondents.     )
15  _____ )

16

17

18

19

20

21                      EXHIBIT M

22

23

24

25

26

27

28

*Office of Detention and Removal Operations*
*San Diego Field Office*

**U.S. Department of Homeland Security**
880 Front Street
San Diego, CA 92101

 **U.S. Immigration
and Customs
Enforcement**

MAU, Esparama Tuitogalevu
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have entered the United States as a non-immigrant visitor on March 15, 2001, at Los Angeles, California, and remained in the United States without authorization beyond the authorized period of admission. Your criminal activity began within a year of your arrival to this country. You have been arrested and convicted of three separate Driving Under the Influence offenses. You do not have any family in the United States, all of your family remains in Fiji. You have exhausted all avenues of relief. Although, your case is before the Ninth Circuit Court of Appeals it is only a matter of time before they render a decision in our favor. Based on the aforementioned, you are deemed a threat to the community pursuant to 8CFR 241.14.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____          _____
Robert Culley, (A) Field Office Director, San Diego, CA          Date

## ICE Staff Routing Sheet

| TO:<br>Robin F. Baker, FOD | THRU:<br>Official Channels | SUSPENSE DATE: |
|---|---|---|

**SUBJECT:**
Post Order Custody Review

**EXECUTIVE SUMMARY:**

1. **Purpose.** Post Order Custody Review

2. **Discussion.**

**Recommendation. Detain:** MAU, Esparama Tuitogalevu (A97 890 332) Fiji

| CONCURRENCES | | | | |
|---|---|---|---|---|
| **NAME** | **OFFICE** | **SIGNATURE** | **DATE** | **COMMENTS** |
| Randy Mulkey, (A) SDDO<br>ECC/SPC | ECC | | 10-10-07 | Concur |
| Miguel M. Munoz,<br>AOIC, (ECC/SPC) | ECC | | 10/11/07 | Concur |
| Robert Rillamas,<br>AFOD (ECC/SPC) | ECC | | 10/11/07 | |
| Robert Culley,<br>(A) FOD, San Diego, CA. | SND | | 10/18/07 | Concur |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| ACTION OFFICER/OFFICE/EXTENSION: J. Reyna | DATE: 10/10/2007 |
|---|---|

# <u>YEARLY CUSTODY REVIEW PENDING 9TH CIR. CASE</u>

**Detainee Name:**   **MAU, ESPARAMA TUITOGALEVU**

**AKA(s):**

**Date of Birth:**   **09/23/1979**        **A Number:**   **A97 890 332**

**Place of Birth:**   Suva, Fiji        **Nationality:**   Fiji

**Date of Last Arrival:**   03/15/2001        **Place of Arrival:**   Los Angeles, CA

**Status at Last Entry:** Visitor (B2)        **Date into ICE Custody:**   10/05/2004

**Entered ICE Custody from:**   ☒   **Local, State, or Federal Institution**
                          **Institution Name/Location:** Calipatria State Prison
                          **BOP/ Institution Numbers:** V31352
                          ☐   **Other:**

**Deportation Case Officer:**   E. Parra        **Review Date:** October 01, 2007
      **Contact Phone #:**   (760) 336-4600

**ICE Location Detained and DCO:** Otay Detention Facility
                          446 Alta Road
                          San Diego, CA

## <u>Deportation/Exclusion/Removal Proceedings</u>

**List all Charges:**   ☒   Section 237 (a) (1)(B)
                ☐   Section 212 (a)
                ☐   Section 241 (a)

☒ Under <u>Final Order</u> dated: By ☒ IJ ☒ BIA, 04/28/2005 ☐ Other:

☐ Appeal Waived/Appeal Time Elapsed

Habeas filed: ☐ Yes/ Date & Location filed        ☒ No

Stay Issued in Case: ☐ No ☒ Yes = United States Court of Appeals for the Ninth Circuit

## <u>Legal Representative / Attorney</u>

**G-28 Filed:**   ☐ Yes   ☒ No

**Notification of Review Made:**   ☐ No   ☒ Yes   **By:**   Jesus Reyna (Deportation Officer)

**Name of Representative / Attorney:**

**Mailing Address:**                **Telephone Number:**

**Present during interview:**   ☐ Yes ☐ No

07cv2037_00099

**Immigration History:** (Prior ICE arrest[s]/parole/bond/custody information/adjustment/benefits granted (TPS, DED, withholding, etc.))

Mr. Mau entered the United States on March 15, 2001, as a non-immigrant visitor through Los Angeles, CA. Mr. Mau overstayed his authorized period of admission in the United States without Immigration authorization. Mr. Mau was arrested and convicted for Driving Under the Influence of Alcohol. He was committed to the California Department of Corrections for a period of sixteen months. On September 16, 2004, Mr. Mau was served a Notice to Appear before an Immigration Judge at the Calipatria State Prison. On December 15, 2004, an Immigration Judge ordered the removal of Mr. Mau to the country of Fiji. Mr. Mau appealed the decision before the Board of Immigration Appeals. On April 28, 2005, the Board of Immigration Appeals affirmed the Judge's decision.

On May 12, 2005, Mr. Mau filed to the US Court of Appeals for the Ninth Circuit, with a Stay of Removal in effect.

Mr. Mau failed to complete required travel document application for the Consulate of Fiji.

**NCIC Checks:**    ☒ Criminal History        ☐ No record Found
                      (State and Federal)

**Criminal History:** (list convictions, sentence, date, court, and include a summary of other NCIC arrests, failures to appear, etc.)

On March 16, 2004, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence with Death/Bodily Injury, in violation of Section 23153(B) of the California Vehicle Code. For this offense a sentence of sixteen months in prison was imposed.

On March 28, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentence of 36 months and 2 days in jail was imposed.

On February 14, 2002, convicted in the Superior Court of California, County of Sonoma for the offense of Driving Under the Influence, in violation of Section 23152(b) of the California Vehicle Code. For this offense a sentence of 36 months probation and 30 days in jail was imposed.

(DO NOT FORWARD A COPY OF THE NCIC PRINTOUT TO HQCDU)

07cv2037_00100

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**    ☐ Yes    ☒ No

If Yes, List & Describe:

Source:

**Disciplinary reports and incidents while in ICE Custody?**    ☐ Yes    ☒ No

If Yes, List & Describe:

Source:

## Specifics of Review

**Date of File Review**: October 01, 2007

**Date of Detainee Interview**: (optional)

**Location of Interview**:

**Reviewing/Interviewing Officer:** #1: Jesus Reyna, Deportation Officer

#2:

**Interpreter Used:** (If subject was interviewed)    ☐ Yes    ☐ No
**Name:**
**Language/Dialect:**

**Discussion at interview/review:**

File Review Conducted

**Travel Document Status/History:**

List aliens attempts to get travel documents and status (to include any actions alien has taken to *prevent* removal, and date of service of I-229(a) and Instruction Sheet to Detainee):

Mr. Mau refused to comply with completing the required travel document application for the country of Fiji.

On May 24, 2005, Mr. Mau was served form I-229(a).

Travel Document has not been requested, subject has a 9th Circuit Stay of Removal in effect.

List ICE's attempts to obtain a travel document and status:

Travel Document has not been requested, subject has a 9th Circuit Stay of Removal in effect.

**Does the detainee have a place to live in the United States?**  ☐ Yes  ☒ No
Mr. Mau provided an address and telephone number of a person who he says
is willing to render assistance.  However, when I made an attempt to call
to verify the information provided by Mr. Mau, the person who answered the
telephone denied knowing Mr. Mau.

**Is the detainee subject to any parole or probation requirements?**  ☒ Yes  ☐ No
Mr. Mau is to report to the parole office in Sonoma County.

