# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPARMA MAU,<br><br>                              Petitioner,<br>vs.<br><br>MICHAEL CHERTOFF, SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY, MICHAEL MUKASEY, ATTORNEY GENERAL ROBIN BAKER, DIRECTOR OF SAN DIEGO FIELD OFFICE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, JOHN A. GARZON, OFFICER-IN-CHARGE,<br><br>                              Respondents. | CASE NO. 07CV2037<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

Presently before the Court is Petitioner Eparama Mau's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner seeks release pending the outcome of his challenge to his deportation order which is currently under review in the Ninth Circuit Court of Appeals. For the following reasons, the Court GRANTS IN PART the Petition and orders Respondents to provide Petitioner with a bail hearing.

## BACKGROUND

**Factual Background**

Petitioner is a native and citizen of Fiji. He entered the United States in March 2001 as a non-immigrant B-2 visitor for pleasure with authorization to remain in the United States until September 14, 2001. He subsequently remained in the United States beyond this date without authorization.

On March 16, 2004, while on probation for a previous conviction for driving under the influence, Petitioner was convicted of violating California Vehicle Code § 23153(b) for Driving Under the Influence with Bodily Injury and was sentenced to 16 months' imprisonment. On September 16, 2004, Immigration and Customs Enforcement initiated removal proceedings against Petitioner, charging him with deportability pursuant to 8 U.S.C. § 1227(a)(1)(B), which provides for the deportation of an alien who violates his non-immigrant status.

Petitioner was transferred to the custody of the Respondents on October 5, 2004 and held in custody pending removal proceedings before the Immigration Judge ("IJ") and the Board of Immigration Appeals ("BIA"). On December 15, 2004, a removal hearing was held. Petitioner admitted each of the allegations filed against him. The IJ found Petitioner removable based on the admissions. The IJ heard testimony from the Petitioner regarding his fear of being returned to Fiji based on past instances of abuse at the hands of Fijian officials which the IJ concluded was credible. However, the IJ denied Petitioner's applications for asylum and withholding under the Immigration Act and the Convention Against Torture based on Petitioner's DUI conviction. The IJ further denied deferral of removal under the Convention Against Torture based on a finding that Petitioner had not established it more likely than not that he would be tortured by a public official if returned to Fiji. Petitioner timely appealed the decision of the IJ to the BIA. The BIA affirmed the IJ's ruling on April 28, 2005.

Petitioner then filed a timely petition for review pro se with the Ninth Circuit on May 12, 2005. The same day, Petitioner moved for a stay of deportation pending appeal; Respondents filed a notice of non-opposition to the stay on July 8, 2005. Following two extensions of time, Petitioner's opening brief was filed late on November 17, 2005, but was accepted by the Court. Respondents were ordered to file their brief by January 26, 2006. On January 20, 2006, the Respondents sought a two-week extension of time to file their brief. Petitioner filed an opposition to the extension on February 7, 2006. Respondent's brief was filed on February 9, 2006. After a 14-day extension, Petitioner filed his reply brief on March 9, 2006. No action has since taken place in the case.

//

//

**Procedural Background**

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 18 U.S.C. 2241 on October 19, 2007. (Doc. No. 1.) The Court granted Petitioner's accompanying motions to proceed in forma pauperis and for appointment of counsel. (Doc. No. 6, 9.) Respondents filed their return to the Petition on December 28, 2007. (Doc. No. 15.) Petitioner filed a traverse on January 18, 2008. (Doc. No. 16).

**JURISDICTION**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge the extent of the Attorney General's authority to detain a removable alien under the statutes authorizing detention. Zadvydas v. Davis, 533 U.S. 678, 687-89 (2001); see also Denmore v. Kim, 538 U.S. 510, 516-17 (2003). Where, as here, an administrative order of removal is not final, "habeas corpus jurisdiction remains in the district court." Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006); see also 8 U.S.C. § 1231(a)(1) (describing how a removal order becomes final).

**DISCUSSION**

**1.    Respondents' Authority to Detain Petitioner**

The parties do not dispute that Petitioner's detention is pursuant to 8 U.S.C. § 1226(a). Under 8 U.S.C. § 1226(a), aliens may be "detained pending a decision on whether the alien is to be removed from the United States." Unlike section 1226(c) of the same statute, which makes detention mandatory where the alien is inadmissible or deportable based on the commission of certain offenses, detention under section 1226(a) is discretionary; the Attorney General may release the alien on bond or conditional parol. 8 U.S.C. § 1226(a)(2).

i**.    Whether 8 U.S.C. § 1226(a) Authorizes Petitioner's Continued Detention**

Petitioner argues the length of his detention under 8 U.S.C. § 1226(a) has surpassed the length authorized by the statute. In support, Petitioner relies on the Ninth Circuit's recent decisions in Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005) and Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006)..

