```
 1  KAREN P. HEWITT
    United States Attorney
 2  RAVEN NORRIS
    Assistant U.S. Attorney
 3  California State Bar No. 232868
    Office of the U.S. Attorney
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-7157
    E-mail: Raven.Norris@usdoj.gov
 6
    Attorneys for Respondents
 7
 8              UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF CALIFORNIA
 9
                                    )
10  EPARAMA MAU                     )   Case No. 07CV2037-IEG (LSP)
                                    )
11            Petitioner,           )
                                    )   TABLE OF CONTENTS FOR EXHIBITS IN
12       v.                         )   SUPPORT OF GOVERNMENT'S
                                    )   OPPOSITION TO PETITIONER'S MOTION
13  MICHAEL CHERTOFF, Secretary of the )  TO AMEND/ALTER JUDGMENT AND
    Department of Homeland Security, et al., ) SUPPLEMENTAL MOTION TO
14                                  )   ALTER/AMEND JUDGMENT
              Respondents.          )
15  _____ )
16
17     Exhibits                                             Pages
18     Exhibit A:   Declaration of Kerri Harlin             22-25
19     Exhibit B:   Declaration of Raven M. Norris          26-28
20     Exhibit C:   E-Mail regarding Adverse Habeas Action  29-31
21     Exhibit D:   Order-06cv2623                          32-33
       Exhibit E:   Judgment                                34-35
22
23
24
25
26
27
28
```

# Exhibit A

07cv2037_00022

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPARAMA MAU, | Civil No. 07cv 2037 IEG (LSP) |
| Petitioner, | |
| v. | DECLARATION OF KERRI A. HARLIN |
| MICHAEL CHERTOFF, Secretary of the Department of Homeland Security et al., | |
| Respondents. | |

I, Kerri A. Harlin, declare and state as follows:

1.  I am a Senior Attorney working for Immigration and Customs Enforcement (ICE), United States Department of Homeland Security in San Diego, California. I have been employed in this position since September 15, 1997. My present duties include the prosecution and litigation of the United States' interest before the Immigration Court. This litigation includes presentation of evidence and argument at bond hearings and removal proceedings before an Immigration Judge ("IJ").

2.  I was the assigned counsel to the above named petitioner's bond hearing held before IJ Ipema on March 24, 2008 in accordance with the United States District Court Order on March 11, 2008. In preparation for the hearing, I reviewed Petitioner Eparama Mau's A-File for evidence indicating whether or not he presented a significant flight risk or danger to the community.

3.  At the start of the hearing, James Fife, counsel for Mr. Mau, requested that the bond hearing be recorded. The IJ stated bond hearings are not recorded, and the record for review is the written memorandum, which is prepared upon the filing of a Notice of Appeal with the Board of Immigration Appeals. The IJ also acknowledged receipt of the Memorandum of law filed by Mr. Fife. Mr. Fife did not provide a copy of the memorandum to the Government.

4.  In my representation of the Department of Homeland Security, I argued that Petitioner is not entitled to any bond because the nature and frequency of Mr. Mau's crimes as well as a lack of rehabilitation indicated Mr. Mau was a danger to the community. Specifically, I noted that Mr. Mau was convicted of two DUI's within one year of entry into the United States. Further, shortly after the initial two convictions and while on probation, Mr. Mau was convicted of another DUI with death or

serious bodily injury. I argued that Petitioner's multiple violations, which increased in severity, and his lack of rehabilitation supported the Government's determination that he is a danger to the community.

5. Additionally, I argued that Mr. Mau presented a significant flight risk because he is subject to a final order of removal and he has been denied all relief from removal. As such, I argued that if released from custody, Petitioner presents a significant flight risk because Petitioner may fear imminent removal and is unlikely to appear for removal if the Ninth Circuit denies his petition for review due to his stated aversion to returning to Fiji and his continuous refusal to complete travel documents. Finally, I argued that Petitioner was ordered removed on the basis that he violated his non-immigrant status by overstaying his visa and therefore is in the United States illegally. Accordingly, I argued that Petitioner presents an additional risk of flight because Petitioner has no relative in this country who can apply to adjust his status from a B-2 visitor non-immigrant visa.