**Does the detainee have close family ties within the United States?**  ☐ Yes  ☒ No
       None

**Does the detainee have community ties or non-governmental sponsors?**  ☐ Yes  ☒ No
       None

**Does the detainee have any employment prospects?**  ☐ Yes  ☒ No
       None

**What is the detainee's employment history?**

Has worked in construction and as a security officer

**What is the detainee's educational level?**
Attended the University of the South Pacific in Fiji, no degree

**Does the detainee have any vocational training?**  ☒ **Yes**  ☐ **No**
Obtained his G.E.D while in prison.

**Has the detainee submitted any evidence of rehabilitation, courses while in prison, etc?**
Attended and completed Alcohol Anonymous program

## Medical/Psychological Concerns

**Does the detainee have any medical or psychological issues:**  ☐ Yes  ☒ **No**

**Description (to include Date and Source):**

07cv2037_00103

**Other documentary evidence for consideration in this review (include any documentation submitted by detainee):**

Copy of GED certificate and copy of Alcoholics Anonymous Certificate of Completion.

## Special Circumstances Concerns

**Does the detainee appear to meet any of the criteria of 8 CFR 241.14 for continued detention?**

☒ No          ☐ Yes (indicate below):

☐ Aliens with a Highly Contagious Disease that is a Threat to Public Safety [8 CFR § 241.14(b)].

☐ Aliens Detained on Account of Serious Adverse Foreign Policy Consequences of Release [8 CFR § 241.14(c)].

☐ Aliens Detained on Account of Security or Terrorism Concerns [8 CFR § 241.14(d)].

☐ Detention of Aliens Determined to be Specially Dangerous [8 CFR § 241.14(f)]. Aliens who pose a threat to the public because they have committed a crime of violence, have a mental disorder and behavior associated with the disorder, and are likely to be violent in the future.

**All cases that may possibly meet any of these provisions must be coordinated with HQCDU per existing guidance.**

07cv2037_00104

## Officer Comments/Analysis & Recommendation

Mr. Mau entered the United States as a non-immigrant visitor on March 15, 2001, at Los Angeles, California. He remained in the United States without authorization beyond his authorized period of admission. Mr. Mau's criminal activity began within a year of his arrival to this country. He has been arrested and convicted of three separate Driving Under the Influence offenses. Mr. Mau does not have any family in the United States, his family remains in Fiji.

Mr. Mau provided the name of Kaloraini Seru as the person whom he would reside with if released from custody. This officer contacted the phone number provided; the person who answered the phone did not know Mr. Mau or Kaloraini Seru. The address and apartment number didn't correspond to the telephone number I called.

Mr. Mau is required to complete a travel document application request for the Embassy of Fiji, which he has refused to complete. Mr. Mau filed a petition for review to the US Court of Appeals for the Ninth Circuit with a Stay of Removal. A travel document from the Embassy of Fiji can be obtained after his 9th Circuit case is concluded.

Due to Mr. Mau's criminal history, lack of family ties in the United States, and failure to cooperate in completing his travel document application, he is deemed a threat to the community pursuant to 8CFR 241.14. Therefore, it would be in the best interest of the Agency that he remains in ICE custody pending the outcome of his Ninth Circuit case.

| | |
|---|---|
| Jesus Reyna<br>Deportation Officer | Date: 10\|10\|07<br>Signature: |
| Randy Mulkey, (A) SDO for<br>ECC/SPC | Date: 10/10/07<br>Signature: |
| Miguel M. Munoz, AOIC for<br>ECC/SPC | Date: 10/11/2007<br>Signature: |
| Robert G. Rillamas, AFOD for<br>ECC/SPC | Date: 10/11/07<br>Signature: |

07cv2037_00105

## DECIDING OFFICIAL'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☑    CONTINUE IN CUSTODY - RETAIN CUSTODY JURISDICTION

☐    CONTINUE IN CUSTODY - REFER TO HQCDU

Comments:

ICE Field Office: SND

Signature of Field Office Director: _____    Date: 12/18/07

Deciding Official Name:   Robert Culley, (A) Field Office Director, San Diego, CA.

07cv2037_00106

Office of Detention and Removal Operations
San Diego Field Office

U.S. Department of Homeland Security
880 Front Street
San Diego, CA 92101



U.S. Immigration
and Customs
Enforcement

MAU, Esparama Tuitogalevu
C/O El Centro Service Processing Facility
1115 N. Imperial Avenue
El Centro, CA 92243

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

You have entered the United States as a non-immigrant visitor on March 15, 2001, at Los Angeles, California, and remained in the United States without authorization beyond the authorized period of admission. Your criminal activity began within a year of your arrival to this country. You have been arrested and convicted of three separate Driving Under the Influence offenses. You do not have any family in the United States, all of your family remains in Fiji. You have exhausted all avenues of relief. Although, your case is before the Ninth Circuit Court of Appeals it is only a matter of time before they render a decision in our favor. Based on the aforementioned, you are deemed a threat to the community pursuant to 8CFR 241.14.

Based on the above, you are to remain in ICE custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal and that you are cooperating with ICE's efforts to remove you by taking whatever actions ICE requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____
Robert Culley, (A) Field Office Director, San Diego, CA

_____
Date

**Decision of Post Order Custody Review – Detain**
A97-890-332 MAU, Esparama Tuitogalevu
Page 2

---

## PROOF OF SERVICE

**(1)    Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I    _John Thomas_                    _IEA_
         Name of ICE Officer                    Title
certify that I served    _MAU, Esparama Tuitogalevu_    with a copy of
                         Name of detainee
this document at    _ODF/CCA_    on _11-9-07_, at    _0815_
                   Institution                Date           Time

(b)    I certify that I served the custodian _____
                                              Name of Official

_____, at _____            on
         Title                     Institution

_____ with a copy of this document.
         Date

## OR

**(2)    Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____    _____, certify
    Name of ICE Officer                    Title
that I served _____ and the custodian _____
             Name of detainee                          Name of Official
with a copy of this document by certified mail at _____ on _____
                                                  Institution                Date

( ) cc: Attorney of Record or Designated Representative
( ) cc: A File

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU                    )        Case No. 07cv2037-IEG (LSP)
                                   )
11              Petitioner,        )
                                   )
12       v.                        )        GENERAL DOCKET: US COURT OF
                                   )        APPEALS FOR THE NINTH CIRCUIT
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                )
14                                  )
                Respondents.        )
15  _____ )

16

17

18

19

20

21                        EXHIBIT N

22

23

24

25

26

27

28

Search for Case    Help

Print Page

# General Docket
## US Court of Appeals for the Ninth Circuit

```
Court of Appeals Docket #: 05-72765                    Filed: 5/12/05
Nsuit:   0
Mau, et al v. Gonzales
Appeal from: Immigration and Naturalization Service

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Case type information:
    1) agency
    2) review
    3)
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Lower court information:

    District: 0974-3 : A97-890-332
    Date Filed: 5/12/05
    Date order/judgment: **/**/**
    Date NOA filed: **/**/**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Fee status: in forma pauperis

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Prior cases:
  None
Current cases:
  None

Docket as of May 29, 2007 11:16 pm              Page 1
```

---

```
05-72765 Mau, et al v. Gonzales

EPARAMA TUITOGALEVU MAU          Eparama Tuitogalevu Mau
     Petitioner                  A97-890-332
                                 [NTC prs]
                                 EL CENTRO SERVICE PROCESSING
                                 CENTER
                                 1115 N. Imperial Ave
                                 El Centro, CA 92243


     v.


ALBERTO R. GONZALES, Attorney    CAS-District Counsel
General                          (619)233-7036
     Respondent                  Suite 1234
                                 [COR LD NTC gov]
                                 OFFICE OF THE DISTRICT COUNSEL
                                 Department of Homeland Security
                                 880 Front Street
```

07cv2037_00110

San Diego, CA 92101-8897

Ronald E. LeFevre, Chief
Counsel
[COR LD NTC gov]
OFFICE OF THE DISTRICT COUNSEL
Department of Homeland Security
P.O. Box 26449
San Francisco, CA 94126-6449

David V. Bernal, Attorney
FAX 241-6841
[COR LD NTC gov]
S. Nicole Nardone, Esq.
FAX 202/616-5200
202/305-1241
[COR LD NTC gov]
DOJ - U.S. DEPARTMENT OF
JUSTICE
Civil Div./Office of
Immigration Lit.
P.O. Box 878, Benjamin Franklin
Station
Washington, DC 20044

Docket as of May 29, 2007 11:16 pm            Page 2

---

05-72765 Mau, et al v. Gonzales

EPARAMA TUITOGALEVU MAU

            Petitioner

   v.