In Tijani, the Court of Appeals reviewed the by then 32 month detention of an alien subject to detention under the mandatory detention provision of 8 U.S.C. § 1226(c). Like Petitioner, the alien in that case was awaiting the outcome of his appeal pending before the Ninth Circuit. The Ninth

1 Circuit observed it was "constitutionally doubtful that Congress may authorize imprisonment of this
2 duration for lawfully admitted resident aliens who are subject to removal." 430 F.3d at 1242.
3 However, instead of deciding the constitutional issue, the court interpreted the authority conferred by
4 § 1226(c) as applying only to "expedited" removal of criminal aliens. Id. That authority, the court
5 held, had been exceeded by the two years and eight months of process which had already passed while
6 Tijani remained confined. The court ordered release of Tijani unless he was provided with a bail
7 hearing and found unsuitable for release under factors associated with flight risk or danger to the
8 community. Id.

9       Petitioner also draws support from the Ninth Circuit's post-Tijani decision in Nadarajah v.
10 Gonzales, 443 F.3d 1069 (9th Cir. 2006). In that case, the Ninth Circuit observed that the general
11 immigration detention statutes do not authorize the Attorney General to incarcerate detainees for an
12 indefinite period. The Court held detention pursuant to general detention statutes must be "for a
13 reasonable period, and only if there is a significant likelihood of removal in the reasonably foreseeable
14 future." Id. at 1079 (emphasis added). Once the alien provides good reason to believe that there is
15 no significant likelihood of removal in the reasonably foreseeable future, the Government must
16 respond with evidence sufficient to rebut that showing. Id. at 1079-80 (citing Zadvydas, 533 U.S. at
17 701).

18       Applying the law to the facts, the court concluded the writ of habeas corpus should issue
19 because the length of the detention in the case, over 60 months, was unreasonable when compared to
20 the six-month period identified as presumptively reasonable by the Supreme Court in Zadvydas v.
21 Davis, a case in which the Supreme Court interpreted a different detention statute. Further, the court
22 observed that Nadarajah had established that there was no significant likelihood of removal in the
23 reasonably foreseeable future based in part on his past success in proceedings before both the IJ and
24 the BIA. In both venues, he received a determination that he was entitled to relief from removal.

25       Respondents argue Petitioner is not entitled to habeas relief based on these cases because: (1)
26 Tijani and Nadarajah only apply to mandatory detention pending prolonged administrative removal;
27 (2) Petitioner's detention is voluntary; or because (3) Petitioner's removal is reasonably foreseeable.
28 //

**a.  Are the <u>Tijani</u> and <u>Nadarajah</u> Precedents Applicable?**

As an initial matter, Respondents argue the Ninth Circuit's decisions in <u>Tijani</u> and <u>Nadarajah</u> do not apply to the case at hand because those decisions apply only to mandatory detention under section 1226(c) pending prolonged administrative removal proceedings whereas Petitioner is held pursuant to section 1226(a), under which detention is discretionary.

The Court disagrees and finds Ninth Circuit precedent interpreting the authorization contained in the related mandatory detention provision, 8 U.S.C. § 1226(c), is applicable to the current controversy. Respondents cite no evidence based on either the text or the legislative history of these provisions which would lead to the conclusion that section 1226(a) authorizes detention beyond that authorized by section 1226(c). The <u>Tijani</u> court characterized the authority conferred by section 1226(c) as the period of time necessary for the "expedited removal" of aliens. See <u>Tijani</u>, 430 F.3d at 1242. This Court finds detention authority under section 1226(a) is similarly limited. Further, the Court finds the <u>Nadarajah</u> court's conclusion that "the general immigration detention statutes do not authorize . . . indefinite [incarceration]" equally applicable in characterizing both sections 1226(a) and 1226(c). Like section 1226(c), the Court finds detention under section 1226(a) is only authorized for a "reasonable period" and only if there is a "significant likelihood of removal in the reasonably foreseeable future" <u>Nadarajah</u>, 443 F.3d at 1079-80.

**b.  Is Petitioner's Detention Voluntary?**

Respondents next argue Petitioner may not seek habeas relief because his detention is voluntary since he sought and was granted a stay of the removal order. In support, they cite a recent unpublished opinion in which the Ninth Circuit rejected an alien's habeas petition by reasoning that the appellant's requested stay of removal pending appeal of his final removal order amounted to voluntary detention. See <u>Cruz-Ortiz v. Gonzales</u>, 221 F.App'x 531 (9th Cir. 2007) (unpublished). Respondents note a stay of the removal order is not essential to preserve Petitioner's ability to challenge the decision of the BIA. See <u>Zazueta-Carrillo v. Ashcroft</u>, 322 F.3d 1166, 1171 (9th Cir. 2003) ("IIRIRA . . . allows aliens to continue their cases from abroad.").

Petitioner calls Respondents' theory of voluntary detention absurd, arguing it is based on a false choice between detention and removal when release on supervision is a readily available option.

Petitioner further notes that aside from the unpublished opinion in Cruz-Ortiz, there is no legal authority in support of Respondents' theory.