6. Following my presentation, Mr. Fife argued first that the IJ did not have jurisdiction to conduct the bond hearing because Petitioner was subject to a final order of removal and that the bond hearing should be heard before a U.S. District Court Magistrate Judge. Mr. Fife then alternatively argued that the Government was prohibited from arguing that Petitioner presented a flight risk because ICE had not indicated Petitioner was a flight risk in his latest custody review. Moreover, Mr. Fife argued that Petitioner was not a danger to the community because his crimes were not crimes of violence. Mr. Fife also urged the IJ to use the regulatory criteria and factors for release in 8 C.F.R. § 241.4(e) & (f) used by ICE to determine whether an alien may be released and provided a chart discussing the regulatory criteria. Mr. Fife did not present a copy of the chart to the Government. Finally, Mr. Fife argued that Petitioner should be released under an Order of Supervision, and that no bond was necessary. Alternatively, Mr. Fife argued that the lowest possible bond should be imposed.

7. In rebuttal to Mr. Fife's arguments, I argued that the IJ had the authority to hold a bail hearing in compliance with the District Court's order. Moreover, I argued that the Government was not prohibited from arguing flight risk based on a prior ICE custody review because it is ICE policy to not reach the question of flight risk if the Officer conducting the custody review finds the detainee to be a danger to the community. This policy derives from BIA precedent, Matter of Drysdale, 20 I&N Dec. 815, 817 (BIA 1994). First, if the alien cannot demonstrate that he is not a danger to the community

upon consideration of the relevant factors, he should be detained in the custody of the Service. However, if an alien rebuts the presumption that he is a danger to the community, then the likelihood that he will abscond becomes relevant. To give the Petitioner a full and fair hearing on all the issues, I argued flight risk even though I believed the Petitioner to be a danger to the community.

8. The IJ, after considering the evidence presented at the hearing, issued a decision to order release upon payment of a bond. The IJ found that the Petitioner was not a well-adjusted member of this community as a result of his three convictions of Driving Under the Influence, including a Driving Under the influence involving death/bodily injury. The IJ determined that he had no authority to release Petitioner on an Order of Supervision without bond. Based on this assessment the Immigration Judge found Petitioner to be a danger to the community and set $100,000 bond with the further condition of a promise not to drive in the United States and for Petitioner to give up any driver's licenses he obtained in the United States.

9. Petitioner Mau reserved appeal through Mr. Fife and I waived appeal for the Government.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Signed this 10th day of April, 2008, in San Diego, California.

*KERRI A. HARLIN*

# Exhibit B

07cv2037_00026

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EPARAMA MAU, | Civil No. 07 cv 2037 IEG (LSP) |
| Petitioner, | |
| v. | DECLARATION OF RAVEN M. NORRIS |
| MICHAEL B. MUKASEY, United States Attorney General, et al., | |
| Respondents. | |

I, Raven M. Norris, declare and state as follows:

    1.    I am employed by the United States Attorney's Office, Southern District of California, as an Assistant United States Attorney. My current employment address is 880 Front Street, Room 6293, San Diego, California, 92101. I am the attorney assigned to the above-captioned matter.

    2.    On March 12, 2008, and upon entry of the District Court's order granting in part the habeas petition in the above matter, I notified Kerri A. Harlin, counsel for the Immigration and Customs Enforcement ("ICE") of the Court's order requiring a bail hearing for the Petitioner before an Immigration Judge ("IJ"). In accordance with this Court's order and on March 12, 2008, Ms. Harlin contacted the Immigration Court and scheduled a hearing with an IJ for March 24, 2008, the first available date. A true and correct copy of my correspondence notifying the agency of the District Court's order is attached as Ex. E.

    2.    On March 13, 2008, James Fife, Counsel for Petitioner, informed me that he intended to file a Motion to Amend/Alter Judgment and specifically he was seeking a bail hearing before a Magistrate Judge. Mr. Fife further informed me that he believed other districts in the Ninth Circuit, including the Central District of California, had ordered similar bail hearings for civil immigration detainees seeking habeas relief before Magistrate Judges.