ALBERTO R. GONZALES, Attorney General

            Respondent

Docket as of May 29, 2007 11:16 pm            Page 3

---

05-72765 Mau, et al v. Gonzales

5/12/05        FILED (PROSE) INS PETITION FOR REV. DOCKETED CAUSE AND
               ENTERED APPEARANCES OF COUNSEL. Pursuant to G.O. 6.4(c),
               the schedule is set as follows: Cert. Admin. Record and to
               Stay Motion due 7/11/05  [05-72765] (megk)

5/12/05        Received Petitioner Eparama Tuitogalevu Mau's motion for
               appointment of counsel; served on 5/10/05 (MOATT)
               [5430010] [05-72765] (megk)

5/12/05        Received Petitioner Eparama Tuitogalevu Mau's motion for

|          |                                                                                                                                                                                                                                                                                                                                                          |
|----------|----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          | stay of removal (see schedule above) [05-72765]; served on 5/10/05 [5430638] [05-72765] (ba)                                                                                                                                                                                                                                                              |
| 6/2/05   | Filed order PROSE (jw) A review of the docket reflects that peitioner has not paid the docketing and filing fees for this petition. Within 21 days, pet shall (1) file a motion for IFP; (2) pay $250 to this court; or otherwise show cause why petition should not be dismissed. The admin record and reasponse to the motion for stay remains due 7/11/05. If petitioner fails to comply with this order, the petition will be dismissed automatically by the Clerk. [05-72765] (ca) |
| 6/3/05   | Rec'd notice of change of address from Eparama Tuitogalevu Mau for Petitioner Eparama Tuitogalevu Mau dated 5/24/05. New address is CCA San Diego Correctional, P.O. Box 439049, San Diego, CA 92143. (ca)                                                                                                                                                  |
| 6/3/05   | Received Petitioner Eparama Tuitogalevu Mau's motion to proceed in forma pauperis; served on 5/24/05. (MOATT) [05-72765] (ca)                                                                                                                                                                                                                              |
| 7/8/05   | Filed notice of appearance of David Bernal and Russell Verby for the resp. (Withdrew as counsel: attorney Steve Verby for Alberto R. Gonzales, attorney OIL for Alberto R. Gonzales) [05-72765] (ca)                                                                                                                                                        |
| 7/8/05   | Filed Respondent's non opp to pet's motion for stay of removal and request to reset the time for filing the admin record; served on 7/7/05. (MOATT) [05-72765] (ca)                                                                                                                                                                                        |
| 7/26/05  | FILED 4 CERTIFIED COPIES OF ADMINISTRATIVE RECORD ON APPEAL [05-72765] [05-72765] (sd)                                                                                                                                                                                                                                                                    |

Docket as of May 29, 2007 11:16 pm            Page 4

---

05-72765 Mau, et al v. Gonzales

|          |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             |
|----------|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| 9/22/05  | Filed order MOATT (Stephen R. REINHARDT, Michael D. HAWKINS) The mtn to proceed IFP is granted, the clerk shall amend the docket. The mtn for appt of counsel is denied bec this petition does not present exceptional circumstances. NO motions for recon shall be filed on this denial. Resp has filed a statement of non opp to the stay mtn. The temp stay shall continue in effect until iss of the mdt or until further order of the court. If the AG gr vol dep and the stya mtn was filed within the vol dep period, the vol dep period was also stayed nunc pro tunc as of the filing date of the stay mtn and also continues in effect until iss of the mdt or until further order. The admin record has been filed. The opening brief is due 10/26/05, answering brief 11/25/05, reply brief is due 14 days from service. [05-72765] (ca) |
| 9/29/05  | 14 day oral extension by phone of time to file Petitioner Eparama Tuitogalevu Mau brief. The opening brief is due                                                                                                                                                                                                                                                                                                                                                                                                            |

11/9/05; the answering brief is due 12/9/05; and the optional reply brief is due 14 days after the service of the answering brief. [05-72765] (gs)

11/3/05    Rec'd notice of change of address from Eparama Tuitogalevu Mau for Petitioner Eparama Tuitogalevu Mau  dated 10/28/05.Pet's new address is 1115 N. Imperial Avenue, El Centro, CA 92243. [05-72765] (ca)

11/7/05    Filed Petitioner Eparama Tuitogalevu Mau's motion for ext of time to submit brief; served on 11/3/05. (PROMO) [05-72765] [05-72765] (ca)

11/17/05    Received an original and 7 copies of 36 pages; served on 11/15/05.(Informal: y) Deficient: late, motion pending in PROMO.    [05-72765] (ca)

12/27/05    Filed order PROMO (lbs) Pet's mtn for ext of time is granted, op brief rec'd 11/17/05 is orderded filed. Ans brief is due 30 days from date of this order, reply brief is due 14 days from service. [05-72765] (ca)

12/27/05    Filed original and 7 copies of Petitioner's opening brief of 36 pages; served on 11/15/05. (Informal: y)    [05-72765] (ca)

1/20/06    14 day oral extension by phone to file Respondent's answering brief [05-72765]. Respondents' brief due 2/9/06. The optional reply brief is due 14 days after service of the answering brief. (lb)

2/7/06    Filed Petitioner's opposition to resp's ext of time to file response brief; served on 2/2/06. (PROMO) [05-72765] (ca)

Docket as of May 29, 2007 11:16 pm                Page 5

---

05-72765 Mau, et al v. Gonzales

2/9/06    filed notice of appearance of S.Nicole Nardone and David Bernal for the resp.  (Withdrew as counsel: attorney David V. Bernal for Alberto R. Gonzales, attorney Russell J.E. Verby for Alberto R. Gonzales) [05-72765] (ca)

2/9/06    Filed original and 15 copies of respondent's answering brief of 21 pages; served on 2/3/06. [05-72765] (ca)

2/17/06    14 day oral extension by phone of time to file 's reply brief. [05-72765] petitioners' reply brief due 3/7/06; (king)

3/2/06    Calendar check performed [05-72765] (th)

3/9/06    Filed original and 15 copies Eparama Tuitogalevu Mau's reply brief of 13 pages; served on 3/7/06.(Informal: y) [05-72765] (ca)

5/22/07          Rec'd notice of change of address from Eparama Tuitogalevu
                 Mau. New address is Eparama Tuitogalevu Mau, 1115 N.
                 Imperial Ave., El Centro, CA 92243. (received on 5/22/07)
                 [05-72765] (lee)