### 1.     Analysis

As this Court has recently observed, the Ninth Circuit's decision in Tijani to grant habeas relief to the petitioning alien—as that alien was concurrently seeking Ninth Circuit review of his removal order—conveys an implicit rejection of the argument advanced by Respondents that an alien's detention becomes "voluntary" by virtue of that alien's filing of a petition for review. See Judulang v. Chertoff, -- F.Supp.2d ----, 2008 WL 410684, *3 (S.D. Cal. February 12, 2008) (Gonzalez, CJ.). The Court reiterates its agreement with those other district courts which have included time detained pending judicial review in assessing the reasonableness of a prolonged detention. See, e.g., Mustanich v. Gonzales, 2007 WL 2819732, *8 (S.D. Cal. Sept. 26, 2007) ("After reviewing the relevant case law, and particularly Tijani, the Court concludes that it can and must consider periods of detention which accrue pending judicial review in determining whether removal proceedings and detention pursuant to 8 U.S.C. § 1226(c) are expeditious and reasonable."); Martinez v. Gonzalez, 504 F.Supp.2d 887, 897 (C.D.Cal.2007) (rejecting argument time detained during judicial appeals does not count toward the reasonableness of a lengthy detention).

While the Court is sensitive to the possibility that a removable alien may engage in dilatory tactics in order to compel a determination that his detention was unreasonably long, Respondents have set forth no argument that Petitioner's appeal is frivolous.[1] Respondents acknowledge that, as part of Petitioner's application for relief under the Convention against Torture, Petitioner presented credible evidence that his treatment by the police in Fiji constituted torture. (See Respondent's Return, pg. 5.; see also Ex. G, Order of the IJ.)  In addition, the substantial period for which Petitioner's petition for review has been pending is some evidence that the claims therein are not frivolous.

//

//

---

[1] Respondents contend Petitioner has engaged in a bad faith refusal to complete necessary travel documents. The Court finds this issue to be a red herring. It is Petitioner's pending petition for review of his removal order and the related stay that prevents his immediate removal—not the lack of travel documents.

### c. Is Petitioner's Removal Reasonably Foreseeable?

While raising no argument that the length of Petitioner's detention thus far is "reasonable" under Nadarajah, Respondents argue that because judicial review of Petitioner's petition for review has a finite duration, Petitioner cannot establish that there is no significant likelihood of removal in the reasonably foreseeable future.

#### 1. Analysis

Respondents have detained Petitioner for nearly 40 months. The majority of this time, the past 24 months, has accrued during proceedings before the Court of Appeals for the Ninth Circuit. This Court cannot determine when the Court of Appeals might adjudicate Petitioner's petition for review and even if the Court of Appeals were to adjudicate the Petition, it is not clear that the order of the BIA would be affirmed as opposed to reversed and remanded. As the Supreme Court has observed, a court should consider that "as the period of . . . confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 533 U.S. at 701. Here, Petitioner has been in Respondents' custody for over 3 years. Under the circumstances, the Court concludes Petitioner has demonstrated no significant likelihood of removal in the reasonably foreseeable future. Cf. Mustanich v. Gonzales, 2007 WL 2819732 (S.D. Cal. Sep. 26, 2007). Respondents have failed to adequately rebut this showing.

### d. Conclusion

The Court concludes Petitioner's removal proceedings have not been "expeditious" and further finds that Petitioner's detention exceeds the "reasonable period" authorized by the statute. See Tijani, 430 F.3d at 1242 (authority conferred by § 1226(c) applies to expedited removal); Nadarajah, 443 F.3d at 1079-80 ("[D]etention must be for a reasonable period . . . ."). Because Respondents have not rebutted Petitioner's contention that his release is not reasonably foreseeable, Petitioner is entitled to habeas relief. See Nadarajah, 443 F.3d at 1079-80 (detention authorized under general detention statutes only if there is a "significant likelihood of removal in the reasonably foreseeable future.").

//
//
//

2. **Remedy**

Petitioner requests he be released from custody under the conditions of supervision set forth in 8 U.S.C. § 1231(a)(3), or, in the alternative, given a release hearing to evaluate his eligibility for supervision under appropriate conditions.

The Ninth Circuit in Tijani remanded the case to the district court:

> with directions to grant the writ unless the government within 60 days of this order provides a hearing to Tijani before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

430 F.3d at 1242. In Mustanich, Judge Hayes also found it appropriate to grant the petitioner a bail hearing before an Immigration Judge within ten days. 2007 WL 2819732 at *8. A bail hearing will give respondents an opportunity to assess whether petitioner's continued detention is justified.

## CONCLUSION

The Court hereby **GRANTS IN PART** the petition for writ of habeas corpus. Respondents are **ORDERED** to provide petitioner a hearing within thirty days of this order before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.

**IT IS SO ORDERED.**

**DATED: March 11, 2008**

*Irma E. Gonzalez*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**