    3.    Because Mr. Fife's request for relief in the form of a bail hearing before a Magistrate rather than Immigration Judge is an issue of first impression in this district and because Mr. Fife indicated that other districts may be conducting civil immigration bail hearings before Magistrate

Judges, I contacted several Assistant U.S. Attorneys from U.S. attorney's offices located in the Ninth Circuit and who are primarily responsible for handling civil immigration habeas matters to determine if such hearings were being conducted.

4. Specifically, I contacted Melanie L. Proctor, Assistant U.S. Attorney in the Northern District of California; Cynthia Parsons, Assistant U.S. Attorney in the District of Arizona; and Robby Montelone, Assistant U.S. Attorney in the Central District of California. All three Assistant U.S. Attorneys stated that they handle the majority of the civil immigration cases defended by the U.S. Attorney Offices in their respective districts. All three individuals stated that the district courts in their respective districts referred bail hearings for civil immigration detainees seeking habeas relief to the Immigration Judge. All three individuals also confirmed that to the best of their knowledge, a district court had never ordered or conducted a bail hearing for a civil immigration detainee in the context of a habeas petition seeking release from detention by the Immigration and Customs Enforcement.

5. Both Robby Montelone, Assistant U.S. Attorney in the Central District of California, and Cynthia Parsons, Assistant U.S. Attorney in the District of Arizona, stated that although habeas petitions in their districts are referred to Magistrates for disposition and issuance of a report and recommendation, the relief recommended by Magistrate Judges in the Central District of California and District of Arizona, if the petition is granted, is to order a bail hearing before an Immigration Judge or release of the petitioner. Magistrates do not themselves conduct bail hearings.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Signed this 14th day of April, 2008, in San Diego, California.

s/Raven M. Norris
RAVEN M. NORRIS

# Exhibit C

# Norris, Raven (USACAS)

| | |
|---|---|
| **From:** | Harlin, Kerri A [kerri.harlin@dhs.gov] |
| **Sent:** | Wednesday, March 12, 2008 8:48 AM |
| **To:** | Yamada, Ted Y; kerri harlin; Haroldsen, Kent D |
| **Cc:** | Nimick, Lockhart (EOIR); Cacavio, Anthony M; Norris, Raven (USACAS); Bettwy, Samuel (USACAS); Stahl, Thomas (USACAS); Kline, David (CIV); Juncaj, Gjon (CIV); Liebmann, Beth (EOIR); Martin Soblick; Orland, David M |
| **Subject:** | RE: ADVERSE HABEAS ACTION: 07cv 2037 -Mau (A 97 890 332) |
| **Importance:** | High |

All,

I scheduled the bond hearing here at CCA on 3/24/08 at 8am. I can handle because my scheduled cases don't begin until 8:30am that day. Tony, please arrange for the file to be DHL'd to me right away so I can have it for the hearing.

Thanks- Kerri

-----Original Message-----
**From:** Yamada, Ted Y [mailto:ted.yamada@dhs.gov]
**Sent:** Wednesday, March 12, 2008 7:51 AM
**To:** kerri harlin; Haroldsen, Kent D
**Cc:** Nimick, Lockhart (EOIR); Cacavio, Anthony M; Norris, Raven (USACAS); Bettwy, Samuel (USACAS); Stahl, Thomas (USACAS); Kline, David (CIV); Juncaj, Gjon (CIV); Liebmann, Beth (EOIR); Martin Soblick; Orland, David M
**Subject:** RE: ADVERSE HABEAS ACTION: 07cv 2037 -Mau (A 97 890 332)

Kerri, Doug,

Mau is being held at CCA. I spoke to DCC Anthony Cacavio and I agree that the bond hearing should be held at CCA instead of transporting Mau to ECC. See 8 C.F.R. 1003.19(c)(1)jurisdiction over detained alien. Please arrange for a bond hearing. The District Court's order is attached. Hearing must be held by April 11, 2008. The sooner the better.