Docket as of May 29, 2007 11:16 pm                    Page 6

|  | PACER Service Center | |
|---|---|---|
| | Transaction Receipt | |
| | 11/16/2007 16:40:24 | |
| PACER Login: | du6338 | Client Code: | |
| Description: | dkt report | Case Number: | 05-72765 |
| Billable Pages: | 6 | Cost: | 0.48 |

1   KAREN P. HEWITT
United States Attorney
2   RAVEN NORRIS
Assistant U.S. Attorney
3   California State Bar No. 232868
Office of the U.S. Attorney
4   880 Front Street, Room 6293
San Diego, California 92101-8893
5   Telephone: (619) 557-7157
E-mail: Raven.Norris@usdoj.gov
6
Attorneys for Respondents
7

8                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU           )    Case No. 07cv2037-IEG (LSP)
                      )
11         Petitioner,  )
                      )    CRUIZ-ORTIZ v. GONZALES
12     v.            )    No. 06-55654
                      )
13  MICHAEL B. MUKASEY, U.S. Attorney )
   General; et al.,        )
14                    )
          Respondents.  )
15  _____ )

16

17

18

19

20

21                           EXHIBIT O

22

23

24

25

26

27

28

**FILED**

NOT FOR PUBLICATION

FEB 22 2007

UNITED STATES COURT OF APPEALS

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAIME SANTIAGO CRUZ-ORTIZ,

Petitioner - Appellant,

v.

ALBERTO R. GONZALES, Attorney
General; MICHAEL CHERTOFF,
Secretary of the Department of
Homeland Security,

Respondents - Appellees.

No. 06-55654

D.C. No. CV-05-05421-JFW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 5, 2007**
Pasadena, California

Before:   McKAY,*** KOZINSKI and TROTT, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **    This panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

    ***    The Honorable Monroe G. McKay, Senior United States Circuit Judge
for the Tenth Circuit, sitting by designation.

page 2

The district court properly determined that the REAL ID Act stripped it of habeas jurisdiction over appellant's final order of removal, see Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006), and that appellant's habeas petition was a disguised attempt to challenge the validity of the removal order. In any event, appellant is being voluntarily detained—upon his requested stay of removal—pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C. § 1231(a)(2) requires such detention: "After entry of a final removal order and during the 90-day removal period . . . aliens must be held in custody." Zadvydas v. Davis, 533 U.S. 678, 683 (2001).

**AFFIRMED.**

1　KAREN P. HEWITT
　　United States Attorney
2　RAVEN NORRIS
　　Assistant U.S. Attorney
3　California State Bar No. 232868
　　Office of the U.S. Attorney
4　880 Front Street, Room 6293
　　San Diego, California 92101-8893
5　Telephone:  (619) 557-7157
　　E-mail: Raven.Norris@usdoj.gov
6
　　Attorneys for Respondents
7

8　　　　　　　　　UNITED STATES DISTRICT COURT
　　　　　　　　SOUTHERN DISTRICT OF CALIFORNIA
9

10　EPARAMA MAU　　　　　　　　）　　Case No. 07cv2037-IEG (LSP)
　　　　　　　　　　　　　　　　　）
11　　　　　　　Petitioner,　　　）
　　　　　　　　　　　　　　　　　）
12　　　　v.　　　　　　　　　　　）　　BERNAL v. CHERTOFF
　　　　　　　　　　　　　　　　　）　　No. 06cv2184-JAH (POR)
13　MICHAEL B. MUKASEY, U.S. Attorney )
　　General; et al.,　　　　　　）
14　　　　　　　　　　　　　　　　）
　　　　　　　Respondents.　　　）
15　_____）

16

17

18

19

20

21　　　　　　　　　　　　　　EXHIBIT P

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   JUAN CARLOS VALDEZ BERNAL,        )    Civil No. 06CV2184 JAH (POR)
                                       )
11                  Petitioner,        )    **ORDER DENYING PETITIONER'S**
     v.                                )    **WRIT OF HABEAS CORPUS**
12                                     )
     MICHELLE CHERTOFF, Secretary of   )    [Doc. No. 12]
13   the Department of Homeland Security,  )
     et al.                            )
14                                     )
                    Respondents.       )
15   _____)

16        Now pending before this Court is Petitioner Juan Carlos Valdez Bernal ("Petitioner")

17   petition for writ of habeas corpus under 28 U.S.C. § 2241. The petition has been fully briefed

18   by the parties. After a careful consideration of the pleadings and relevant exhibits submitted,

19   and for the reasons set forth below, this Court DENIES the petition in its entirety.

20                              BACKGROUND

21        Petitioner, a native and citizen of Mexico, entered the United States in February 1968.

22   On August 8, 2001, Petitioner was convicted in the San Diego County Superior Court of

23   possession of heroin under Cal. Health and Safety Code § 11350(a), and was sentenced to 5

24   years in custody. Resp., Exh. at 1-2. On April 15, 2005, the Department of Homeland

25   Security's ("DHS") Immigration and Customs Enforcement ("ICE"), took custody of Petitioner

26   and placed him in removal proceedings, charging him with deportability under 8 U.S.C.

27   § 1227(a)(2)(B)(I). *See* Resp., Exh. at 2. Petitioner was held by DHS under the mandatory

28   detention provisions of 8 U.S.C. § 1226(c)(1)(B).

                                                                           06cv2184

Petitioner appeared before the immigration judge on April 19, 2005. The immigration judge issued an order on October 6, 2005, specifically finding that the Petitioner admitted all of the allegations against him, but testified that he was the son of a U.S. citizen. Resp., Exh. at 7-19. The immigration judge found that Petitioner was not a United States citizen. Id. at 7-10. The immigration judge also denied Petitioner's application for cancellation of removal under 8 U.S.C. § 1229b(a) and his application for voluntary departure under 8 U.S.C. § 1129c(b). As such, on October 6, 2005, Petitioner was ordered removed to Mexico. Id. at 6, 18. Petitioner appealed to the Board of Immigration Appeals ("BIA") on February 28, 2006, which upheld the immigration judge's decision. Resp., Exh. at 22-23.

On March 13, 2006, Petitioner filed a petition with the Ninth Circuit Court of Appeals for review of the removal decision, and requested a stay of removal pending his appeal. On June 19, 2006 Petitioner's stay motion was granted. Resp., Exh. at 26. Pending the appeal, DHS performed a custody review. On June 27, 2006, DHS issued a decision to continue detention based on a determination that Petitioner failed to prove that he was not a flight risk. Resp., Exh. at 31. DHS accordingly denied Petitioner's release pending a decision on his appeal. Id. On October 20, 2006, Petitioner requested an extension of time to file his appellate brief from October 30, 2006 to December 15, 2006. Resp., Exh. at 27. The motion was granted. Id.

Petitioner filed the instant habeas petition on October 2, 2006. Doc. No. 1. Respondent filed a return to the petition on March 8, 2007. Doc. No. 8. Petitioner filed a traverse on June 1, 2007. Doc. No. 10. On July 17, 2007, Petitioner submitted a status request.

Petitioner complains of his prolonged detention since March 13, 2006, the date he filed his appeal to the Ninth Circuit. Pending appeal or further order of the Ninth Circuit Court of Appeals, Petitioner's removal is stayed.

06cv2184

07cv2037_00120

1

2                                     <u>**DISCUSSION**</u>

3          Petitioner seeks release from DHS custody arguing that his prolonged detention is not

4  statutorily authorized. *See* Pet. at 2; Trav. at 2.  Petitioner further argues that pursuing his

5  judicial appeal in Mexico is far more difficult than pursuing it in the United States which is why

6  he requested to stay his removal proceedings.  Respondents, in their return to the petition,

7  contend that Petitioner's detention is lawful.  First, there have been no inordinate delays.