Please keep me informed.

Thank you,

Ted

-----Original Message-----
**From:** Norris, Raven (USACAS) [mailto:Raven.Norris@usdoj.gov]
**Sent:** Tuesday, March 11, 2008 2:16 PM
**To:** Cacavio, Anthony M; kerri harlin; Liebmann, Beth (EOIR); Martin Soblick; Nimick, Lockhart (EOIR); Yamada, Ted Y; Haroldsen, Kent D
**Cc:** Bettwy, Samuel (USACAS); Stahl, Thomas (USACAS); Kline, David (CIV); Juncaj, Gjon (CIV)
**Subject:** ADVERSE HABEAS ACTION: 07cv 2037 -Mau (A 97 890 332)
**Importance:** High

Hi all-

Please be advised that the U.S. District Court granted the habeas corpus petition for the above petitioner on 3/11/08. I am attaching a copy of the decision.

1

The order requires ICE to provide petitioner a hearing within thirty days of the Court's order before an immigration judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community. I believe this means the hearing must be held by **April 11, 2008**. Please keep me advised as to when the hearing is actually held.

<<mau order.pdf>>

Raven M. Norris

Assistant U.S. Attorney

Southern District of California

880 Front Street, Suite 6293

San Diego, CA 92101

Office: (619) 557-7157

Fax: (619)557-5004

Raven.Norris@usdoj.gov

2

# Exhibit D

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GUEVARRA MACALMA,<br><br>　　　　　　　　Petitioner,<br>vs.<br>MICHAEL CHERTOFF, Secretary of<br>Homeland Security, et.al.,<br><br>　　　　　　　　Respondents. | CASE NO. 06CV2623 WQH (AJB)<br><br>ORDER |

Hayes, Judge:

On July 13, 2007, this Court granted Petitioner's motion (Doc. #24) for injunctive relief preventing the government from re-detaining petitioner without the benefit of a hearing as follows: Petitioner shall have thirty days from the date of the BIA's order to renew these habeas proceedings if the BIA orders that Petitioner must be detained, and Immigration and Customs Enforcement shall not take Petitioner into custody pending such thirty days or further order of this Court. On September 26, 2007, this Court granted Petitioner's Motion for Release under an Order of Supervision (Doc. #35). Petitioner continues on release.

IT IS HEREBY ORDERED that this action for a writ of habeas corpus shall be administratively closed by the Clerk of the Court.

IT IS FURTHER ORDERED that the order of July 13, 2007 (Doc. #27) shall remains in effect as follows: Petitioner shall have thirty days from the date of the BIA's order to reopen this habeas proceedings if the BIA orders that Petitioner must be detained, and Immigration and Customs Enforcement shall not take Petitioner into custody pending such thirty days or further order of this Court.

DATED: March 25, 2008

　　　　　　　　　　　　　　　　　　　　*William Q. Hayes*
　　　　　　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
　　　　　　　　　　　　　　　　　　　　United States District Judge

# Exhibit E

07cv2037_00034

Priority
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3
Scan Only

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT
JUL - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMAN KOTLIAR, | Case No. CV 07-00851-TJH (RNB) |
| Petitioner, | |
| vs. | JUDGMENT |
| GEORGE MOLINAR, et al., | |
| Respondents. | |

ENTERED
CLERK, U.S. DISTRICT COURT
JUL - 5 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                DEPUTY

Pursuant to the Order Adopting Findings, Conclusions and Recommendations of United States Magistrate Judge,

IT IS ADJUDGED that the Petition for Writ of Habeas Corpus is conditionally granted as follows: Unless the Government provides petitioner with a bond hearing within 30 days before an Immigration Judge with the power to release petitioner on bond unless the Government establishes that he is a flight risk or will be a danger to the community, petitioner shall be released from custody on conditions of supervision set by the immigration authorities in accordance with 8 U.S.C. § 1231(a)(3).

DATED: 6/25/07

Terry J. Hatter Jr.
TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

1