8  Second, Petitioner is being voluntarily detained after he sought, and received, a stay of removal

9  pending appeal of his final removal order.  Third, Petitioner's claim to United States citizenship

10 or an application for certificate of citizenship can be pursued from Mexico, Petitioner's

11 homeland.  Therefore, Respondent argues, Petitioner's habeas petition should be denied.

12 I.    **Legal Standard**

13         On May 11, 2005, Public Law 109-13 (the "REAL ID Act") was signed into law.

14 Section 106 of the REAL ID Act amends portions of the Immigration and Nationality Act,

15 8 U.S.C. § 1252, and clarifies the scope of judicial review of removal orders by mandating that

16 the exclusive means for review of challenges to a final order of removal, deportation or exclusion

17 is through a petition for review to the appropriate court of appeal.  *See* Publ.Law 109-13

18 § 106(a).  Thus, the REAL ID Act only allows the district court to conduct habeas review to an

19 alien's detention based on challenges that are independent of the issues surrounding removal.

20 *See* H.R.Rep. No. 109-72 (2005) ("section 106 would not preclude habeas review over challenges

21 to detention that are independent of challenges to removal orders.").  This Court finds it is not

22 precluded from determining whether Petitioner's detention pending his appeal to the Ninth

23 Circuit is lawful because such a determination is independent of a removability challenge.

24 II.    **Analysis**

25         The Ninth Circuit has determined that an appellant, such as Petitioner, was voluntarily

26 detained when he requested stay of removal pending his appeal of his final removal order.  <u>Cruz-</u>

27

28

<u>Ortiz v. Gonzales</u>, 221 Fed. Appx. 531, 2007 WL 580670 (9th Cir. 2007). Petitioner's case can

                                              3                                      06cv2184

1   be distinguished from the cases he cites in his petition, and his situation is unique in that his

2   continued detention is a result of his own actions. Petitioner sought stay of his removal and

3   now seeks to be released from detention. The relevant cases cited by Petitioner can be readily

4   distinguished here. In Nadaraja v. Gonzales, 443 F.3d 1069, 1071 (9th Cir. 2006), the

5   immigration judge awarded the Sri Lankan national relief and the decision was affirmed by the

6   Board of Immigration Appeals. The national was not charged with a crime and despite having

7   prevailed on every administrative level of review, the government continued to detain him. In

8   another Ninth Circuit case, Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), the alien was

9   detained for two years and eight months during removal proceedings while the courts continued

10  to sort out whether his offenses actually fell within the reach of the mandatory detention statute.

11

12      Here, Petitioner's administrative proceeding has been completed. It lasted ten months

13  and was completed over one year ago. Instead, he is awaiting his pending judicial appeal–an

14  appeal that he has chosen to pursue in the United States. Because it was Petitioner's own doing

15  that he is still in detention here, there is no "detention by default" as it was in Tijani. Id. at

16  1244.

17      Petitioner further supports his argument citing Zadvydas v. Davis, 533 U.S. 678 (2001),

18  a case which is also readily distinguishable from Petitioner's case. The Court finds that the case

19  of Zadvydas case, is not analogous. In Zadvydas, again, it was the government's own actions

20  that resulted in the failure to deport the alien, id. at 678, whereas in the instant case it is

21  Petitioner's own actions that have resulted in his continued detention, i.e. Petitioner's request

22  to stay removal and request for extensions on his initial brief. Petitioner had the opportunity

23  to bring his suit in Mexico, but instead chose to litigate his case in the United States and now

24  requests that he be released from detention.

25      This Court undoubtedly recognizes that freedom from government custody lies at the

26  heart of individual liberty, id. at 690, and that immigrants, as well as citizens, are protected by

27  the Due Process Clause. However, the Court also finds that Petitioner has not been deprived

28

4

06cv2184

1  of individual liberty in the instant case where he chose to stay his removal proceedings.  The

2  argument raised by Petitioner that it is more difficult to litigate his case from Mexico than in the

3  United States does not mitigate the fact that Petitioner has nevertheless voluntarily chosen to

4  be detained in a country while pursuing appeal.  Accordingly, following the Ninth Circuit

5  decision in Cruz-Ortiz, this Court finds that Petitioner's detention is voluntary.

6

7                                     **CONCLUSION AND ORDER**

8         Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of

9  habeas corpus regarding Petitioner's release is **DENIED.**

10

11  DATED:  August 22, 2007

12

13                                              HON. JOHN A. HOUSTON
                                                 United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

06cv2184

07cv2037_00123

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF CALIFORNIA
9

10  EPARAMA MAU                    )        Case No. 07cv2037-IEG (LSP)
                                   )
11                 Petitioner,     )
                                   )
12         v.                      )        ARTEAGA v. GONZALES
                                   )        No. 07cv1626-BEN (CAB)
13  MICHAEL B. MUKASEY, U.S. Attorney )
    General; et al.,                )
14                                 )
                   Respondents.    )
15  _____ )

16

17

18

19

20

21                          EXHIBIT Q

22

23

24

25

26

27

28



1

2

3

4

5

6

7

8              **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  JEAN PIERRE ARTEAGA,                    CASE NO. 07-CV-1626 BEN (CAB)

12                            Petitioner,    **ORDER:**

13      vs.                                  **(1) DENYING PETITION FOR**
                                             **WRIT OF HABEAS CORPUS,**
14                                           **[Doc. # 1]; and**

15  ALBERTO GONZALES, U.S. Attorney          **(2) DENYING MOTION FOR**
                                             **EXTENSION OF TIME TO FILE**
16  General, *et al.*,                       **TRAVERSE, [Doc. # 15]**

17                            Respondents.

18

19                          **I. INTRODUCTION**

20      Petitioner Jean Pierre Arteaga ("Petitioner" or "Arteaga") brought this Petition for Writ of

21  Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. Petitioner seeks release from the

22  custody of the Department of Homeland Security ("DHS"). For the reasons that follow, the

23  Petition is **DENIED.**

24                          **II. BACKGROUND**

25      Petitioner was born in the city of San Salvador in El Salvador in 1976. He was granted

26  United States permanent resident status in 1989. On February 20, 2002, Petitioner was convicted

27  under section 11377(A) of the Health and Safety Code of California for the offense of possession

28  of methamphetamine, and sentenced to two years in prison. (Decl. of Raven M. Norris in Sup. of

                                - 1 -                              07cv1626

                                                                  07cv2037_00125

1   Gov't's Return to Pet. ("Norris Decl."), Ex. B).  Petitioner was also convicted of an unlawful

2   taking and driving of a vehicle under California Vehicle Code Section 10851(a), and sentenced to

3   two years in prison.  *Id.*

4       On November 17, 2003, Immigration and Customs Enforcement ("ICE"), an investigative

5   branch of DHS, initiated removal proceedings against Arteaga.  ICE charged Petitioner with

6   deportability under 8 U.S.C. § 1227(a)(2)(B)(i), which provides for the deportation of an alien

7   convicted of violating any law relating to a controlled substance, and under 8 U.S.C. §

8   1227(a)(2)(B)(iii), as an alien convicted of an aggravated felony.  (Norris Decl., Ex. A).  ICE held

9   Arteaga in mandatory custody pursuant to 8 U.S.C. § 1226(c)(1)(B), pending his removal

10   proceedings before the Immigration Judge ("IJ").  *Id.*  On June 28, 2004, the IJ denied Arteaga's

11   application for cancellation of removal and his requests for asylum, withholding of removal, and

12   relief under the Convention Against Torture.  The IJ ordered Petitioner removed to El Salvador.

13   (Norris Decl., Ex. C).  Arteaga appealed the IJ's decision to the Board of Immigration Appeals

14   ("BIA").  The BIA upheld the IJ's decision.  (Norris Decl., Ex. D).

15       On January 20, 2005, Arteaga petitioned for review by the Ninth Circuit Court of Appeals

16   and obtained a stay of removal.  (Norris Decl., Ex. E).  On June 8, 2007, the case was argued

17   before and submitted to Stephen S. Trott and Johnnie Rawlinson, Circuit Judges, and Samuel P.

18   King, a District Judge for the District of Hawaii.  A decision has not yet been issued.  DHS has

19   conducted custody reviews and determined that Arteaga should remain in detention because he is a

20   flight risk and a danger to the community.  (Norris Decl., Exs. F-H).

21                           **III. LEGAL STANDARD**

22       Aliens "may be arrested and detained pending a decision on whether the alien is to be

23   removed from the United States." 8 U.S.C. § 1226(a).  Detention is mandatory for aliens who are

24   subject to removal due to certain types of criminal convictions, such as aggravated felonies or

25   crimes of moral turpitude.  *See* 8 U.S.C. § 1226(c).  After the entry of a final removal order and

26   during the 90-day removal period, aliens must be held in custody.  8 U.S.C. § 1231(a)(2).

27   Subsequently the government "may" continue to detain an alien or release that alien under

28   supervision.  8 U.S.C. § 1231(a)(6).

07cv1626

1    An alien's post-removal-period detention is not "indefinite," but limited to "a period

2  reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v.*

3  *Davis,* 533 U.S. 678 at 689 (2001). The Supreme Court suggested that six months is an

4  unreasonable period of detention. *See id.* at 701. "[O]nce the alien provides good reason to

5  believe that there is no significant likelihood of removal in the reasonably foreseeable future, the

6  Government must respond with evidence sufficient to rebut that showing." *Id.*

7                                IV. DISCUSSION

8    A.    **Petition for Writ of Habeas Corpus**

9    The Petition is denied for the reasons discussed below.

10          1.    **Petitioner's Detention is Voluntary**

11    Arteaga is being detained voluntarily. The Ninth Circuit recently stated in an unpublished

12  opinion:

13          In any event, appellant is being voluntarily detained-upon his requested stay of removal-
            pending appeal of his final removal order. The Supreme Court has explained that 8 U.S.C.
14          § 1231(a)(2) requires such detention: "After entry of a final removal order and during the
            90-day removal period ... aliens must be held in custody."
15

16  *Cruz-Ortiz v. Gonzales,* 2007 WL 580670, 1 (9th Cir. 2007) (citing *Zadvydas,* 533 U.S. at 683).

17    Although the *Cruz-Ortiz* decision is not binding, it is instructive. "Unpublished

18  dispositions and orders of this Court are not precedent, except when relevant under the doctrine of

19  law of the case or rules of claim preclusion or issue preclusion." U.S. Ct. of App. 9th Cir. Rule

20  36-3. Rule 36-3 does not bar district courts from considering unpublished dispositions, but such

21  dispositions "are not binding, and at most, can only be persuasive authority." *See Herring v.*

22  *Teradyne, Inc.,* 256 F.Supp.2d 1118, 1128 (S.D. Cal. 2002); Fed. R. App. P. 32.1; U.S. Ct. of App.

23  9th Cir. Rule 36-3. This Court finds the reasoning of *Cruz-Ortiz* persuasive. This reasoning has

24  been followed by at least one other district court. *See Bernal v. Chertoff,* 06cv2184 JAH, slip. op.

25  (S.D. Cal. Aug 29, 2007).

26    The conclusion of *Cruz-Ortiz* is supported by the existence of alternatives for Arteaga's

27  pursuit of his Petition. "Even if a petition for review is filed, IIRIRA permits the INS to remove

28  aliens without delay after an unfavorable BIA decision, and it allows aliens to continue their cases

- 3 -                                                07cv1626

07cv2037_00127

1   from abroad." *Zazueta-Carrillo v. Ashcroft,* 322 F.3d 1166, 1171 (9th Cir. 2003). Removal or any

2   other departure from the United States would not prevent Arteaga from continuing his case.

3   Therefore the detention is attributable to Petitioner and not DHS.

4       Petitioner argues that he is not "to blame for the fact that respondents have locked him up

5   for nearly 48 months" because (1) he should not be forced to choose between submitting to

6   administrative detention and returning to a country he left as a four-year-old twenty seven years

7   ago; and (2) he should not be forced to choose between detention and litigating his claims,

8   including by means of appeal to the Ninth Circuit. (*See* Pet'r's Traverse at 2:21-28).

9       The above "forced" choices, however, are merely options available to Arteaga based on the

10  applicable law and his criminal record. Petitioner has been convicted of two felonies and ordered

11  removed. (Norris Decl., Exs. B, C). DHS has conducted custody reviews and determined that

12  Arteaga should remain in detention because he is a flight risk and a danger to the community.

13  (Norris Decl., Exs. F-H). At this point in Arteaga's pursuit of his claims, he may remain in

14  detention in the United States or leave for El Salvador and prosecute his case from abroad. There

15  is no contradiction between ICE's decision not to release Arteaga and his voluntary selection to

16  accept prolonged detention and litigate his claims from within the United States. Arteaga may

17  choose to end his detention at any time by departing from this country. Therefore he remains in

18  custody of his own will.

19      The unconstitutional conditions doctrine, urged by Petitioner, does not warrant a different

20  result. The doctrine "limits the government's ability to exact waivers of rights as a condition of

21  benefits, even when those benefits are fully discretionary." *U.S. v. Scott,* 450 F.3d 863, 866 (9th

22  Cir. 2006). Petitioner cites a case he characterizes as "readily adaptable to civil detainees held by

23  ICE," stating that "[t]he right to keep someone in jail does not in any way imply the right to

24  release that person subject to unconstitutional conditions - such as chopping off a finger or giving

25  up one's first-born." *Id.* at 867. Arteaga, however, is not required to make any sacrifices on the

26  above-described drastic scale. As noted above, in case of his departure, he would be able to

27  litigate his claims from abroad. Although it is possible that pursuing his case from El Salvador

28  may not be as easy as doing it from within the United States, Petitioner's avenues of relief will not

- 4 -

1    be taken away.

2         Finally, Arteaga himself has not alleged that he would be left without a remedy in the event

3    of his departure from the United States.  Petitioner has applied for asylum, withholding of

4    removal, and for relief under the Convention Against Torture.  Arteaga argued that as a former

5    gang member, he will be persecuted and tortured in El Salvador.  The IJ and BIA rejected this

6    argument because although Petitioner provided evidence that heavily-tattooed former U.S. gang

7    members automatically come under the close scrutiny of the Salvadoran government, this evidence

8    did not establish that he would be persecuted or tortured.  (Norris Decl., Ex. D).  Therefore

9    Petitioner's return to El Salvador will not prevent him from pursuing his case.

10        Accordingly, Petitioner remains in custody of his own will.

11        **2.    The Holdings in *Tijani* and *Nadarajah***

12        Petitioner relies heavily on the Ninth Circuit decisions in *Tijani v. Willis,* 430 F.3d 1241,

13   1249 (9th Cir. 2005) and *Nadarajah v. Gonzales,* 443 F.3d 1069, 1078 (9th Cir. 2006).  These

14   decisions, however, are distinguishable from the present case.

15        The Ninth Circuit in *Tijani* and *Nadarajah* applied *Zadvydas* to the circumstances of the

16   detainees whose orders of removal were still subject to legal challenges.  In *Nadarajah*, the Ninth

17   Circuit found the five-year detention of a refugee, whose case was pending before the Attorney

18   General, to be unreasonable.  443 F.3d at 1080.  In *Tijani*, the court ordered an Immigration Judge

19   to release on bail the petitioner who had been detained for two years and eight months pending his

20   appeal under INA § 236(c), unless the Government could prove the petitioner was a flight risk or a

21   danger to the community.  430 F.3d at 1242.

22        The present case differs from the above decisions in significant aspects.  As discussed

23   above, Petitioner's detention is voluntary, whereas Tijani and Nadarajah were held under the

24   mandatory detention provisions.  Further, while Tijani and Nadarajah were held under 8 U.S.C. §

25   1226(c), Arteaga is held under 8 U.S.C. § 1226(a).  ICE continues to conduct periodic custody

26   reviews to determine whether Petitioner should be released pending a decision on his petition for

27

28

07cv2037_00129

1  review. (Norris Decl., Exs. F-G).[1]

2       Next, Arteaga's detention has been extended by his own pursuit of the petition for review.

3  *See Middleton v. Clark,* 2007 WL 1031725, 2 (W.D. Wash. 2007) ("unlike Nadarajah, the length

4  of petitioner's detention is not due to the Attorney General's significant delay, but rather to his

5  Petitioner for Review, and related stay of removal, which will take some time to resolve."). Tijani

6  and Nadarajah were subjected to mandatory detention by DHS pending administrative removal

7  proceedings, which had been extraordinarily prolonged. *See Tijani*, 430 F.3d at 1246; *Nadarajah*,

8  443 F.3d at 1073.

9       Finally, Arteaga has been convicted of two crimes. DHS has conducted custody reviews

10 and determined that Arteaga should remain in detention because he is a flight risk and a danger to

11 the community. (Norris Decl., Exs. F-H). Neither Tijani's nor Nadarajah's detention was the

12 result of a criminal conviction. *See Tijani*, 430 F.3d at 1243; *Nadarajah*, 443 F.3d at 1071.[2]

13      In sum, significant differences between the facts of the present action and those of *Tijani*

14 and *Nadarajah* warrant a different result for Arteaga.

15               **3.     Likelihood of Removal**

16      Because there exists a significant likelihood that Arteaga will be removed in the

17 foreseeable future, his detention is not indefinite. Release may be granted when an alien is

18 detained for six months or more without a "significant likelihood of removal in the reasonably

19 foreseeable future." *Zadvydas,* 533 U.S. at 701.

20      Unlike the detainees whose release was found appropriate, Arteaga is facing either a grant

21 of his petition or removal to a specific country. All efforts to deport Zadvydas from the United

22

23  [1]Petitioner argues that the difference in the statutory subsections does not matter, relying on
    a case from the Central District of California. *See Martinez v. Gonzales,* 504 F.Supp.2d 887, 896
24  (C.D. Cal. 2007). Here, however, Respondent pointed out that Petitioner's custody reviews continue,
    and release may be granted in the future. Further, *Martinez* noted that Nadarajah's release was
25  justified because his removal was not reasonably foreseeable. 504 F.Supp.2d at 896. As discussed
    below, Arteaga's removal is reasonably foreseeable.

26  [2]The government also argues that the delay in *Tijani* and *Nadarajah* came from the
    administrative portion of the proceedings, whereas Arteaga's administrative proceedings were
27  completed over two years ago and the continuing delay cannot be attributed to DHS. Tijani's
    administrative proceedings had ended shortly before the oral argument at the Ninth Circuit. *See*
28  *Tijani*, 430 F.3d at 1247-48 & n. 7. The main portion of Arteaga's detention, however, occurred after
    the BIA's decision and resulted from his filing of the petition with the Ninth Circuit. This portion of
    the delay is therefore attributable to his own choice.

07cv2037_00130

1    States to any other country failed. *Id.* at 678. Nadarajah received a grant of asylum and his

2    removal was not reasonably foreseeable. *Nadarajah*, 443 F.3d at 1081.

3         In contrast, Arteaga has been denied all forms of relief from removal. Once his appeals are

4    completed, DHS will secure his travel documents for the repatriation to El Salvador. The

5    pendency of Arteaga's petition for review does not render removal unforeseeable. *See Soberanes*

6    *v. Comfort,* 388 F.3d 1305, 1311 (10th Cir. 2004). Therefore Arteaga's detention has an end-

7    point.

8              **4.    Release under Federal Rule of Appellate Procedure 23(b)**

9         Petitioner's request for relief under Rule 23 is premature. "While a decision not to release

10   a prisoner is under review, the court or judge rendering the decision, or the court of appeals, or the

11   Supreme Court, or a judge or justice of either court" may order that the prisoner be released. Fed.

12   R. App. P. 23(b); *see also Nadarajah*, 443 F.3d at 1083 ("Also pending before the panel is

13   Nadarajah's renewed motion for release pending appeal. We have authority to order such a release

14   pursuant to Fed. R.App. P. 23(b)."). No decision regarding Petitioner's release has been issued at

15   this point, and no appeal of such decision is pending. Therefore at this stage Rule 23 is not

16   applicable.

17        Even if Rule 23(b) were applicable, Petitioner does not meet the standard articulated by the

18   Ninth Circuit for this type of relief:

19        the proper standard for evaluating a similar motion was "the traditional standard for interim
          injunctive relief, [according to which] the moving party 'must show either (1) a probability
20        of success on the merits and the possibility of irreparable harm, or (2) that serious legal
          questions are raised and the balance of hardships tips sharply in the moving party's favor.'
21        " As we have explained, "these two alternatives represent extremes of a single continuum,
          rather than two separate tests."
22

23   *Nadarajah,* 443 F.3d at 1083 (citations omitted). Arteaga has not shown a probability of success

24   on the merits. In the petition brought before the Ninth Circuit, he argued that his conviction for

25   joy-riding does not qualify as an aggravated felony for purposes of removal, because it was

26   categorically overbroad due to its inclusion of liability for accessories after the fact. (*See* Pet. at

27   9). Arteaga, however, was also convicted under section 11377(A) of the Health and Safety Code

28   of California for the offense of possession of methamphetamine, a deportable offense. *See*

          *Cruz-Aguilera v. I.N.S.,* 245 F.3d 1070, 1073 (9th Cir. 2001). ("Because we conclude that

1   Cruz-Aguilera committed a deportable offense covered by INA § 237(a)(2)(B)(i)-possession of a

2   controlled substance-we dismiss his petition for direct review."). Petitioner cites his continued

3   detention as the irreparable harm. However, as concluded above, the detention is his voluntary

4   choice. Similarly, Petitioner does not raise serious legal questions as to his claims, both because

5   he may choose to end the detention, and because his release is reasonably foreseeable. For the

6   same reasons, the balance of hardships does not tip sharply in Arteaga's favor.

7        Accordingly, Arteaga is not entitled to the relief under Rule 23(b).

8   **B.    Motion for Extension of Time to File Traverse**

9        On November 2, 2007, Petitioner filed a motion for an extension of time to file a Traverse.

10   The request is dated October 23, 2007. Because Petitioner filed his Traverse on October 31, 2007,

11   the motion for an extension is denied as moot.

12                  **V. CONCLUSION**

13        Based on the above, the fully-briefed Petition for Writ of Habeas Corpus is **DENIED.**

14   **IT IS SO ORDERED.**

15

16   DATED: November 13, 2007

17

18                             Hon. Roger T. Benitez
                                United States District Judge

19

20

21

22

23

24

25

26

27

28

1  KAREN P. HEWITT
   United States Attorney
2  RAVEN NORRIS
   Assistant U.S. Attorney
3  California State Bar No. 232868
   Office of the U.S. Attorney
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone:  (619) 557-7157
   E-mail: Raven.Norris@usdoj.gov
6
   Attorneys for Respondents
7

8                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF CALIFORNIA
9
                                    )
10 EPARAMA MAU                      )       Case No. 07cv2037-IEG (LSP)
                                    )
11            Petitioner,           )
                                    )
                                    )       SUPNET v. GONZALES
12     v.                           )       No. 06cv2169-JAH (RBB)
                                    )
13 MICHAEL B. MUKASEY, U.S. Attorney )
   General; et al.,                 )
14                                  )
             Respondents.           )
15 _____ )

16

17

18

19

20

21                          EXHIBIT R

22

23

24

25

26

27

28

07cv2037_00133

1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       SOUTHERN DISTRICT OF CALIFORNIA

10   EUGENE SUPNET,                    )    Civil No. 06CV2169 JAH(RBB)
                                       )
11                    Petitioner,      )    **ORDER DENYING PETITION FOR**
     v.                                )    **WRIT OF HABEAS CORPUS**
12                                     )
     ALBERTO GONZALES, Attorney        )    [28 U.S.C. § 2241]
13   General, *et al.*,                )
                                       )
14                    Respondents.     )
     _____ )

15

16                            **INTRODUCTION**

17          Currently pending before this Court is the petition for writ of habeas corpus filed by

18   petitioner Eugene Supnet ("petitioner") pursuant to 28 U.S.C. § 2241. The petition has been

19   fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits

20   submitted by the parties, and for the reasons set forth below, this Court DENIES the petition

21   for writ of habeas corpus in its entirety.

22                             **BACKGROUND**

23          Petitioner is a native and citizen of the Philippines. On March 14, 2004, petitioner was

24   detained by the Immigration and Customs Enforcement ("ICE"), an agency of the Department

25   of Homeland Security ("DHS"), for removal proceedings based on charges that petitioner is

26   removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) (alien convicted of an aggravated felony)

27   and 8 U.S.C. § 1227(a)(2)(E)(i) (alien convicted of a crime of child abuse). An immigration

28   judge ordered petitioner removed on May 17, 2005. The removal order became final when the

1  Bureau of Immigration of Appeals ("BIA") summarily affirmed the removal order on
2  September 2, 2005.  Petitioner, on October 3, 2005, filed a petition for review of the BIA's
3  decision with the Ninth Circuit Court of Appeals along with a motion to stay his removal
4  pending the appeal.  The Ninth Circuit granted petitioner's stay request on February 24, 2006.
5  The petition for review remains pending before the Ninth Circuit.

6         The instant petition was filed on September 29, 2006.  Respondent's return to the
7  petition was filed on February 9, 2007 and petitioner's traverse was filed on April 20, 2007.
8  The government also filed a notice of supplemental authority on April 23, 2007.

9                                    **DISCUSSION**

10        In the instant petition, petitioner seeks release from custody, contending that he is being
11  unconstitutionally detained for an indefinite period.  Section 236 of the Immigration and
12  Nationality Act ("INA"), 8 U.S.C. § 1226, provides that once removal proceedings are
13  complete, the detention and release of aliens shifts from INA § 236 to INA § 241, 8 U.S.C.
14  § 1231, which directs that DHS endeavor to remove an alien within ninety days after the start
15  of a removal period. 8 U.S.C. § 1231(a)(1)(A).  Further, INA § 241 provides that:

16        The removal period begins on the latest of the following:

17        (i) The date the order of removal becomes final.
18        (ii) If the removal order is judicially reviewed and if a court orders a stay of the
        removal of the alien, the date of the court's final order.
19        (iii) If the alien is detained or confined (except under an immigration process), the
        date the alien is released from detention or confinement.

20  8 U.S.C. § 1231(a)(1)(B).  An alien ordered removed pursuant to convictions for certain
21  criminal offenses,[1] may be detained beyond the ninety day removal period.  8 U.S.C.
22  § 1231(a)(6).  Aliens detained under Section 1231(a)(6) may seek release after the ninety day
23  period has expired. Zadvydas v. Davis, 533 U.S. 678, 701(2001).  Six months detention after
24  the ninety day period has expired is considered "presumptively reasonable" unless the alien
25  demonstrates that "there is no significant likelihood of removal in the reasonably foreseeable
26  future. Id.

27  _____

28        [1] Specifically, aliens found removable under sections 8 U.S.C. §§ 1227(a)(1)(C), 1227(a)(2) or
    1227(a)(4).  Because petitioner was found removable under Section 1227(a)(2), this section applies to him.

                                         2                                    06cv2169

1    Petitioner contends that he is being detained longer than is statutorily or constitutionally

2    allowed because his detention has lasted longer than the presumptively reasonable six month

3    period announced in <u>Zadvydas</u>.  However, the six month presumptively reasonable time period

4    does not apply here because petitioner's ninety day removal period has not yet begun to run

5    since the Ninth Circuit's stay order is still in effect.  *See* 8 U.S.C. § 1231(a)(1)(B)(ii); *see also*

6    <u>Ma v. Ashcroft</u>, 257 F.3d 1095, 1104 n.12 (9th Cir. 2001)("If the removal order is stayed

7    pending judicial review, the ninety-day [removal] period begins running after the reviewing

8    court's final order.").

9    Petitioner urges this Court to apply the rationale presented by the Ninth Circuit in

10   <u>Nadaraja v. Gonzales</u>, 443 F.3d 1069 (9th Cir. 2006) and <u>Tijani v. Willis</u>, 430 F.3d 1241 (9th

11   Cir. 2005), cases in which the Ninth Circuit determined the alien petitioner was being

12   unconstitutionally held for an indefinite period.  *See* <u>Nadaraja</u>, 443 F.3d at 1084; <u>Tijani</u>, 430

13   F.3d at 1241.  This Court finds these cases are inapplicable to this case because neither

14   Nadaraja or Tijani were aliens being voluntarily detained pursuant to their own requested stay

15   of removal.  *See* <u>Cruz-Ortiz v. Gonzales</u>, 221 Fed. Appx. 531, 2007 WL 580670 *1 (9th Cir.

16   2007).  As the <u>Cruz-Ortiz</u> court explained, <u>Zadvydas</u> clearly mandates aliens be held in custody

17   "'[a]fter entry of a final removal order and during the 90-day removal period ...'" <u>Id.</u> (quoting

18   <u>Zadvydas</u>, 533 U.S. at 683; *see also* <u>Demore v. Kim</u>, 538 U.S. 510, 531 (2003)("the

19   Government may constitutionally detain deportable aliens during the limited period necessary

20   for their removal proceedings.").  Petitioner, here, fits squarely into that category of aliens

21   requiring mandatory detention pending his appeal of the final removal order, a category that

22   petitioner voluntarily entered by requesting a stay of the removal order.

23   This Court finds that petitioner has failed to demonstrate his removal is not significantly

24   likely in the reasonably foreseeable future. Rather, the only impediment to petitioner's removal

25   is his pending petition for review and related stay of removal.  Once the Ninth Circuit decides

26   his petition for review, the DHS will remove or release petitioner.  Thus, contrary to the

27   petitioner in <u>Zadvydas</u>, petitioner's detention is neither "indefinite" nor "potentially

28   permanent." <u>Zadvydas</u>, 533 U.S. at 690-91.  Therefore, this Court finds petitioner has failed

to make a threshold showing of indefinite detention.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that the instant petition for writ of habeas corpus is DENIED in its entirety.  The Clerk of Court shall terminate this action.

Dated:      August 29, 2007

HON. JOHN A. HOUSTON
United States District Judge

4